UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2004 DEC 29 A 9:18

U.S. DISTRICT COURT
DISTRICT OF MASS.

STEVEN BENOIT,
    Plaintiff

v.

CHARLES J. WEIS and
MAURA WEIS,
    Defendants

04-12718 RCL
Civil Action No.

RECEIPT # _____
AMOUNT $ 150.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. M.P.
DATE 12/29/04

MAGISTRATE JUDGE MBB

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

The plaintiff, Steven Benoit, brings this action against the defendants Charles and Maura Weis to recover One Hundred and Sixty-One Thousand Six Hundred and Thirty-Four Thousand ($161,634) Dollars (plus multiple damages and attorney's fees) pursuant to agreement between Steven Benoit and Mr. and Mrs. Weis whereby Steven Benoit agreed to construct Mr. and Mrs. Weis' home in Cumberland, Rhode Island.  Despite moving into the house after construction was completed, Mr. and Mrs. Weis, (after repeated demands) have refused to make full payment to Mr. Benoit for his services.

JURISDICTION

This Court has subject matter jurisdiction pursuant to 28 U.S.C. section 1332 (a)(1) (diversity jurisdiction).

PARTIES

1. The plaintiff, Steven Benoit ("Benoit"), is an individual residing at 8 Linden Road, East Sandwich, Massachusetts. Benoit does business under the name of S.L. Benoit.

2. The defendant, Charles J. Weis ("Weis"), is an individual residing at 6 Avalon Place, Cumberland, Rhode Island.

3. The defendant, Maura Weis, is an individual residing at 6 Avalon Place, Cumberland, Rhode Island.

FACTS

4. On March 13, 2000, Weis entered into a purchase and sale agreement with Fredrick Pesaturo to purchase a parcel of land in Cumberland, Rhode Island described as Lot #7 Avalon Place ("Avalon Place Property"). The closing on the Avalon Place Property was scheduled for May 1, 2000. Weis intended to build his home on the Avalon Place Property.

5. In March of 2000, Weis and Maura Weis hired Benoit to construct a home for them on the Avalon Place Property (the "Weis Home"). Weis and Maura Weiss also hired Benoit to act as the general contractor.

6. In March of 2000, Weis presented Benoit with blueprints for the construction of the Weis Home ("Initial Blueprints"). Based on the Initial Blueprints, Benoit agreed to construct the Weis Home for Two Hundred and Ninety-Three Thousand Six Hundred ($293,600) Dollars. Benoit told Weis that the Weis Home, based on the requirements of the Initial Blueprints, would be ready for occupancy on or about September 1, 2000. Weis and Maura Weis agreed to pay Benoit Two Hundred and Ninety-Three Thousand Six Hundred ($293,600) Dollars for the construction of the Weis Home based on the Initial Blueprints.

7. On or about April 23, 2000 (before construction of the Weis Home started) Weis presented Benoit with new blueprints for the construction of the Weis Home ("Second Blueprints"). The Second Blueprints were different in several material respects from the Initial Blueprints. For example, the Second Blueprints increased (1) the size of the Weis Home by at least 800 square feet, (2) the height of the Weis Home and (3) the number of bedrooms in the Weis Home. Based on the substantial changes contained in the Second Blueprints, Benoit told Weis and Maura Weis that the Weis Home would not be ready for occupancy on or about September 1st as originally expected. Instead, Benoit informed them that the Weis Home would not be finished until mid-October 2000 because of the substantial changes contained in the Second Blueprints.

8. Benoit also told Weis and Maura Weis that it would be more expensive for Benoit to construct the Weis Home based on the Second Blueprints. Weis and Maura Weis agreed to pay Benoit an additional Eighty Thousand ($80,000) Dollars or, a total of, Three Hundred and Seventy-Three Thousand Six Hundred ($373,600) to construct the Weis Home according to the Second Blueprints ("Agreement").

9. On April 24, 2000, Benoit, on behalf of Weis and Maura Weiss, submitted a building permit application to the Town Of Cumberland to obtain approval for the construction of the Weis Home.

10. Benoit hired the necessary sub-contractors to complete the construction of the Weis Home based on the Second Blueprints.

11. On May 1, 2000, the closing took place with respect to Weis' purchase of the Avalon Place Property pursuant to his purchase and sale agreement with Fredrick Pesaturo.

12. Some time in May of 2000, Weis and Maura Weis asked their architect (Michael J. Konosky Associates) to make some additional changes to the Second Blueprints. Benoit told Weis and Maura Weis that because of the changes to the Second Blueprints that the Weis Home would not be ready until some time in late October of 2000.

13. On or about June 1, 2000, the Town of Cumberland approved the building permit application.

14. Shortly after June 1, 2000, Benoit and the sub-contractors began the construction of the Weis Home.

15. In early September of 2000 (more than a month before Benoit agreed to finish the Weis Home) the Weis family moved into the fully finished lower level of the Weiss Home while Benoit and the sub-contractors finished the construction of the upper levels of the Weis Home.

16. The certificate of occupancy for the Weis Home was issued in October, 2000 and the Weis family was free to move into the upper levels of the Weis Home.

17. Weis and Maura Weis have occupied the Weis Home since its construction.

18. On or about January 5, 2001, Benoit sent a letter to Weis outlining the remaining amounts due to Benoit under the Agreement.

19. Despite continually assuring Benoit that they intended to pay him in full pursuant to the Agreement, in or around early March of 2001, Weis and Maura Weis finally informed Benoit that they did not intend to pay Benoit the outstanding balance owed to him pursuant to the Agreement.

20. From May through September, 2000, Weis and Maura Weis paid Benoit only $211,966 of $373,600 total contract price to build the Weis Home.

21. As of today, Weis and Maura Weis owe Benoit One Hundred and Sixty-One Thousand Six Hundred and Thirty-Four Thousand ($161,634) Dollars pursuant to the Agreement.

## COUNT I
## BREACH OF CONTRACT
## BENOIT V. CHARLES AND MAURA WEIS

22. Paragraphs 1 through 21 are re-alleged and incorporated herein.

23. Pursuant to the Agreement, Weis and Maura Weis agreed to pay Benoit $373,600 for the construction of the Weis Home.

24. Weis and Maura Weis breached the Agreement because they did not make full payment to Benoit for his work related to the construction of the Weis Home.

25. As a result of the above, Benoit has sustained damages including attorneys' fees, interest, and costs.

## COUNT II
## QUANTUM MERUIT
## BENOIT V. CHARLES AND MAURA WEIS

26. Paragraphs 1 through 25 are re-alleged and incorporated herein.

27. Benoit performed services for Weis and Maura Weis and, as a result, Weis and Maura Weis were enriched.

28. Neither Weis nor Maura Weis ever made full payment to Benoit for the services performed by him.

29. Accordingly, Weis and Maura Weis have been unjustly enriched.

30. As a result, Benoit has sustained damages including attorneys' fees, interest, and costs.

COUNT III
INTENTIONAL MISREPRESENTATION
<u>BENOIT V. CHARLES AND MAURA WEIS</u>

31. Paragraphs 1 through 30 are re-alleged and incorporated herein.

32. Weis and Maura Weis intentionally misrepresented to Benoit that they would make full payment to Benoit for the purpose of inducing Benoit to perform services under the Agreement.

33. Weis and Maura Weis made such misrepresentations intentionally knowing that they would not, or could not, make such payments to Benoit as promised.

34. Benoit relied on such misrepresentations to his detriment.

35. As a result, Benoit has sustained damages including attorneys' fees, interest, and costs.

## DEMAND FOR JURY TRIAL

The plaintiff, Steven Benoit, demands a trial by jury as to all triable issues.

                                STEVEN BENOIT

                                By his attorney,

Dated: December 23, 2004

Ronald W. Dunbar, Jr., BBO#567023
William R. Bagley Jr. BBO#644575
DUNBAR & RODMAN LLP
One Gateway Center - Suite 405
Newton, MA 02458
(617)244-3550

10

◆JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Steven Benoit

**DEFENDANTS**
Charles J. Weis and Maura Weis

(b) County of Residence of First Listed Plaintiff **Barnstable**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

04-12718 RCL

(c) Attorney's (Firm Name, Address, and Telephone Number)
Ronald W. Dunbar, Jr.
William R. Bagley Jr.   617-244-3550
Dunbar & Rodman LLP
1 Gateway Ctr. - 405, Newton, MA 02458

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug |  | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability / ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & Product Liability | ☐ 630 Liquor Laws |  | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander / ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ Medicare Act | ☐ 330 Federal Employers' Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product / ☐ 370 Other Fraud | ☐ 690 Other |  | Exchange |
| ☐ 153 Recovery of Overpayment | Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal |  |  | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☒ 190 Other Contract | Product Liability / ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
|  |  |  | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
|  |  | ☐ 730 Labor/Mgmt.Reporting |  | Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate & Disclosure Act |  | ☐ 900 Appeal of Fee |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | **FEDERAL TAX SUITS** | Determination Under Equal Access to |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | ☐ 870 Taxes (U.S. Plaintiff | Justice |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act or Defendant) |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other |  | State Statutes |
|  |  | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. | ☐ 890 Other Statutory Actions |
|  |  | ☐ 555 Prison Condition | Security Act ☐ 871 IRS—Third Party 26 USC 7609 |  |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. 1332(a)(1)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** 161,634.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 12-28-04
SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Benoit v. Weis__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   __None__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☐   NO ☒

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☒    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Ronald W. Dunbar, Jr. and William R. Bagley Jr.__
ADDRESS __Dunbar & Rodman LLP, One Gateway Ctr. Ste. 405, Newton, MA 02458__
TELEPHONE NO. __617-244-3550__

(Coversheetlocal.wpd - 10/17/02)