UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEVEN BENOIT | ) |
| Plaintiff | ) |
| v. | ) Civil Action No. 04-12718-RCL |
| CHARLES J. WEIS and MAURA WEIS | ) |
| Defendants | ) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND FOR SANCTIONS

### I. INTRODUCTION

Defendants, Charles J. Weis and Maura Weis, (sometimes hereafter referred to as "the Weises"), submit this memorandum in support of their motion to dismiss Plaintiff Steven Benoit's ("Benoit" or "Plaintiff") claims against them (1) under Rule 12(b)(1) for lack of subject-matter jurisdiction because Benoit lacks standing to bring his claims; or (2) in the alternative, under Rule 12(b)(6) because Benoit has failed to state a claim against them upon which relief can be granted.

### II. BACKGROUND

On December 28, 2004, Charles and Maura Weis were named as defendants in a U.S. District Court suit filed by Steven Benoit[1] in the District of Massachusetts. Benoit as an individual alleges that the Weises owe him money for a house he partially built for them in

---

[1] Although Benoit's court filings use alternate spellings of his first name, his address is consistently listed as 8 Linden Road, East Sandwich, Massachusetts.

Cumberland, Rhode Island. Benoit is seeking more than $161,000.00 for money due, allegedly, for the partial construction of a home for Mr. and Mrs. Weis between April of 2000 and September of 2000. Mr. and Mrs. Weis emphatically deny that they owe Mr. Benoit any money for any work performed by Mr. Benoit for the construction of their property at 6 Avalon Place, Cumberland, Rhode Island.

## III. PERTINENT FACTS

A factual recitation of the history of this case is necessary. In February of 2000, Charlie Weis accepted a position as Offensive Coordinator for the New England Patriots Football Club. At the time, Mr. Weis and his wife, Maura, were residing in New Jersey, with their two children, as Mr. Weis had just completed a coaching position with the New York Jets for the 1999 football season.

When Mr. Weis arrived in New England in early 2000, he began looking for a place for his family to live. After some searching, he found a house lot in Cumberland, Rhode Island. Charlie also spoke to Benoit at approximately this same time about constructing a home for the Weis family on this lot. During their discussions, Mr. Weis made it clear to Benoit that the house had to be completed by the conclusion of the Patriots training camp at the end of August of 2000. Weis explained that his wife was working with a real estate broker to sell their house in New Jersey and it was necessary for the family to be settled in Rhode Island by the beginning of the school year. The Weises have two children, both were under 10 years of age at the time. Benoit assured Mr. Weis that he would have the house completed by that date. The Weis's sold their house in New Jersey and set the closing date to coincide with the family's move to Cumberland.

While Mr. Weis was busy coaching the New England offense, Mr. Benoit apparently was busy doing things other than working on the construction of the house in Cumberland. It was

2

clear by mid-August that the house was no where near completion. Benoit then informed Mr.
Weis that he would have the house completed by the end of September. In reliance on that
promise, the Weis family moved into a suite of rooms at a Foxboro hotel. During their stay at the
hotel, Maura Weis drove the children to school in Cumberland from Foxboro.

After approximately a month's time, Benoit had still not completed the house. Now he
had a new proposal. He told the Weises that he would finish the basement and they could move
in there and he would finish the remainder of the house quickly. After moving the family into
three rooms in the basement, it became clear to the Weises that Benoit and his crew were only
working on the house sporadically and would not finish the house any time soon. After a month
of dwelling in the basement, the Weises realized that Mr. Benoit was simply not going to
complete the house as he had promised and they were forced to buy another house in
Cumberland and moved into that residence.

About this time, Mr. Weis contacted legal counsel. His attorneys then negotiated with
Mr. Benoit, in good faith. Benoit agreed to either sell the house under construction to another
buyer by December 1, 2000, in the alternative, or to buy the house, outright, from the Weises for
$510,000. In a document signed by Benoit on October 12, 2000, Benoit agreed to finish the
house at 6 Avalon Place in Cumberland. He further specifically agreed and warranted that:

> No monies are presently due and owing to any party, including Riverton
> (Benoit's construction company), in connection with the construction of the
> premises. Riverton will complete the construction of the Premises in a timely and
> workmanlike manner utilizing the same construction techniques and quality of
> material previously used in the construction. Riverton agrees and warrants to
> Charles Weis that Riverton will complete the construction of the premises at no
> cost to Charles Weis. Riverton agrees with and warrants to Charles Weis that it
> will not place, cause to be placed, or allow any mechanic's lien or materialman's
> lien to be placed on or against the Premises. Riverton warrants that it will be
> solely responsible for any costs associated with completing the construction on
> the Premises.

3

The addendum to the agreement containing Benoit's warranties specifically survived any breach of contract by Riverton to buy the house.

Needless to say, Benoit did not complete construction of the premises; did not market or sell the property to a third party; and did not buy the house from the Weises; and, allowed a lien to be placed on the house by General Builders Supply in the amount of $44,187.29 for lumber supplied to the project but never paid for by Benoit. Further liens were then filed against the property by other sub-contractors that Benoit had not paid for sheet rock and for electrical supplies.

The Weises were then sued in Providence Superior Court by General Builder's Supply on February 20, 2001 (C.A. No. PC01-0840). The Weises countersued Riverton Development Corporation and Stephen Benoit for failing to complete the Purchase and Sale Agreement and complete construction of the house and pay his obligations to the businesses that had placed liens against the Weis' home. Charlie Weis resolved all of the outstanding bills owed to the subcontractors and suppliers out of his own pocket, even though he had previously provided Benoit with funds from a construction loan to pay for these expenses. Charlie then hired a local, reputable contractor to complete the construction of the house and paid that builder. All during this time, the Weises were making two separate mortgage payments: (1) for the house being built, and (2) for the other house they were living in in Cumberland.

Once the house was finally completed, in 2001, the Weises had to make a decision to either sell the new house or sell the house they were living in. They received a solid offer to purchase the house that they were living in, accepted it, closed on it, and moved to their new home.

4

The Weises believed this series of unfortunate events was over in 2001. As far as they were concerned, they had paid Mr. Benoit more than he was entitled to and actually had expended further sums of money to clean up the mess left by Benoit and Riverton and to complete construction of the house. The Weises have lived continuously in the house in Rhode Island from 2001 to the present and Mr. Benoit made no claim against the Weises or the property during that time. Certainly, any reasonable person must question what has motivated Benoit to file this complaint now – just after Charlie Weis was hired for a very prestigious coaching position.  The facts are that the Weises were victimized by an unscrupulous contractor who consistently failed to live up to his obligations. They have paid Benoit more than he is entitled to.

### Benoit's Bankruptcy Filings

Stephen L. Benoit filed a voluntary petition in the Bankruptcy Court for the District of Massachusetts, under Chapter 7 of the U.S. Bankruptcy Code, on January 7, 2003.  Benoit is apparently no stranger to proceedings and procedures in the Bankruptcy Court.  He had previously filed a voluntary Chapter 13 petition (bankruptcy petition no. 94-11997) back in March of 1994 (See Docket Text attached as Exhibit A).  A creditor objected to the confirmation of Benoit's 1994 plan.  The Chapter 13 Trustee moved to dismiss the case and the Trustee's motion to dismiss was granted, with prejudice, pursuant to 11 U.S.C. §109(g).

In August of 2002 Benoit filed a voluntary Chapter 7 petition (bankruptcy petition no. 02-15676) See Docket Text and Petition attached as Exhibit B).  In that petition, he did list Mr. and Mrs. Weis as potential creditors of the estate.  He also listed his alleged claim against them as a potential asset of the estate under category 15, accounts receivable. Benoit noted that he had an alleged claim for $165,000, described as "Charles Weis renovation".  The 2002 petition,

however, was dismissed by the Bankruptcy Court in September of 2002 for failure to file a matrix.

Three months later, on January 7, 2003 Mr. Benoit filed the 2003 bankruptcy petition. (See Docket Text and Petition attached as Exhibit C). In November of 2003, the Trustee for Benoit's bankruptcy estate sought an order from the Bankruptcy Court denying Benoit's discharge because Benoit had failed to list creditors in his bankruptcy petition; failed to list debts in his bankruptcy petition; failed to describe or note a repossession of assets in his Statement of Affairs; failed to list assets in Schedule B of his petition; and failed to truthfully answer and adequately explain his assets and liabilities at his 341(a) hearing.  (See Docket Text and Complaint attached as Exhibit D).In March of 2004, the Bankruptcy Court entered an Order denying Benoit's discharge.  (See Order attached as Exhibit E). The trustee has also brought an adversary proceeding against one of Benoit's partners in a real estate trust in Massachusetts for pre- and post-petition transfers of estate assets.  (See Complaint attached as Exhibit F).

Despite having the Court deny a discharge of his debts for his failure to completely and truthfully schedule and disclose all of his assets and liabilities, Benoit, on December 28, 2004, filed this claim against Mr. and Mrs. Weis. Benoit's gall, under these circumstances, is unmitigated.  The circumstances indicate that he, personally, initiated a claim which he knew (if it had any merit) was legally owned by the estate and which he had a legal duty to disclose to the Trustee and the Court. It appears that Benoit felt he might score some quick nuisance settlement cash by filing suit against Charlie Weis and by trying to embarrass him publicly.  For the following reasons, the Complaint should be dismissed with prejudice, and the defendants awarded sanctions and their costs, including attorney fees.

## IV. ARGUMENT

### A.    THE CLAIMS SHOULD BE DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION BECAUSE BENOIT LACKS STANDING TO BRING HIS CLAIMS.

**Legal Standard**

The First Circuit has yet to definitively determine whether motions to dismiss for lack of standing should be analyzed under a Rule 12(b)(1) standard or a Rule 12(b)(6) standard. *See Steir v. Girl Scouts of the USA*, 383 F.3d 7, 15 n. 9 (1st Cir. 2004). However, the Court has indicated that Rule 12(b)(1) is the more appropriate avenue for adjudicating standing issues. *See United States v. AVX Corp.*, 962 F.2d 108, 114 n. 6 (1st Cir. 1992) (considering standing argument pursuant to Rule 12(b)(6), as parties did, but recognizing "that Rule 12(b)(1) arguably provides a closer analogy"). *See also Lecrenski Bros. Inc. v. Johnson*, 312 F. Supp. 2d 117, 120 n.2 (D. Mass. 2004) (recognizing same). *Accord Colorado Environmental Coalition v. Wenker*, 353 F.3d 1221 (10th Cir. 2004) (choosing to treat appeal as seeking review of a Rule 12(b)(1) dismissal because the grounds cited by the district court, including standing, were jurisdictional); *Coalition for Underground Expansion v. Minetta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (analyzing standing issue under Rule 12(b)(1)); *Faibisch v. University of Minnesota*, 304 F.3d 797, 801 (8th Cir. 2002) ("We have held, however, that if a plaintiff lacks standing, the district court has no subject matter jurisdiction. Therefore, a standing argument implicates Rule 12(b)(1).") (citation omitted). Therefore, Defendants will address the issue pursuant to Rule 12(b)(1).

On a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the court may look to supplemental materials in addition to pleadings. *See Gonzalez v. United States*, 284 F.3d 281, 288 (1st Cir. 2002); *Heinrich v. Sweet*, 44 F. Supp. 2d 408, 412 (D. Mass.

7

1999). This is so because "Rule 12(b)(1) presents a threshold challenge to the court's jurisdiction," and therefore, "the judiciary may make appropriate inquiry beyond the pleadings to satisfy itself on authority to entertain the case." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987) (internal quotations omitted); *see also Coalition for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) ("Although 'the District Court may in appropriate cases dispose of a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) on the complaint standing alone,' 'where necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'") (quoting *Herbert v. National Academy of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992)).

"Standing is a threshold question in every case before a federal court." *McMichael v. County of Napa*, 709 F.2d 1268, 1269 (9th Cir 1983). Article III, § 2 of the U.S. Constitution limits the jurisdiction of federal courts to actual "cases" or "controversies." Accordingly, to establish standing under the Constitution, a plaintiff must demonstrate: (1) an "injury in fact" that is concrete and not conjectural; (2) a causal connection between the injury and the defendant's alleged conduct; and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). In addition to these constitutional requirements, certain prudential limitations may also play a role. *See Central Arizona Water Conservation Dist. v. United States Envtl. Protection Agency*, 990 F.2d 1531, 1538 (9th Cir.), *cert. denied*, 510 U.S. 828 (1993)). The prudential limitations recognized by courts require a plaintiff to (1) assert *his own* rights, rather than rely on the rights or interests of third parties; (2) allege an injury that is more than a generalized grievance; and (3) allege an interest that is arguably within the zone of interests protected or regulated by the statute or constitutional

guarantee in question. *See Hong Kong Supermarket v. Kizer*, 830 F.2d 1078, 1081 (9th Cir. 1987); *Benjamin v. Aroostook Medical Center, Inc.*, 57 F.3d 101 (1st Cir. 1995); *Libertad v. Welch,* 53 F.3d 428, 436 (1st Cir. 1995); *Conservation Law Foundation of New England*, 950 F.2d 38 (1st Cir. 1991).

The burden of alleging facts necessary to establish standing falls upon the party seeking to invoke the jurisdiction of the federal court. *See Warth v. Seldin*, 422 U.S. 490, 518, 95 S.Ct. 2197, 2215, 45 L.Ed.2d 343 (1975); *United States v. AVX Corp.*, 962 F.2d 108, 114 (1st Cir. 1992); *Holly Sugar Corp. v. Veneman*, 335 F. Supp. 2d 100, 104 (D.D.C. 2004) ("The plaintiff bears the burden of persuasion to establish subject matter jurisdiction by a preponderance of the evidence.") (quotation and citation omitted).

### Benoit Lacks Standing

Here, Stephen L. Benoit filed a voluntary petition, under Chapter 7 of the Bankruptcy Code, on January 7, 2003. Without addressing the Weis' denial of Benoit's claims, Benoit simply does not have any legal standing to bring this action against the Weises. Any claims for monies allegedly owed for the house construction of the Weis' home would clearly be the property of the Chapter 7 estate, at the time Benoit filed his bankruptcy petition in January of 2003. *See* 11 U.S.C. § 541(a); *Wood v. Premier Capital*, 291 B.R. 219, 224 (1st Cir. BAP 2003) (property of bankruptcy estate includes all potential causes of action that exist at the time petitioner files for bankruptcy). By operation of statute, assets that Benoit failed to schedule remained the bankruptcy estate's property. See 11 U.S.C. § 554. Thus, the fact that Benoit failed to list his claim against the Weises does not alter the fundamental indisputable fact that the claim belonged exclusively to the bankruptcy estate. *See id. See also Carlock v. Pillsbury Co.*, 719 F. Supp. 791, 856 (D. Min. 1989) ("A cause of action is a property right which passes to the Trustee

9

in bankruptcy even if such cause of action is not included in schedules filed with the bankruptcy court."). Furthermore, since the suit claiming monies owed to Benoit for the house construction was never scheduled as an asset it legally could not have been abandoned by the Chapter 7 Trustee. *See* 11 U.S.C. §554(d); *United States v. Grant*, 971 F.2d 799, 803 n.4 (1st Cir. 1992) (*en banc*) (abandonment by Trustee "does not relinquish an undisclosed interest in property"). Because causes of action are property of the bankruptcy estate, the Trustee has exclusive standing to assert such claims. *See, e.g., Schertz-Cibolo-Universal City, Indep. School Dist. v. Wright (In re Educators Group Health Trust)*, 25 F.3d 1281, 1284 (5th Cir. 1994).

On January 7, 2003, Benoit filed a voluntary petition, under Chapter 7 of the Bankruptcy Code. From that time forward, Benoit did not have any legal standing to bring this action against the Weises. Any claims for monies allegedly owed for the Weis' house construction would be the property of the Chapter 7 estate at the time Benoit filed his bankruptcy petition, and standing to assert such claim would lie exclusively with the bankruptcy Trustee. Benoit cannot recover from these Defendants under any set of circumstances. He is not entitled to relief from this Court. His claims must fail as a matter of law. Because Benoit lacks standing, the complaint must be dismissed.

## B.    SANCTIONS SHOULD BE IMPOSED ON BENOIT AND/OR HIS COUNSEL.

A district court may award attorney's fees as a sanction against a party who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). To invoke this exception under a claim of "vexatious" conduct, the moving party must demonstrate that the losing party's actions were "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Local 285 v. Nonotuck Resource Assocs.*, 64 F.3d 735, 737 (1st Cir. 1995).

10

Similarly, 28 U.S.C. § 1927 provides that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The statute "authorizes a court to assess fees against an attorney for 'unreasonable and vexatious' multiplication of litigation despite the absence of any conscious impropriety." *Jones v. Continental Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986). Counsel's conduct is judged from an objective standard, and sanctions may be imposed whether or not the attorney intends to harass or annoy, or acts in bad faith. *See McClane, Graf, Raulerson & Middleton, P.A. v. Rechberger*, 280 F.3d 26, 42 (1st Cir. 2002). *See also Ridder v. City of Springfield*, 109 F.3d 288 (6th Cir. 1997) ("Fees may be assessed without a finding of bad faith."). A district court has broad discretion in imposing sanctions. *See Rechberger*, 280 F.3d at 42.

Defendants submit that the Plaintiff and/or his counsel, should be required to pay the costs incurred by the Weises, including attorneys' fees, in responding to the Complaint, as a sanction. Given the history, Defendants submit Benoit acted in bad faith in commencing the present action. At a minimum, the filing of the Complaint was objectively unreasonable conduct on the part of Benoit and/or his counsel. As a result of such conduct, the Weises have incurred considerable attorney's fees and costs, which should be paid by the person or persons responsible for bringing the present action.

## V. CONCLUSION

For the reasons stated above, Plaintiff's claims against the Weises should be

11

dismissed in their entirety, with prejudice, for lack of subject-matter jurisdiction, and the Weises

should be awarded the expenses incurred in responding to the Complaint, including reasonable

attorney's fees.

Respectfully submitted,

DEFENDANTS,
By their attorneys,

HOLLAND & KNIGHT LLP

William P. Devereaux, Esq. (BBO No. 122220)
Stephen A. Izzi, Esq. (BBO No. 547488)
Robert J. Crohan Jr., Esq. (BBO No. 652965)
One Financial Plaza, Suite 1800
Providence, RI 02865
(401) 751-8500
(401) 553-6850 (Fax)

Date: February 4, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of February, 2005, a true copy of the above document
was served by first class mail, postage pre-paid, upon the following:

Ronald W. Dunbar, Jr., Esq.
William R. Bagley Jr., Esq.
DUNBAR & RODMAN LLP
One Gateway Center – Suite 405
Newton, MA 02458

Stephen A. Izzi

# 2591816_v3

12

DISMISSED

# United States Bankruptcy Court
## District of Massachusetts (Boston)
### Bankruptcy Petition #: 94-11997

*Assigned to:* Judge William C. Hillman
Chapter 13
Voluntary
Asset

*Date Filed:* 03/28/1994
*Date Terminated:*
08/01/1994

**Stephen L Benoit**
8 Linden Road
E. Sandwich, MA 02703
SSN: xxx-xx-5750
*Debtor*

represented by **Louis F. Cerrone**
120 North Main St.
Suite 201
Attleboro, MA 02703
(508) 226-1040

**James M. Lynch**
P.O. Box 8250
Boston, MA 02114-0033
(617) 523-0728
*Trustee*

| Filing Date | # | Docket Text |
|---|---|---|
| 03/28/1994 | 1 | Voluntary Chapter 13 Petition ( Filing Fee $ 130 Rcpt # 324658) missing documents: All Schedules a-j Statement of Financial Affairs Disclosure of Aty Compensation ( Notice Fee $ 30) Due on 4:00 4/12/94 Chapter 13 Plan due on 4:00 4/12/94 (elh) (Entered: 03/28/1994) |
| 03/28/1994 | 2 | Order to Update Petition. Incomplete Filing; missing documents: All Schedules a-j Statement of Financial Affairs Disclosure of Aty Compensation Chapter 13 Plan ; Missing Documents Due 4:00 4/12/94 (elh) (Entered: 03/28/1994) |
| 03/28/1994 | | Matrix. (elh) (Entered: 03/28/1994) |
| 04/11/1994 | 7 | Motion By Debtor Stephen L Benoit To extend Time To File Chap. 13 Plan and Schedules . (dfm) (Entered: 04/14/1994) |
| 04/12/1994 | 3 | Schedules A through J. (chy) (Entered: 04/13/1994) |
| 04/12/1994 | 4 | Statement of Financial Affairs. (chy) (Entered: 04/13/1994) |

| 04/12/1994 | 5 | Disclosure of Compensation By Attorney For Debtor In the Amount of $ 750.00. (chy) (Entered: 04/13/1994) |
|---|---|---|
| 04/12/1994 | 6 | Statement of Intent. (chy) (Entered: 04/13/1994) |
| 04/15/1994 | | FEENEY, J. Endorsement Order [7-1] Motion To extend Time To File Chap. 13 Plan and Schedules by Stephen L Benoit. MOTION ALLOWED IN PART. TIME FOR FILING OF PLAN AND SCHEDULES IS EXTENDED TO APRIL 27, 1994. Entered on 4/15/94 (dfm) (Entered: 04/15/1994) |
| 04/16/1994 | | Case Reassigned. Involvement of Judge Joan N. Feeney Terminated. Judge William Hillman in 94-11997 Assigned. (admn) (Entered: 04/16/1994) |
| 04/28/1994 | 8 | Chapter 13 Plan. (dfm) (Entered: 05/02/1994) |
| 05/03/1994 | | First Meeting of Creditors sch For 9:30 6/1/94 At 200 Portland Street Confirmation Hearing Set For 9:30 6/1/94 At 200 Portland Street ;Proofs of Claim due on 4:00 8/30/94 (elh) (Entered: 05/03/1994) |
| 05/04/1994 | 10 | Notice of Appearance And Request For Service Of Notice By Lawrence J. Mullen for Creditor Foxborough Savings Bank. (dfm) (Entered: 05/11/1994) |
| 05/06/1994 | 9 | Courts Certificate of Mailing Re: [0-0] First Meeting # of notices: 14. (ras) (Entered: 05/06/1994) |
| 06/01/1994 | 11 | Objection By Creditor Mansfield Co-Operative Bank To Confirmation Of Plan. (mok) (Entered: 06/02/1994) |
| 06/01/1994 | | First Meeting not held On: 6/1/94 (mok) (Entered: 06/07/1994) |
| 06/03/1994 | | Hearing Re: [11-1] confirmation of plan Objection by Mansfield Co-Operative Bank set For 1:00 7/11/94 at Boston Courtroom 3 (mok) (Entered: 06/03/1994) |
| 06/09/1994 | 12 | Certificate Of Service By Howard D. Siegal for Creditor Mansfield Co-Operative Bank Of Notice of Hearing Scheduled on 7/11/94 at 1:00 p.m. [11-1] confirmation of plan Objection by Mansfield Co-Operative Bank. (mok) (Entered: 06/10/1994) |
| 06/10/1994 | 13 | Motion By Chapter 13 trustee To Dismiss Case . c/s (dms) (Entered: 06/13/1994) |
| | | |

| 06/13/1994 |    | Last day for Objections to [13-1] Motion To Dismiss Case due on 4:00 7/5/94 (dms) (Entered: 06/13/1994) |
|------------|----|--------------------------------------------------------------------------------------------------------|
| 07/11/1994 |    | Hearing Held on 7/11/94 at 1:00 p.m. Re: [11-1] confirmation of plan Objection by Mansfield Co-Operative Bank. See Order. (mok) (Entered: 07/11/1994) |
| 07/11/1994 | 14 | Hillman, J. Order Sustaining [11-1] confirmation of plan Objection by Mansfield Co-Operative Bank. TRUSTEE'S MOTION TO DISMISS IS GRANTED WITH PREJUDICE Entered on 7/11/94. (mok) (Entered: 07/11/1994) |
| 07/11/1994 | 15 | Hillman, J. Order Dismissing Case. TRUSTEE'S MOTION TO DISMISS GRANTED WITH PREJUDICE UNDER 11 USC s 109 (g) on 7/11/94. (mok) (Entered: 07/11/1994) |
| 07/12/1994 | 16 | Courts Certificate of Mailing Re: [15-1] To Dismiss Order # of notices: 17. (mok) (Entered: 07/12/1994) |
| 08/01/1994 |    | Case Closed. (mkp) (Entered: 08/01/1994) |
| 08/10/1994 | 17 | Final Report and Account and Motion for Final Decree. c/s. (bab) (Entered: 08/10/1994) |
| 08/11/1994 |    | Judge William C. Hillman Endorsement Order Granting [17-1] report Entered on 8.11.94 (mkp) (Entered: 08/15/1994) |

| PACER Service Center | | |
|----------------------|---|---|
| **Transaction Receipt** | | |
| 01/28/2005 16:53:24 | | |
| **PACER Login:** | mn0046 | **Client Code:** | 584424-00450 |
| **Description:** | Docket Report | **Search Criteria:** | 94-11997 Fil or Ent: Fil Doc From: 0 Doc To: 99999999 Links: n Format: HTMLfmt |
| **Billable Pages:** | 2 | **Cost:** | 0.14 |

**DISMISSED**

# United States Bankruptcy Court
## District of Massachusetts (Boston)
### Bankruptcy Petition #: 02-15676

*Assigned to:* Judge William C. Hillman
Chapter 7
Voluntary
No asset

*Date Filed:* 08/06/2002
*Date Terminated:*
09/20/2002
*Date Dismissed:* 08/28/2002

**Stephen L. Benoit**
PO Box 1364
Sandwich, MA 02563
SSN: xxx-xx-5750
*Debtor*
*aka*
**S. L. Benoit**

represented by **Stephen L. Benoit**
PRO SE

**Debora Casey**
97 Whiting Street
Hingham, MA 02043
781-749-8068
*Trustee*

| Filing Date | # | Docket Text |
|---|---|---|
| 08/06/2002 | 1 | Voluntary Chapter 7 Petition ( Filing Fee $ 20.00 Rcpt #485843 ) all schedules and statements. (kpm) (Entered: 08/06/2002) |
| 08/06/2002 | 2 | Certificate of Appointment and Acceptance of Trustee Debora Casey and Fixing of Bond. (kpm) (Entered: 08/06/2002) |
| 08/06/2002 | | First Meeting of Creditors scheduled For 2:00 9/23/02 At Brockton Federal Office Bldg. Last Day To Oppose Discharge: 4:30 11/22/02 Notice to be mailed within two weeks. (kpm) (Entered: 08/06/2002) |
| 08/06/2002 | 3 | Application By Debtor Stephen L. Benoit to Pay Filing Fee in Installments. ( Amount Paid: $ 20.00) and Order Granting [3-1] Application by Stephen L. Benoit ; First Installment Due 4:30 9/6/02 ; Second Installment Due 4:30 10/7/02 ; Final Installment Due 4:30 11/6/02 (kpm) (Entered: 08/06/2002) |
| 08/06/2002 | 4 | Order to Update Petition. Incomplete Filing; missing documents: ; Matrix Due 4:30 8/12/02 (kpm) (Entered: 08/06/2002) |
| | | |

| 08/28/2002 | 5 | Order Dismissing Case for failure to file a matrix (jmd) (Entered: 08/28/2002) |
|---|---|---|
| 08/28/2002 | 6 | Notice of Dismissal (jmd) (Entered: 08/28/2002) |
| 08/31/2002 | 7 | Courts Certificate of Mailing Re: To Dismiss Notice [6-1] (auto) (Entered: 08/31/2002) |
| 08/31/2002 | 8 | Imaged Certificate of Mailing. (auto) (Entered: 08/31/2002) |
| 09/12/2002 | 9 | Notice of Appearance And Request For Service Of Notice By Susan Jacobs for Creditor George Howarth. (mjt) (Entered: 09/13/2002) |
| 09/12/2002 | 10 | Motion By Creditor George Howarth For Relief from Automatic Stay (To Levy on the Execution for Possession prior to the Expiration of the Execution on Oct. 18, 2002 ) With Certificate of Service. (mjt) (Entered: 09/13/2002) |
| 09/17/2002 | | Endorsement Re: [10-1] Motion For Relief from Automatic Stay (To Levy on the Execution for Possession prior to the Expiration of the Execution on Oct. 18, 2002 ) by George Howarth. Moot. Entered on 9/17/02 (jmd) (Entered: 09/17/2002) |
| 09/20/2002 | | Case Closed. (jmd) (Entered: 09/20/2002) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/28/2005 17:07:50 | | |
| **PACER Login:** | mn0046 | **Client Code:** | 584424-00450 |
| **Description:** | Docket Report | **Search Criteria:** | 02-15676 Fil or Ent: Fil Doc From: 0 Doc To: 99999999 Links: n Format: HTMLfmt |
| **Billable Pages:** | 1 | **Cost:** | 0.07 |

FORM B1

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS WH(CH)

Voluntary Petition

| | |
|---|---|
| Name of debtor (if individual, enter Last, First, Middle):<br>BENOIT Stephen L. | Name of Joint Debtor (Spouse)(Last, First, Middle):<br>**02-15676** |
| All Other Names used by the Debtor in the last 6 years (include married, maiden, and trade names):<br>S. L BENOIT | All Other Names used by the Joint Debtor in the last 6 years (include married, maiden, and trade names): |
| Soc. Sec./Tax I.D. No. (if more than one, state all):<br>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<br>Phone 508-888-7510 | Soc. Sec./Tax I.D. No. (if more than one, state all):<br>INSTALLMENT FEES |
| Street Address of Debtor (No., St., City, State, & Zip Code):<br>8 Linden Rd<br>E. Sandwich MA 02537 | Street Address of Joint Debtor (No., St., City, State & Zip): |
| County of Residence or of the Principal Place of Business:<br>Barnstable | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>Po Box 1364 Sandwich MA 02563 | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor (if different from street address above) | |

## Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)
- ☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- ☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

**Type of Debtor** (Check all boxes that apply)
- ☒ Individual(s)          ☐ Railroad
- ☐ Corporation          ☐ Stockbroker
- ☐ Partnership          ☐ Commodity Broker
- ☒ Other

**Chapter or Section of Bankruptcy Code Under Which the Petition is filed** (Check one box)
- ☒ Chapter 7      ☐ Chapter 11      ☐ Chapter 13
- ☐ Chapter 9      ☐ Chapter 12
- ☐ Sec. 304 - Case ancillary to foreign proceeding

**Nature of Debts** (Check one box)
- ☒ Consumer/Non-Business      ☐ Business

**Filing Fee** (Check one box)
- ☒ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (Applicable to individuals only) Must attached signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3.

**Chapter 11 Small Business** (Check all boxes that apply)
- ☐ Debtor is a small business as defined in 11 U.S.C. § 101
- ☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional)

**Statistical/Administrative Information** (estimates only)
- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

FILED U.S. BANKRUPTCY COURT CLERK'S OFFICE DISTRICT OF MASS.

2002 SEP -6 P 4: 15

| Estimated Number of Creditors | 1-15 ☒ | 16-49 ☐ | 50-99 ☐ | 100-199 ☐ | 200-999 ☐ | 1000-over ☐ |
|---|---|---|---|---|---|---|

| Estimated Assets | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Debts | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Form Published by Law Print & Franklin Avenue, Car...

---

02-15676    Ch. 7    WCH
Tru: DEBORA CASEY
Mtg: 09-23-2002 Mon
Loc: BROCKT    Time: 2:00

**Voluntary Petition**
(This page must be completed and filed in every case.)

Name of Debtor(s):

FORM B1, Page 2

| | | |
|---|---|---|
| **Prior Bankruptcy Case Filed Within the last 6 Years** (If more than one, attach additional sheet.) | | |
| Location Where filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.)

Name of Debtor:

Case Number:

Date Filed:

District:

Relationship:

**02-15676**

Judge:

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct. [If the petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

I request relief in accordance with the chapter 7 of title 11, United States Code, specified in this petition.

X _Steph. Bean_

X _____

Telephone Number (If not represented by attorney)

Date

### Signature of Attorney

X _____

Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Exhibit A

(To be completed if the Debtor is required to file periodic reports (e.g., forms 10K and 10Q with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

[] Exhibit A is attached and made a part of this petition.

### Exhibit B

(To be completed if Debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter.

X _____
Date

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

[] Yes, and Exhibit C is attached and made part of this petition.
[X] No

### Signature of Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number

_____
Address

Name and Social Security Numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer        Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.

[Publisher's Note: This form is NOT intended to be used by nonattorney bankruptcy-petition preparers: Schedules do not contain all disclosures required for use by nonattorney bankruptcy-petition preparers. This form should NOT be used by nonattorney petition preparers]

In re:  , Debtor(s)          Case No:

## SCHEDULE A- REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers excercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H","W","J", or "C" in the third column labeled "Husband, Wife, Joint or Community." if the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a security interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C—Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSB. WIFE JOINT COM. | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  | 0.00 | TOTAL |

In re: , Debtor(s)    Case No:

## SCHEDULE B— PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C— Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G— Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| TYPE OF PROPERTY<br><br>Col A | NONE<br><br>Col B | DESCRIPTION AND LOCATION OF PROPERTY<br><br>Col. C | HUSB. WIFE JOINT COMM.<br>Col D | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTION OF ANY SECURED CLAIM OR EXEMPTION (Col F) |
|---|---|---|---|---|
| 1. Cash on hand. | 1b. 100 | 1c. | 1d. | 1 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | 2b. 300 | 2c. | 2d. | 2 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | 3b. 0 | 3c. | 3d. | 3 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | 4b. 3000 | 4c. Computer Stereo | 4d. | 4 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | 5b. 0 | 5c. | 5d. | 5 |
| 6. Wearing apparel. | 6b. 0 | 6c. | 6d. | 6 |
| 7. Furs and jewelry. | 7b. 0 | 7c. | 7d. | 7 |
| 8. Firearms and sports, photographic, and other hobby equipment. | 8b. 1100 | 8c. rfle | 8d. | 8 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | 9b. 0 | 9c. | 9d. | 9 |
| 10. Annuities. Itemize and name each issuer. | 10b. | 10c. | 10d. | 10 |

In re: , Debtor(s)        Case No:

| | | | | |
|---|---|---|---|---|
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | 11b. **0** | 11c. | 11d. | 11 |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | 12b. **0** | 12c. | 12d. | 12 |
| 13. Interests in partnerships or joint ventures. Itemize. | 13b. **0** | 13c. | 13d. | 13 |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | 14b. **0** | 14c. | 14d. | 14 |
| 15. Accounts receivable. | 15b. **65.** | 15c. *Charle WeRS ranovation* | 15d. | 15 |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | 16b. **0** | 16c. | 16d. | 16 |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | 17b. **0** | 17c. | 17d. | 17 |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | 18b. **0** | 18c. | 18d. | 18 |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | 19b. | 19c. | 19d. | 19 |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | 20b. | 20c. | 20d. | 20 |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | 21b. | 21c. | 21d. | 21 |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | 22b. | 22c. *Builder Licen...* | 22d. | 22 |
| 23. Automobiles, trucks, trailers and other vehicles and accessories. | 23b **24K** | 23c. *Vulcan GMC 3500.* | 23d. | 23 |
| 24. Boats, motors, and accessories. | 24b. **0** | 24c. | 24d. | 24 |
| 25. Aircraft and accessories. | 25b. **0** | 25c. | 25d. | 25 |
| 26. Office equipment, furnishings, and supplies. | 26b. **0** | 26c. | 26d. | 26 |
| 27. Machinery, fixtures, equipment, and supplies used in business. | 27b **1200** | 27c. *computer vorio's Computer + cabs.* | 27d. | 27 |
| 28. Inventory. | 28b. **0** | 28c. | 28d. | 28 |
| 29. Animals. | 29b. **0** | 29c. | 29d. | 29 |

In re:  , Debtor(s)        Case No:

| | | | | | |
|---|---|---|---|---|---|
| 30. Crops— growing or harvested. give particulars. | 30b. | 30c. | | 30d. | 30 |
| 31. Farming equipment and implements. | 31b. | 31c. | | 31d. | 31 |
| 32. Farm supplies, chemicals, and feed. | 32b. | 32c. | | 32d. | 32 |
| 33. Other personal property of any kind not already listed.  Itemize. | 33b. | 33c. | | 33d. | 33 |

___ continuation sheets attached                Total | $ | 0.00

Include amounts from any continuation sheets attached.
Report also on Summary of Schedules.

In re:    Debtor(s)    Case No:

## SCHEDULE C— PROPERTY CLAIMED AS EXEMPT

Debtor(s) elect(s) the exemption to which the debtor(s) is entitled under:

[ ] 11 U.S.C. §522(d)(1) Federal exemptions provided in 11 U.S.C. §522(d). Note: these exemptions are available *only in certain states.*
[ ] 11 U.S.C. §522(b)(2) Exemptions available under applicable nonbankruptcy federal laws, state or local laws where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180 day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law. Specifically, debtor selects the exemptions of the state of:

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Market Value of Property Without Deducting Exemptions |
|---|---|---|---|
| | | | |

In re: , Debtor(s)        Case No:

## SCHEDULE D— CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding claims secured by property of the debtor as of the date of filing of the petition. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H — Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H," "W," "J," or "C," in the column labeled "Husband, Wife, Joint or Community" (Abbreviated: H,W,J,C).

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is Disputed, place an "X" in the column labeled Disputed. You may need to place an X in more than one of these three columns.

Report the total of all claims listed on this Schedule D in the box labeled "Total" on the last sheet of the completed Schedule. Report this total also on the Summary of Schedules.

| Creditor's Name and Mailing Address Including Zip Code | C O D E B T O R | H W J C | Date Claim Was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion If Any |
|---|---|---|---|---|---|---|---|---|
| Acct No: Eisenhower plumbing Foxboro. MASS | | | | | | ⌐ | 15,000 | |
| Acct No: Providean credit card | | | | | | | | 2800 |
| Acct No: Ben Franklin Savings Franklin mass 02526 | | | 2006 yukon 16,000 | | | | 6400 | |
| Acct No: | | | | | | | | |
| Acct No: | | | | | | | 21400. ++ | |

In re: ___ Debtor(s)        Case No: ___

## SCHEDULE E— CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name and mailing address, including zip code, and account number, if any, of all entities holding priority claims against the debtor or property of the debtor, as of the date of the filing of the petition.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity in the appropriate schedule of creditors, and complete Schedule H— Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an X in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

☑    Check this box if debtor has no creditors holding unsecured claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐     **Extensions of credit in an involuntary case**.

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐     **Wages, salaries, and commissions**

Wages, salaries and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,650* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐     **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐     **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to a maximum of $4,650* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐     **Deposits by individuals**

Claims of individuals up to a maximum of $2,100* for deposits for the purchase, lease, or rental of property or services for personal, family or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6).

☐     **Alimony, Maintenance or Support**

Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☐     **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, custom duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐     **Commitments to Maintain the Capital of an Insured Depository Institution**

In re: , Debtor(s)     Case No:

## SCHEDULE F— CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address,, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or property of the debtor, as of the date of the filing of the petition. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use continuation sheets.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity in the appropriate schedule of creditors, and complete Schedule H— Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC" for "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "CONTINGENT." If the claim is unliquidated, place an "X" in the column labeled "UNLIQUIDATED." If the claim is disputed, place an "X" in the column labeled "DISPUTED." You may need to place an X in more than one of these three columns. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also in the Summary of Schedules.

| Creditor's Name and Mailing Address Including Zip Code | CODEBTOR | HWJC | Date Claim Was Incurred And Consideration for Claim If Claim is Subject to Setoff, so State | CONTINGENT | UNLIQUIDATED | DISPUTED | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Acct No: | | | | | | | |
| Acct No: | | | | | | | |
| Acct No: | | | | | | | |
| Acct No: | | | | | | | |
| Acct No: | | | | | | | |

In re: ____ Debtor(s)          Case No: ____

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

\* Amounts are subject to adjustment on April 1, 2004, and every three years thereafter with respect to cases commenced after the date of adjustment.

| Creditor's Name and Mailing Address Including Zip Code | C O D E B T O R | H W J C | Date Claim Was Incurred, and Consideration for Claim | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | Total Amount of Claim | Amount Entitled to Priority |
|---|---|---|---|---|---|---|---|---|
| Acct No: | | | | | | | | |
| Acct No: | | | | | | | | |
| Acct No: | | | | | | | | |
| Acct No: | | | | | | | | |
| Acct No: | | | | | | | | |
| Acct No: | | | | | | | | |
| | | | | | | | 0.00 | TOTAL |

(Report total also on Summary of Schedules)

In re: , Debtor(s)     Case No:

| Acct No: | | | | | | | |
|----------|--|--|--|--|--|--|--|
| Acct No: | | | | | | | |
| Acct No: | | | | | | | |
| Acct No: | | | | | | | |
| Acct No: | | | | | | | |
| Acct No: | | | | | | | |
| Acct No: | | | | | | | |
| Acct No: | | | | | | | |
| Acct No: | | | | | | | |
| Acct No: | | | | | | | |
| Acct No: | | | | | | | |
| Acct No: | | | | | | | |

In re:  , Debtor(s)        Case No:

| Acct No: | | | | | | | |
|---|---|---|---|---|---|---|---|
| Acct No: | | | | | | | |
| Acct No: | | | | | | | |
| Acct No: | | | | | | | |
| Acct No: | | | | | | | |
| Acct No: | | | | | | | |
| Acct No: | | | | | | | |
| Acct No: | | | | | | | |
| Acct No: | | | | | | | |
| Acct No: | | | | | | | 0.00 |

(Report total also on Summary of Schedules)

In re:  , Debtor(s)          Case No:

## SCHEDULE G— EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests.

State nature of debtor's interest in contract, i.e, "Purchaser," "Agent" etc. State whether the debtor is lessor or lessee of a lease.

Provide the name and complete mailing address of all other parties to each lease or contract described.

NOTE: a party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of creditors.

| Name and Mailing Address, including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State Whether Lease is for Nonresidential real property. State Contract Number of any Government Contract |
|---|---|
|  |  |

In re:     Debtor(s)          Case No:

## SCHEDULE H— CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signors. In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse in this schedule. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of the case.

| Name and Address of Codebtor | Name and Address of Creditor |
|---|---|
|  |  |

Case 05-12345 ABCD Doc 9 Filed 02/07/2005 Page 18 of 28

In re: _____ Debtor(s)     Case No: _____

## SCHEDULE I—CURRENT INCOME OF INDIVIDUAL DEBTORS

The column labeled "spouse" must be completed in all cases filed by joint debtors and by a married debtor in a Chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status: Single | Dependents of Debtor and Spouse | | |
|---|---|---|---|
| | Names Daniel Benoit, Tiffany Benoit | Age 16, 17 | Relationship Son, daughter |

| EMPLOYMENT: | Debtor | Spouse |
|---|---|---|
| Occupation, Name of Employer: | Self | |
| How long employed: | 30 yrs | |
| Address of employer: | 8 Linden Rd Sandwich | |

| Income: (Estimate of average monthly income) | DEBTOR | | SPOUSE |
|---|---|---|---|
| Current monthly gross wages, salary, and commissions (Pro rate if not paid monthly) | 4600 | | |
| Estimated monthly overtime | 0 | | |
| SUBTOTAL | 4600 | 0.00 | 0.00 |
| LESS PAYROLL DEDUCTIONS | | | |
| a. Payroll taxes and Social Security | 650 | | |
| b. Insurance | 300 | | |
| c. Union dues | 0 | | |
| d. Other (Specify) | | | |
| SUBTOTAL OF PAYROLL DEDUCTIONS | 950. | 0.00 | 0.00 |
| TOTAL NET MONTHLY TAKE HOME PAY | 3650 | 0.00 | 0.00 |
| Regular income from operation of business/profession/farm (attach statement) | 0 | | |
| Income from real property | 0 | | |
| Interest and dividends | 0 | | |
| Alimony, maintenance, or support payments payable to the debtor for the debtor's use or that of the dependents listed above | 0 | | |
| Social security or other governmental assistance Specify: | 0 | | |
| Pension or retirement income | 0 | | |
| Other monthly income (Specify): | 0 | | |
| TOTAL MONTHLY INCOME | 3650 | 0.00 | 0.00 |

| TOTAL COMBINED MONTHLY INCOME | 0.00 | (Report also on Summary of Schedules) |
|---|---|---|

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document.

In re: , Debtor(s)    Case No:

## SCHEDULE J— CURRENT EXPENDITURES OF INDIVIDUAL DEBTORS

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Prorate any payments made bi-weekly, quarterly, semi-annually or annually to show monthly rate.

Rent, home mortgage, or mobile-home lot rent

Are real estate taxes included?    Yes ✗    No _____
Is property insurance included?    Yes ✗    No _____

Utilities
   Electricity and heating fuel    65.00

   Water and sewer    0

   Telephone    38

   Other utilities:    110

Home Maintenance, repairs, upkeep

Food    240

Clothing    80

Laundry, dry cleaning    0

Medical and dental expenses    0

Transportation (not including car payments)    80

Recreation, clubs, entertainment, newspapers, magazines    0

Charitable contributions    0

Insurance (not deducted from wages or inc. in mortgage pmt)
   Homeowner's or renter's    0

   Life

   Health

   Auto    110

   Other insurance:

Taxes (not deducted from wages or included in home mortgage) Specify:

Installment payments (in Chapters 12 and 13, do not list payments to be included in the plan)

   Auto payment:    0

   Other payment:

Alimony, maintenance, and support paid to others

Payments for support of additional dependents not living at the debtor's home

Regular expenses from operation of business, profession, or farm (attach detailed statement)

Other expenses:

TOTAL MONTHLY EXPENSES (report also on Summary of Schedules)    643    0.00

In re: , Debtor(s)          Case No:

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___ sheets, and that they are true and correct to the best of my knowledge, information and belief.

Date 8/6          Signature _____

Date _____          Signature _____

(In joint case, both debtors must sign)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### DECLARATION UNDER PENALTY ON BEHALF OF A CORPORATION

I, the _____ (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the _____ (corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that I declare that they are true and correct to the best of my knowledge, information and belief.

Date _____          _____
                            Signature

_____

(Print or type the name of individual signing for debtor)

(An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§152 and 3571.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:
  Debtor(s)                                              Case No:

SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from schedules A, B, C, D, E, F, G, H, I and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| NAME OF SCHEDULE | ATTACHED | NO. SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A — Real Property | Yes | 1 | 0.00 | | |
| B — Personal Property | Yes | 1 | 0.00 | | |
| C — Property Claimed as Exempt | Yes | | | | |
| D — Creditors Holding Secured Claims | Yes | 1 | | 0.00 | |
| E — Creditors Holding Unsecured Priority Claims | Yes | | | 0.00 | |
| F — Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | 0.00 | |
| G — Executory Contracts and Unexpired Leases | Yes | | | | |
| H — Codebtors | Yes | | | | |
| I — Current Income of Individual Debtor(s) | Yes | 1 | | | 0.00 |
| J — Current Expenditures of Individual Debtor(s) | Yes | | | | 0.00 |
| Total number of sheets in all Schedules ► | | 0.00 | | | |
| Total Assets ► | | | 0.00 | | |
| Total Liabilities ► | | | | 0.00 | |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re: , Debtor(s)                    Case No.

STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under Chapter 12 or Chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, must also complete Questions 19-25. Each question must be answered. If the answer to any question is "None," or the question is not applicable, mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

Definitions

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self employed.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor, general partners of the debtor and their relatives; corporations of which the debtor is an officer, director or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

1. Income from employment or operation of business

State the gross amount of income the debtor has received from employment, trade or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated, and a joint petition is not filed.)

AMOUNT          SOURCE (if more than one)

2. Income other than from employment or operation of business

State the amount of income received by the debtor other than from employment trade or profession, or operation of the debtor's business during the two years immediately preceding the commencement of the case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of each spouse whether or not a joint petition is filed, unless the spouses are separated, and a joint petition is not filed.)

AMOUNT          SOURCE

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case.

| NAME | TAXPAYER I.D. NUMBER | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|
|  |  |  |  |  |

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                    ADDRESS


The following questions [numbers 19 - 25] are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting securities of a corporation, a partner, other than a limited partner, of a partnership, a sole proprietor, or otherwise self-employed.

(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)

Questions 19 to 25:          Not applicable/Omitted.          * * * * * *

[To be completed by individual or individual and spouse]

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.


Date:          _____


Date:          _____

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §152 and §571.*

### Publisher's Note:

The form "Certification and Signature of Non-attorney Bankruptcy Petition Preparer" (see 11 U.S.C. §110) which is required to be signed by a non-attorney bankruptcy petition preparer *here*, has been OMITTED because this product is not knowingly sold to non-attorney bankruptcy petition preparers.

16. Spouses and Former Spouses

If the debtor resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the six-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

17. Environmental Information

For the purposes of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or materials into the air, land, soil, surface water, groundwater, or other medium, including but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined by any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and , if known, the Environmental Law.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

b. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

18. Nature, location and name of business.

a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship or was a self employed professional within the six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND RELATIONSHIP OF TRANSFEREE; RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |

**11. Closed financial accounts**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, saving, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations and brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE AND NUMBER OF ACCOUNT; AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

**12. Safe deposit boxes**

List each safe-deposit or other box or depository in which the debtor has or had securities, cash or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER INSTITUTION | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

**13. Setoffs**

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

**14. Property held for another person**

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

**15. Prior address of debtor**

If the debtor has moved within two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated, and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated, and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME, LOCATION OF COURT, CASE TITLE AND NUMBER | DATE OF ORDER | DESCRIPTION, VALUE OF PROPERTY |
|---|---|---|---|

### 7. Gifts

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

### 8. Losses

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES, AND IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

### 9. Payments related to debt counseling or bankruptcy

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR, IF OTHER THAN DEBTOR | AMOUNT OF MONEY, OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 10. Other transfers

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred

3. Payments to creditors

a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must state payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated, and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| | | | |

b. List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments of either or both spouses whether or not a joint petition is filed, unless the spouses are separated, and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Ben Franklin Savings | 3/11 | 5000 | 6000 |
| Cet Financel | 5/18 | 8500 | 0 |

4. Suits and administrative proceedings, executions, garnishments and attachments

a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated, and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT/AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| | | | |

b. Describe all property that has been attached, garnished, or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated, and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| | | |

5. Repossessions, foreclosures and returns

List all property that has been repossessed by a creditor, sold at foreclosure sale, transferred through a deed in lieu of foreclosure or returned to a seller within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated, and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE, SALE TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| | | |

6. Assignments and receiverships

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re
    Debtor(s)

Case No.

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

1.   I have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.

2.   I intend to do the following with respect to the property of the estate which secures those consumer debts:

   *a. Property to be Surrendered.*

Description of Property                               Creditor's name

   *b. Property to Be Retained.*

*[Check any applicable statement]*

| Description of Property | Creditor's Name | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C. § 524(c) |
|---|---|---|---|---|
| Personal Belongings | | | | |

Date: **8/6**

CAPE, AWDISC, ASSET, 727OBJ

# United States Bankruptcy Court
## District of Massachusetts (Boston)
## Bankruptcy Petition #: 03-10140

*Assigned to:* Judge William C. Hillman
Chapter 7
Voluntary
Asset

*Date Filed:* 01/07/2003

**Stephen L. Benoit**
8 Linden Road
E. Sandwich, MA 02537
(508) 888-7510
SSN: xxx-xx-5750
*Debtor*

represented by **Stephen L. Benoit**
PRO SE

**Stephen E. Shamban**
222 Forbes Road, Suite 208
P.O. Box 850973
Braintree, MA 02185
781-849-1136
*Trustee*

represented by **Stephen E. Shamban**
Stephen E. Shamban Law
Offices, P.C.
222 Forbes Road, Suite 208
P.O. Box 850973
Braintree, MA 02185-0973
(781) 849-1136
Email:
sshamban@shambanlaw.com

| Filing Date | # | Docket Text |
|---|---|---|
| 01/07/2003 | 1 | Voluntary Chapter 7 Petition ( Filing Fee $ 200.00 Rcpt # 492082) all schedules and statements. (kpm) (Entered: 01/07/2003) |
| 01/07/2003 | | Matrix. (kpm) (Entered: 01/07/2003) |
| 01/07/2003 | 2 | Certificate of Appointment and Acceptance of Trustee Stephen Shamban and Fixing of Bond. (kpm) (Entered: 01/07/2003) |
| 01/07/2003 | | First Meeting of Creditors scheduled For 2:30 2/4/03 At Brockton Federal Office Bldg. Last Day To Oppose Discharge: 4:30 4/7/03 Notice to be mailed within two weeks. (kpm) (Entered: 01/07/2003) |
| 01/13/2003 | 3 | Court's Notice of the First Meeting being sent to the Bankruptcy Noticing Center. (auto) (Entered: 01/13/2003) |
| | | |

| | | |
|---|---|---|
| 01/16/2003 | 4 | First Meeting Certificate of Mailing. (auto) (Entered: 01/16/2003) |
| 01/24/2003 | 5 | Application By Trustee Stephen E. Shamban To Employ Stephen E. Shamban Law Offices As Counsel . Affidavit attached. c/s. (jmd) (Entered: 01/27/2003) |
| 01/28/2003 | 6 | ENDORSEMENT ORDER: Granting [5-1] Application To Employ Stephen E. Shamban Law Offices As Counsel. (jmd) (Entered: 01/29/2003) |
| 02/04/2003 | | First meeting not held. (mjv) (Entered: 02/13/2003) |
| 03/14/2003 | 7 | Chapter 7 Trustee's Motion To Extend Period For Objecting to Discharge c/s... (mkp) (Entered: 03/17/2003) |
| 03/18/2003 | 8 | Notice of Appearance And Request For Service Of Notice By Susan Jacobs for Creditor George Howarth. (mjt) (Entered: 03/18/2003) |
| 03/18/2003 | 9 | Motion By Creditor George Howarth For Relief from Automatic Stay (8 Linden Rd., Sandwich, MA) With Certificate of Service. (mjt) (Entered: 03/18/2003) |
| 03/21/2003 | 10 | Amended Certificate of Service Re: [9-1] Motion For Relief from Automatic Stay (8 Linden Rd., Sandwich, MA), [8-1] Notice To Appear filed by: Susan Jacobs for Creditor George Howarth (mjt) (Entered: 03/24/2003) |
| 03/24/2003 | 11 | ENDORSEMENT ORDER: Granting [7-1] Motion To Extend Period For Objecting to Discharge by Stephen E. Shamban ; Last Day to Oppose Discharge: 4:30 6/9/03 . (jmd) (Entered: 03/24/2003) |
| 03/28/2003 | 12 | Imaged Certificate of Mailing. (auto) (Entered: 03/28/2003) |
| 04/04/2003 | 13 | ENDORSEMENT ORDER: Granting [9-1] Motion For Relief from Automatic Stay (8 Linden Rd., Sandwich, MA) by George Howarth . (jmd) (Entered: 04/07/2003) |
| 06/04/2003 | 14 | Second Motion to Extend Period For Objecting To Discharge Filed by Trustee Stephen E. Shamban. c/s. (jmd, ) (Entered: 06/04/2003) |
| 06/04/2003 | | Awaiting Discharge (jmd, ) (Entered: 06/04/2003) |
| 06/04/2003 | 15 | Request for Bar Date from Trustee Stephen E. Shamban. (jmd, ) (Entered: 06/05/2003) |
| 06/04/2003 | 16 | Court's Notice of Assets Proofs of Claims due by 9/2/2003. |

| | | Government proof of claim due by 9/2/2003. (jmd, ) (Entered: 06/05/2003) |
|---|---|---|
| 06/07/2003 | 17 | BNC Certificate of Mailing. Service Date 06/07/2003. (Related Doc # 16) (Admin.) (Entered: 06/08/2003) |
| 06/17/2003 | 18 | Endorsement Order dated 6/17/03 Granting 14 Second Motion Of Chapter 7 Trustee To Extend Period For Objecting To Discharge. Extended to 9/30/03. (jmd, ) (Entered: 06/20/2003) |
| 06/22/2003 | 19 | BNC Certificate of Mailing - PDF Document. Service Date 06/22/2003. (Related Doc # 18) (Admin.) (Entered: 06/23/2003) |
| 08/07/2003 | 20 | Motion by Trustee Stephen E. Shamban to Conduct Examination of Sandra Colligan Pursuant to Rule 2004. C/S. (mem, ) (Entered: 08/14/2003) |
| 08/07/2003 | 21 | Motion by Trustee Stephen E. Shamban to Conduct Examination of Donald J. Morin Pursuant to Rule 2004. C/S. (mem, ) (Entered: 08/14/2003) |
| 08/14/2003 | 22 | Endorsement Order dated 8/14/03 Granting 21 Motion for 2004 Examination. (jmd, ) (Entered: 08/15/2003) |
| 08/17/2003 | 23 | BNC Certificate of Mailing - PDF Document. Service Date 08/17/2003. (Related Doc # 22) (Admin.) (Entered: 08/18/2003) |
| 08/25/2003 | 24 | Endorsement Order dated 8/25/03 Granting 20 Motion for 2004 Examination of Sandra Colligan. (jmd, ) (Entered: 08/27/2003) |
| 08/28/2003 | | Meeting of Creditors Held and Examination of Debtor . (jmd, ) (Entered: 09/08/2003) |
| 08/29/2003 | 25 | BNC Certificate of Mailing - PDF Document. Service Date 08/29/2003. (Related Doc # 24) (Admin.) (Entered: 08/30/2003) |
| 09/22/2003 | 26 | Third Motion to Extend Extend Period For Objecting To Discharge Filed by Trustee Stephen E. Shamban. c/s. (jmd, ) (Entered: 09/22/2003) |
| 09/22/2003 | 27 | Endorsed Order Dated 9/23/2003 Granting Re: 26Third Motion to Extend Period For Objecting To Discharge Filed by Trustee Stephen E. Shamban. Deadline extended to November 28, 2003. (mjt, usbc) (Entered: 09/25/2003) |
| 09/27/2003 | 28 | BNC Certificate of Mailing - PDF Document. Service Date |

| | | |
|---|---|---|
| | | 09/27/2003. (Related Doc # 27) (Admin.) (Entered: 09/28/2003) |
| 11/18/2003 | 29 | 424 (Obj/Revocation Discharge 727): Complaint by Stephen E. Shamban against Stephen L. Benoit. (cb, usbc) (Entered: 11/18/2003) |
| 03/10/2004 | 30 | Notice of Denial of Discharge in Adversary #: 03-1476 (jmd, ) (Entered: 03/10/2004) |
| 03/11/2004 | 31 | 454 (Recover Money/Property): Complaint by Stephen E. Shamban against Donald J. Morin. (cb, usbc) (Entered: 03/12/2004) |
| 03/12/2004 | 32 | BNC Certificate of Mailing. Service Date 03/12/2004. (Related Doc # 30) (Admin.) (Entered: 03/13/2004) |
| 10/14/2004 | 33 | Request for Claims Register By Chapter 7 Trustee. (jmd, ) (Entered: 10/14/2004) |
| 10/25/2004 | 34 | Claims register mailed 10/25/2004 RE: 33 Request for Claims Register filed by Trustee Stephen E. Shamban (mjt, usbc) (Entered: 10/25/2004) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/28/2005 16:59:52 | | |
| **PACER Login:** | mn0046 | **Client Code:** | 584424-00450 |
| **Description:** | Docket Report | **Search Criteria:** | 03-10140 Fil or Ent: Fil Doc From: 0 Doc To: 99999999 Links: n Format: HTMLfmt |
| **Billable Pages:** | 2 | **Cost:** | 0.14 |

**FORM B1**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

William 7

### Voluntary Petition

| Name of debtor (if individual, enter Last, First, Middle): Stephen Benoit Stephen L | Name of Joint Debtor (Spouse) (Last, First, Middle): 03-10140 |
|---|---|
| All Other Names used by the Debtor in the last 6 years (include married, maiden, and trade names): non | All Other Names used by the Joint Debtor in the last 6 years (include married, maiden, and trade names): |
| Soc. Sec./Tax I.D. No. (if more than one, state all): 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 | Soc. Sec./Tax I.D. No. (if more than one, state all): Filing Fee Paid |
| Street Address of Debtor (No., St, City, State, & Zip Code): 8 Linden Rd E. Sandwich Mass, 02537 | Street Address of Joint Debtor (No., St., City, State & Zip) |
| County of Residence or of the Principal Place of Business: Barnstable . | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor (if different from street address above): | |

## Information Regarding the Debtor (Check the Applicable Boxes)

Venue: (Check any applicable box)

[X] Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

[] There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply) | **Chapter or Section of Bankruptcy Code Under Which** the Petition is filed (Check one box) |
|---|---|
| [X] Individual(s)      [] Railroad | |
| [] Corporation        [] Stockbroker | [X] Chapter 7   [] Chapter 11   [] Chapter 13 |
| [] Partnership        [] Commodity Broker | [] Chapter 9   [] Chapter 12 |
| [] Other _____ | [] Sec. 304- Case ancillary to foreign proceeding |

| **Nature of Debts** (Check one box)<br>[X] Consumer/Non-Business  [] Business | **Filing Fee** (Check one box) |
|---|---|
| | [] Full Filing Fee attached |
| **Chapter 11 Small Business** (Check all boxes that apply) | [] Filing Fee to be paid in installments (Applicable to individuals only) Must attached signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(e). See Official Form No. 3. |
| [] Debtor is a small business as defined in 11 U.S.C. § 101 | |
| [] Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e)(Optional) | |

| Statistical/Administrative Information (estimates only) | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| [] Debtor estimates that funds will be available for distribution to unsecured creditors. | |
| [X] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|
| [X] | [] | [] | [] | [] | [] |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| [X] | [] | [] | [] | [] | [] | [] | [] |

Estimated Debts

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to More than $50 m |
|---|---|---|---|---|---|---|
| [] | [X] | [] | [] | [] | [] | [] |

Form Published by: Law Disks, 734 Franklin Avenue, Garden City, N

03-10140    Ch. 7    WCH
Tru: STEPHEN SHAMBAN
Mtg: 02-04-2003 Tue
Loc: BROCKT   Time: 2:30

| **Voluntary Petition**<br>(This page must be completed and filed in every case.) | Name of Debtor(s): | FORM B1, Page 2 |
|---|---|---|

| **Prior Bankruptcy Case Filed Within the last 6 Years** (if more than one, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where filed: U. S. Bankruptcy Court, Boston, MA | Case Number:<br>2002-15676 | Date Filed: 8 - 0 6 - 0 2 |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: Stephen Benoit | Case Number: | Date Filed: 8-06-02 |
| District: Boston | Relationship: | Judge: |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct. [If the petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

I request relief in accordance with the chapter 7 of title 11, United States Code, specified in this petition.

X _____
    Stephen L. Benoit

X _____

5 0 8 - 8 8 8 - 7 5 1 0
Telephone Number (If not represented by attorney)

1 - 0 6 - 0 3
Date

### Signature of Attorney

X _____

_____
Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Exhibit A

(To be completed if the Debtor is required to file periodic reports (e.g., forms 10K and 10Q with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

[] Exhibit A is attached and made a part of this petition.

### Exhibit B

(To be completed if Debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter.

X _____
                                 Date

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

[] Yes, and Exhibit C is attached and made part of this petition.

[X] No

### Signature of Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number

_____
Address

Name and Social Security Numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer      Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.

[Publisher's Note: This form is NOT intended to be used by nonattorney bankruptcy-petition preparers. Schedules do not contain all disclosures required for use by nonattorney bankruptcy-petition preparers. This form should NOT be used by nonattorney petition preparers]

In re:  , Debtor(s)        Case No:

## SCHEDULE A- REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers excercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H","W","J", or "C" in the third column labeled "Husband, Wife, Joint or Community." if the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a security interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C—Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSB. WIFE JOINT COM. | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| 2.1 Ac lot Tremont St Mansfield Mas1 | This lot is in my name It was left over from another lot not buildable | Hus | 26,600.⁰¹ | $7514.⁰⁰ |
|  |  |  | 0.00 | TOTAL |

In re:  , Debtor(s)       Case No:

## SCHEDULE B— PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None."  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C—Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G—Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| TYPE OF PROPERTY<br><br>Col A | NONE<br><br>Col B | DESCRIPTION AND LOCATION OF PROPERTY<br><br>Col. C | HUSB. WIFE JOINT COMM.<br>Col D | | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTION OF ANY SECURED CLAIM OR EXEMPTION (Col F) |
|---|---|---|---|---|---|
| 1. Cash on hand. | 1b. | 1c. my possession | 1d. Hosb | 1 | 800.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | 2b. | 2c. Rockland Trust Checking Acct 4554212 | 2d. Hush | 2 | under 200.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | 3b. Non | 3c. | 3d. | 3 | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | 4b. | 4c. TV Stereo Computer. | 4d. H~J | 4 | 400.00 100.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | 5b. Non | 5c. | 5d. H~b | 5 | |
| 6. Wearing apparel. | 6b. | 6c. work clothes | 6d H~J | 6 | 200.00 |
| 7. Furs and jewelry. | 7b. No | 7c. | 7d. | 7 | |
| 8. Firearms and sports, photographic, and other hobby equipment. | 8b. Non | 8c. | 8d. | 8 | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | 9b. Non | 9c. | 9d. | 9 | |

In re:  , Debtor(s)    Case No:

| | | | | | |
|---|---|---|---|---|---|
| 10. Annuities. Itemize and name each issuer. | 10b. *Non* | 10c. | | 10d. | 10 |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | 11b. *Non* | 11c. | | 11d. | 11 |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | 12b. *Non* | 12c. | | 12d. | 12 |
| 13. Interests in partnerships or joint ventures. Itemize. | 13b. *Non* | 13c. | | 13d. | 13 |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | 14b. *Non* | 14c. | | 14d. | 14 |
| 15. Accounts receivable. | 15b. *Non* | 15c. | | 15d. | 15 |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | 16b. *Non* | 16c. | | 16d. | 16 |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | 17b. *Non* | 17c. | | 17d. | 17 |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | 18b. *Non* | 18c. | | 18d. | 18 |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | 19b. *Non* | 19c. | | 19d. | 19 |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | 20b. *Non* | 20c. | | 20d. | 20 |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | 21b. *Non* | 21c. | | 21d. | 21 |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | 22b. *Non* | 22c. Builders License 050790 | | 22d. Hus. | 22 |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | 23b. | 23c. 1998 GMC Pickup 1991 Jeep Sahara | | 23d H/W | 23 | 1500.00 |
| 24. Boats, motors, and accessories. | 24b. *Non* | 24c. 1/2 interest 2000 Yukon | | 24d. Hus.b | 24 | 900.00 |
| 25. Aircraft and accessories. | 25b. *No* | 25c. | | 25d. | 25 | 4000.00 |

In re:  , Debtor(s)        Case No:

| | | | | | |
|---|---|---|---|---|---|
| 26. Office equipment, furnishings, and supplies. | 26b. | 26c. Desk Adding mechine | 26d. H~S. | 26 | 100.00 |
| 27. Machinery, fixtures, equipment, and supplies used in business. | 27b. | 27c. General carpentur tools | 27d. H.S. | 27 | 800.00 |
| 28. Inventory. | 28b. NON | 28c. | | 28d. | 28 | |
| 29. Animals. | 29b. Non | 29c. | | 29d. | 29 | |
| 30. Crops— growing or harvested. give particulars. | 30b. NON | 30c. | | 30d. | 30 | |
| 31. Farming equipment and implements. | 31b. Non | 31c. | | 31d. | 31 | |
| 32. Farm supplies, chemicals, and feed. | 32b. Non | 32c. | | 32d. | 32 | |
| 33. Other personal property of any kind not already listed.  Itemize. | 33b. NON | 33c. | | 33d. | 33 | |

___ continuation sheets attached

Total                                $        0.00

Include amounts from any continuation sheets attached
Report also on Summary of Schedules

In re:    , Debtor(s)        Case No:

## SCHEDULE C— PROPERTY CLAIMED AS EXEMPT

Debtor(s) elect(s) the exemption to which the debtor(s) is entitled under:

[ ] 11 U.S.C. §522(d)(1) Federal exemptions provided in 11 U.S.C. §522(d). Note: these exemptions are available *only in certain states.*
[ ] 11 U.S.C. §522(b)(2) Exemptions available under applicable nonbankruptcy federal laws, state or local laws where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180 day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law. Specifically, debtor selects the exemptions of the state of:

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Market Value of Property Without Deducting Exemptions |
|---|---|---|---|
| Jeep 1991 Sahara | motor vehicle | 2575.°° | 900.°° |
| Gmc pickup 1998 | motor vehicle | | 1500.°° |
| 1/2 interest Gmc yukon 2000 | miscelaneous. | 8,075°° | |
| computer | Houschold | | 11,000 |
| Desk | | 8,625 | 105,00 |
| Clothes | Hvs hold | | |
| General carpender tools | household | 5625.°° | |

In re: ', Debtor(s)    Case No:

## SCHEDULE D— CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding claims secured by property of the debtor as of the date of filing of the petition. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H–Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H," "W," "J," or "C," in the column labeled "Husband, Wife, Joint or Community" (Abbreviated: H,W,J,C).

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is Disputed, place an "X" in the column labeled Disputed. You may need to place an X in more than one of these three columns.

Report the total of all claims listed on this Schedule D in the box labeled "Total" on the last sheet of the completed Schedule. Report this total also on the Summary of Schedules.

| Creditor's Name and Mailing Address Including Zip Code | CODEBTOR | HWJC | Date Claim Was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien | CONTINGENT | UNLIQUIDATED | DISPUTED | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion If Any |
|---|---|---|---|---|---|---|---|---|
| Acct No: Eisenhower Plumbing 18 Willow St Foxborough Mass 02035 | | H | 5-1-1990 Plumbing bills from 1987 | | | ✓ | 52,000 | |
| Acct No: Mukesh Sarne 94 Standish Rd Needham Mass 02492 | | H | 7-17-02 Lean by General Builders | | | ✓ | 24,500 | |
| Acct No: Larusso Corp 1 Belcher St Plainville Mass 02762 | | H | 5-1-02 materials for building Site | | ✓ | | 4400.00 | |
| Acct No: Ben Franklin Savn 58 Main St Franklin Mass 02038 | | H | 7-7-00 Auto loan for Yukon | | | | 3100 | |

In re: , Debtor(s)     Case No:

| Acct No: | | | | | | | | |
|----------|--|--|--|--|--|--|--|--|
| Acct No: | | | | | | | | |
| Acct No: | | | | | | | | |
| Acct No: | | | | | | | | |
| Acct No: | | | | | | | | |
| Acct No: | | | | | | | | |
| Acct No: | | | | | | | | |
| Acct No: | | | | | | | | |
| Acct No: | | | | | | | | |
| Acct No: | | | | | | | | |
| Acct No: | | | | | | | | |

83,600 0.00   TOTAL

In re: ',  Debtor(s)        Case No:

## SCHEDULE E— CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name and mailing address, including zip code, and account number, if any, of all entities holding priority claims against the debtor or property of the debtor, as of the date of the filing of the petition.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity in the appropriate schedule of creditors, and complete Schedule H–Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an X in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

✖      Check this box if debtor has no creditors holding unsecured claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐      **Extensions of credit in an involuntary case.**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐      **Wages, salaries, and commissions**

Wages, salaries and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,650* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐      **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐      **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to a maximum of $4,650* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐      **Deposits by individuals**

Claims of individuals up to a maximum of $2,100* for deposits for the purchase, lease, or rental of property or services for personal, family or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6).

☐      **Alimony, Maintenance or Support**

Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☐      **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, custom duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

In re: Debtor(s)          Case No:

☐     **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

\* Amounts are subject to adjustment on April 1, 2004, and every three years thereafter with respect to cases commenced after the date of adjustment.

| Creditor's Name and Mailing Address Including Zip Code | C O D E B T O R | H W J C | Date Claim Was Incurred, and Consideration for Claim | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | Total Amount of Claim | Amount Entitled to Priority |
|---|---|---|---|---|---|---|---|---|
| Acct No:  Non | | | Non | | | | Non | |
| Acct No: Town of Mansfield 6 Park Row 065 - 018 Mansfield Mass 0204 | | H | 12-24-02 | | | | 7,514.⁰⁰ | |
| Acct No: | | | | | | | | |
| Acct No: | | | | | | | | |
| Acct No: | | | | | | | | |
| Acct No: | | | | | | | | |

7514.8⁷ TOTAL
(Report total also on Summary of Schedules)

In re: , Debtor(s)        Case No:

## SCHEDULE F— CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address,, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or property of the debtor, as of the date of the filing of the petition. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use continuation sheets.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity in the appropriate schedule of creditors, and complete Schedule H—Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC" for "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "CONTINGENT." If the claim is unliquidated, place an "X" in the column labeled "UNLIQUIDATED." If the claim is disputed, place an "X" in the column labeled "DISPUTED." You may need to place an X in more than one of these three columns. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also in the Summary of Schedules.

| Creditor's Name and Mailing Address Including Zip Code | CODEBTOR | HWJC | Date Claim Was Incurred And Consideration for Claim If Claim is Subject to Setoff, so State | CONTINGENT | UNLIQUIDATED | DISPUTED | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Acct No: NON | | | NON | | | | NON |
| Acct No: | | | | | | | |
| Acct No: | | | | | | | |
| Acct No: | | | | | | | |
| Acct No: | | | | | | | |

In re: , Debtor(s)    Case No:

## SCHEDULE G— EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests.

State nature of debtor's interest in contract, i.e, "Purchaser," "Agent" etc. State whether the debtor is lessor or lessee of a lease.

Provide the name and complete mailing address of all other parties to each lease or contract described.

NOTE: a party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of creditors.

| Name and Mailing Address, including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State Whether Lease is for Nonresidential real property. State Contract Number of any Government Contract |
|---|---|
| Non | Non |

In re:   , Debtor(s)        Case No:

## SCHEDULE H— CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signors. In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse in this schedule. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of the case.

| Name and Address of Codebtor | Name and Address of Creditor |
|---|---|
| NON | NON |

In re: , Debtor(s)      Case No:

## SCHEDULE I— CURRENT INCOME OF INDIVIDUAL DEBTORS

The column labeled "spouse" must be completed in all cases filed by joint debtors and by a married debtor in a Chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status: Divorced Single | Dependents of Debtor and Spouse | | | |
|---|---|---|---|---|
| | Names  ~~Stanley~~ Daniel Benoit  Tiffany Benoit | Age 16  18 | | Relationship  Son  Daughter |

| EMPLOYMENT: | Debtor | Spouse |
|---|---|---|
| Occupation, Name of Employer: | Self Employed | |
| How long employed: | 20 yr. | |
| Address of employer: | 8 Linden Rd E Sandend mass | |

| Income: (Estimate of average monthly income) | DEBTOR | SPOUSE |
|---|---|---|
| Current monthly gross wages, salary, and commissions (Pro rate if not paid monthly) | 5100.°° | |
| Estimated monthly overtime | 0 | |
| SUBTOTAL | 5100. 0.00 | 0.00 |
| LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and Social Security | 1000 | |
| b. Insurance | 0 | |
| c. Union dues | 0 | |
| d. Other (Specify) | 0 | |
| SUBTOTAL OF PAYROLL DEDUCTIONS | 1000 0.00 | 0.00 |
| TOTAL NET MONTHLY TAKE HOME PAY | 4100 0.00 | 0.00 |
| Regular income from operation of business/profession/farm (attach statement) | 0 | |
| Income from real property | 0 | |
| Interest and dividends | 0 | |
| Alimony, maintenance, or support payments payable to the debtor for the debtor's use or that of the dependents listed above | 0 | |
| Social security or other governmental assistance Specify: | 0 | |
| Pension or retirement income | 0 | |
| Other monthly income (Specify): | 0 | |
| TOTAL MONTHLY INCOME | 4100. 0.00 | 0.00 |
| TOTAL COMBINED MONTHLY INCOME | 0.00 | (Report also on Summary of Schedules) |

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document.

In re: , Debtor(s)    Case No:

## SCHEDULE J— CURRENT EXPENDITURES OF INDIVIDUAL DEBTORS

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Prorate any payments made bi-weekly, quarterly, semi-annually or annually to show monthly rate.

Rent, home mortgage, or mobile-home lot rent    1890.

Are real estate taxes included? Yes ____ No ____
Is property insurance included? Yes ____ No ____

Utilities
Electricity and heating fuel    210.

Water and sewer    0

Telephone    349

Other utilities:    440

Home Maintenance, repairs, upkeep    30

Food    300

Clothing    250

Laundry, dry cleaning    0

Medical and dental expenses    800

Transportation (not including car payments)    300

Recreation, clubs, entertainment, newspapers, magazines    150

Charitable contributions    0

Insurance (not deducted from wages or inc. in mortgage pmt)
Homeowner's or renter's    0

Life    0

Health    0

Auto    300

Other insurance:    0

Taxes (not deducted from wages or included in home mortgage) Specify:    0

Installment payments (in Chapters 12 and 13, do not list payments to be included in the plan)    0

Auto payment:    280

Other payment:    0

Alimony, maintenance, and support paid to others    0

Payments for support of additional dependents not living at the debtor's home    0

Regular expenses from operation of business, profession, or farm (attach detailed statement)    0

Other expenses:

TOTAL MONTHLY EXPENSES (report also on Summary of Schedules)    4699.    0.00

In re:  , Debtor(s)          Case No:

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __ sheets, and that they are true and correct to the best of my knowledge, information and belief.

Date 1/6/03                 Signature

Date _____                Signature _____

(In joint case, both debtors must sign)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### DECLARATION UNDER PENALTY ON BEHALF OF A CORPORATION

I, the _____ (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the _____ (corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ____ sheets, and that I declare that they are true and correct to the best of my knowledge, information and belief.

Date _____

Signature _____

_____
(Print or type the name of individual signing for debtor)

(An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§152 and 3571.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:
  Debtor(s)

Case No:

SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from schedules A, B, C, D, E, F, G, H, I and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| NAME OF SCHEDULE | ATTACHED | NO. SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A — Real Property | Yes | | 0.00  0 | | |
| B — Personal Property | Yes | | 0.00  14900 | | |
| C — Property Claimed as Exempt | Yes | | | | |
| D — Creditors Holding Secured Claims | Yes | | | 0.00  61,000 | |
| E — Creditors Holding Unsecured Priority Claims | Yes | | | 0.00  751,482 | |
| F — Creditors Holding Unsecured Nonpriority Claims | Yes | | | 0.00  28,500 | |
| G — Executory Contracts and Unexpired Leases | Yes | | | | |
| H — Codebtors | Yes | | | | |
| I — Current Income of Individual Debtor(s) | Yes | | | | 0.00  48,500 |
| J — Current Expenditures of Individual Debtor(s) | Yes | | | | 0.00  48,000 |
| Total number of sheets in all Schedules ▸ | | 0.00 | | | |
| Total Assets ▸ | | | 0.00  14900 | | |
| Total Liabilities ▸ | | | | 0.00  ~~87,000~~  97,014.8? | |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:  ,  Debtor(s)

Case No.

STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under Chapter 12 or Chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, must also complete Questions 19-25. Each question must be answered. If the answer to any question is "None," or the question is not applicable, mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

Definitions

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self employed.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor, general partners of the debtor and their relatives; corporations of which the debtor is an officer, director or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

1. Income from employment or operation of business

State the gross amount of income the debtor has received from employment, trade or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated, and a joint petition is not filed.)

AMOUNT 49,600  SOURCE (if more than one)  2003 — 0
2002 — 49,500   Carpentry.
2001   53,610   Carpentry

2. Income other than from employment or operation of business

State the amount of income received by the debtor other than from employment trade or profession, or operation of the debtor's business during the two years immediately preceding the commencement of the case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of each spouse whether or not a joint petition is filed, unless the spouses are separated, and a joint petition is not filed.)

AMOUNT  0  SOURCE

3. Payments to creditors

a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must state payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated, and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Eisenhower Plumbing willow St Falborn nass | 9-1-02 | 17,000,00 | 52,000 |
| mukesh Sarna Fu 3 famill Rd needu | 10-7-02 | 11,500 | 24011 |

b. List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments of either or both spouses whether or not a joint petition is filed, unless the spouses are separated, and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Ben Franklin Savings Bank Franklin mass | 11/30/02 | 600,04 | 3100 |

4. Suits and administrative proceedings, executions, garnishments and attachments

a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated, and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT/AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| NSOCV2000-01433 Eisenhower plumbing | collect on a Promissory Note | Norfork | open |
| 01.00672 General Builders | collect on Lumber bill | Norfork | closed |

b. Describe all property that has been attached, garnished, or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated, and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| NA | | |

5. Repossessions, foreclosures and returns

List all property that has been repossessed by a creditor, sold at foreclosure sale, transferred through a deed in lieu of foreclosure or returned to a seller within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated, and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE, SALE TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| NA | | |

6. Assignments and receiverships

a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated, and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated, and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME, LOCATION OF COURT, CASE TITLE AND NUMBER | DATE OF ORDER | DESCRIPTION, VALUE OF PROPERTY |
| --- | --- | --- | --- |

7. Gifts

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

8. Losses

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES, AND IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

9. Payments related to debt counseling or bankruptcy

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR, IF OTHER THAN DEBTOR | AMOUNT OF MONEY, OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

10. Other transfers

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND RELATIONSHIP OF TRANSFEREE; RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |

11. Closed financial accounts

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, saving, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations and brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE AND NUMBER OF ACCOUNT; AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

12. Safe deposit boxes

List each safe deposit or other box or depository in which the debtor has or had securities, cash or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER INSTITUTION | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

13. Setoffs

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

14. Property held for another person

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

15. Prior address of debtor

If the debtor has moved within two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS                                        NAME USED              DATES OF OCCUPANCY

16. Spouses and Former Spouses

If the debtor resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the six-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

17. Environmental Information

For the purposes of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances. wastes or materials into the air, land, soil, surface water, groundwater, or other medium, including but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined by any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

SITE NAME AND ADDRESS            NAME AND ADDRESS OF        DATE OF NOTICE         ENVIRONMENTAL
                                 GOVERNMENTAL UNIT                                LAW

b. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

SITE NAME AND ADDRESS            NAME AND ADDRESS OF        DATE OF NOTICE         ENVIRONMENTAL
                                 GOVERNMENTAL UNIT                                LAW

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

18. Nature, location and name of business

   a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship or was a self-employed professional within the six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

   If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case.

   If the debtor is a corporation. list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case.

| NAME | TAXPAYER I.D. NUMBER | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| Riverton Dev Corp | 000662885 | 8 Pearl St Southboro mas) 01772 | Construction | 6-11-99 - 3-30-2 200 |

   b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

   The following questions [numbers 19 - 25] are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting securities of a corporation. a partner, other than a limited partner, of a partnership; a sole proprietor, or otherwise self-employed.

   (An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)

Questions 19 to 25:    Not applicable/Omitted.

* * * * * *

[To be completed by individual or individual and spouse]

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date. 1/6/03

**19. Books, records, and financial statements**

a. List all bookkeepers and accountants who within the two years immediately preceding the filing of this bankruptcy case, kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS          DATE SERVICES
                          RENDERED          *Non.*

b. List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and record, or prepared a financial statement of the debtor.

NAME                      ADDRESS      *Non*          DATES SERVICES RENDERED

c. List all firms or individuals who at the time of commencement of this case were in possession of the books of account or records of the debtor. If any of the books of account and records are not available, explain.

NAME                      ADDRESS      *Non*

d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the two years immediately preceding the commencement of this case by the debtor.

NAME AND ADDRESS          DATE ISSUED      *Non.*

**20. Inventories**      *Non*

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY    INVENTORY  SUPERVISOR          DOLLAR AMOUNT OF INVENTORY
                                                    (Specify cost, market, or other basis)

                          *Non*
b. List the name and address of the person having possession of the records of each of the two inventories reported in a. above.

DATE OF INVENTORY    NAME AND ADDRESSES OF CUSTODIAN
                     OF INVENTORY RECORDS

**21. Current Partners, Officers, Directors and Shareholders**      *Non.*

a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS          NATURE OF INTEREST          PERCENTAGE OF INTEREST

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds, 5 percent or more of the voting or equity securities of the corporation.

NAME AND ADDRESS          TITLE      *Non*          NATURE AND PERCENTAGE OF STOCK
                                                    OWNERSHIP

**22. Former partners, officers, directors, and shareholders**

a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

NAME            ADDRESS    *Non*        DATE OF WITHDRAWAL

b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

NAME AND ADDRESS    TITLE    *Non*    DATE OF TERMINATION

## 23. Withdrawals from a partnership or distributions by a corporation

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.    *Non*

NAME AND ADDRESS OF RECIPIENT,        DATE AND PURPOSE        AMOUNT OF MONEY OR DESCRIPTION
RELATIONSHIP TO DEBTOR                OF WITHDRAWAL            AND VALUE OF PROPERTY

## 24. Tax Consolidation Group

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the six year period immediately preceding the commencement of the case.    *Non*

NAME OF PARENT CORPORATION        TAXPAYER IDENTIFICATION NUMBER

## 25. Pension Funds        *Non*

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension number to which the debtor, as an employer, has been responsibe for contributing at any time within the six-year period immediately preceding the commencement of the case.

NAME OF PENSION FUND            TAXPAYER IDENTIFICATION NUMBER

* * * * * *

[To be completed by individual or individual and spouse]

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date: 1/6/03        _Sign R._

Date: _____

UNITED STATES BANKRUPTCY COURT
BRISTOL DISTRICT OF MASSACHUSETTS

In re:      Debtor(s)

### Exhibit A to Voluntary Petition

1.  If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is
_____.

2.  The following financial data is the latest available information and refers to the debtor's condition on:
_____.

a.  Total assets

b.  Total debts (including debts listed in 2.c below)                    $_____
                                                                          $_____

Approximate
number of
holders

c.  Debt securities held by more than 500 holders.

    secured/ /      unsecured/ /     subordinated/ /    $_____    _____
    secured/ /      unsecured/ /     subordinated/ /    $_____    _____
    secured/ /      unsecured/ /     subordinated/ /    $_____    _____
    secured/ /      unsecured/ /     subordinated/ /    $_____    _____
    secured/ /      unsecured/ /     subordinated/ /    $_____    _____

d.  Number of shares of preferred stock              _____    _____

e.  Number of shares of common stock                 _____    _____

    Comments, if any:_____
    _____
    _____

3.  Brief description of debtor's business: _____
    _____
    _____

4.  List the name of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting
securities of debtor: _____
_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re ,

Debtor(s)

Case No.

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

1.   I have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.

2.   I intend to do the following with respect to the property of the estate which secures those consumer debts:

   a.  *Property to be Surrendered.*

   Description of Property                               Creditor's name

   b.  *Property to Be Retained.*                     [Check any applicable statement]

| Description of Property | Creditor's Name | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C. § 524(c) |
|---|---|---|---|---|
| Personal Items | Stephen Benoit | ✓ | | |
| GMC Pickup | | ✓ | | |
| Jeep Sahara. | | ✓ | | |
| ½ ownership Yukon | | | | |

Date: 1/16/03

[To be completed on behalf of a partnership or corporation]

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto, and that they are true to the best of my knowledge, information, and belief.

Date:

Signature

Stephen Benoit owner
Print Name and Title

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

___ Continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §152 and 3571.*

**Publisher's Note:**

The "Certification and Signature of Non-attorney Bankruptcy Petition Preparer" (see 11 U.S.C. §110) which is required to be signed by a non-attorney bankruptcy petition preparer here, has been OMITTED because this product is not knowingly sold to non-attorney bankruptcy petition preparers.

Date: 1/8/02

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §152 and 3571.*

**Publisher's Note:**

The form "Certification and Signature of Non-attorney Bankruptcy Petition Preparer" (see 11 U.S.C. §110) which is required to be signed by a non-attorney bankruptcy petition preparer *here,* has been OMITTED because this product is not knowingly sold to non-attorney bankruptcy petition preparers.

DEFER, 727OBJ

# United States Bankruptcy Court
## District of Massachusetts (Boston)
## Adversary Proceeding #: 03-01476

*Assigned to:* Judge William C. Hillman
*Related BK Case:* 03-10140
*Related BK Title:* Stephen L. Benoit          *Date Filed:* 11/18/03
*Demand:*
*Nature of Suit:* 424

**Plaintiff**
----------------------

**Stephen E. Shamban,** *Chapter 7*     represented by     **Frederick J. Watson**
**Trustee**                                                Stephen E. Shamban Law Offices, P.C.
                                                           222 Forbes Road, Suite 208
                                                           P. O. Box 850973
                                                           Braintree, MA 02185-0973
                                                           (781) 849-1136
                                                           Email: fwatson@shambanlaw.com

V.

**Defendant**
----------------------

**Stephen L. Benoit**

| Filing Date | # | Docket Text |
|-------------|---|-------------|
| 11/18/2003 | 1 | 424 (Obj/Revocation Discharge 727): Complaint by Stephen E. Shamban against Stephen L. Benoit. (cb, usbc) (Entered: 11/18/2003) |
| 11/20/2003 | 2 | Trustee's Application to Defer Fee Re: 1 Complaint Filed by Plaintiff Stephen E. Shamban. (jmd, ) (Entered: 11/20/2003) |
| 11/20/2003 | 3 | Summons Issued on Stephen L. Benoit Answer Due 12/22/2003 (jmd, ) (Entered: 11/20/2003) |
| 11/20/2003 | 4 | Court Certificate of Mailing. RE: 3 Summons Issued (jmd, ) (Entered: 11/20/2003) |
| 11/20/2003 | 5 | Endorsement Order dated 11/20/03 Granting 2 Application to Defer |

|  |  | Payment Of Filing Fee. (jmd, ) (Entered: 11/24/2003) |
|---|---|---|
| 11/26/2003 | 6 | BNC Certificate of Mailing - PDF Document. Service Date 11/26/2003. (Related Doc # 5) (Admin.) (Entered: 11/27/2003) |
| 11/26/2003 | 7 | Summons Service Executed 11/21/2003 on Stephen L. Benoit. (jmd, ) (Entered: 12/03/2003) |
| 01/05/2004 | 8 | Plaintiff's Motion To Default Defendant. (jmd, ) (Entered: 01/08/2004) |
| 01/05/2004 | 9 | Plaintiff's Motion for Default Judgment. (jmd, ) (Entered: 01/08/2004) |
| 01/05/2004 | 10 | Certificate of Service by Frederick J. Watson Re: 8 Plaintiff's Motion To Default Defendant and 9 Motion for Default Judgment. (jmd, ) (Entered: 01/08/2004) |
| 02/18/2004 | 11 | Endorsement Order dated 2/18/04 Granting Re: 8) Motion To Default Defendant. (jmd, ) (Entered: 02/24/2004) |
| 02/18/2004 | 13 | Endorsement Order dated 2/18/04 Granting (Re: 9) Motion For Default Judgment. (jmd, ) (Entered: 02/24/2004) |
| 02/24/2004 | 12 | Clerk's Entry of Default as to Stephen L. Benoit (jmd, ) (Entered: 02/24/2004) |
| 02/26/2004 | 14 | BNC Certificate of Mailing - PDF Document. Service Date 02/26/2004. (Related Doc # 11) (Admin.) (Entered: 02/27/2004) |
| 02/26/2004 | 15 | BNC Certificate of Mailing - PDF Document. Service Date 02/26/2004. (Related Doc # 13) (Admin.) (Entered: 02/27/2004) |
| 03/10/2004 | 16 | Judgment for Stephen E. Shamban, Chapter 7 Trustee against Stephen L. Benoit. Discharge denied. (jmd, ) (Entered: 03/10/2004) |
| 03/12/2004 | 17 | BNC Certificate of Mailing - PDF Document. Service Date 03/12/2004. (Related Doc # 16) (Admin.) (Entered: 03/13/2004) |

| PACER Service Center |
|---|
| Transaction Receipt |
|  |

| 01/28/2005 16:55:48 | | | |
|---|---|---|---|
| **PACER Login:** | mn0046 | **Client Code:** | 584424-00450 |
| **Description:** | Docket Report | **Search Criteria:** | 03-01476 Fil or Ent: Fil Doc From: 0 Doc To: 99999999 Links: n Format: HTMLfmt |
| **Billable Pages:** | 1 | **Cost:** | 0.07 |

| B 104<br>(Rev. 8/87) | **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) ➤ |
|---|---|---|

| **PLAINTIFFS**<br><br>STEPHEN E. SHAMBAN, CHAPTER 7 TRUSTEE | **DEFENDANTS**<br><br>STEPHEN L. BENOIT<br><br><br>NOV18'03 AM10:47 USB |
|---|---|

| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>FREDERICK J. WATSON (BBO 51760)<br>STEPHEN E. SHAMBAN LAW OFFICES, P.C.<br>P.O. BOX 850973, 639 GRANITE STREET<br>BRAINTREE, MA 02185-0973<br>(781) 849-1136 | **ATTORNEYS** (If Known)<br><br>PRO SE |
|---|---|

**PARTY** (Check one box only)     ☐ 1 U.S. PLAINTIFF     ☐ 2 U.S. DEFENDANT     ☒ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

THE TRUSTEE OBJECTS TO THE DEBTOR'S DISCHARGE PURSUANT TO 11 U.S.C. SEC. 727.

**NATURE OF SUIT**
(Check the one most appropriate box only.)

| | | |
|---|---|---|
| ☐ 454 To Recover Money or Property | ☐ 455 To revoke an order of confirmation of a Chap. 11 or Chap. 13 Plan | ☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action |
| ☐ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property | ☐ 426 To determine the dischargeability of a debt 11 U.S.C. §523 | |
| ☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property | ☐ 434 To obtain an injunction or other equitable relief | ☐ 459 To determine a claim or cause of action removed to a bankruptcy court |
| ☒ 424 To object or to revoke a discharge 11 U.S.C. §727 | ☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan | ☐ 498 Other (specify) |

| **ORIGIN OF PROCEEDINGS**<br>(Check one box only.) | ☒ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| **DEMAND** | NEAREST THOUSAND<br>$ | OTHER RELIEF SOUGHT | ☐ JURY DEMAND |
|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR<br>STEPHEN L. BENOIT | BANKRUPTCY CASE NO.<br>03-10140 | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>MASSACHUSETTS | DIVISIONAL OFFICE<br>BOSTON | NAME OF JUDGE<br>HILLMAN |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| **FILING FEE** (Check one box only.) | ☐ FEE ATTACHED | ☐ FEE NOT REQUIRED | ☒ FEE IS DEFERRED |
|---|---|---|---|
| DATE<br>11/17/03 | PRINT NAME<br>FREDERICK J. WATSON ESQ. | SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |

NOV18'03 AM10:47 USB

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>STEPHEN L. BENOIT,<br><br>      Debtor. | CHAPTER 7<br>CASE NO. 03-10140-WCH |
| STEPHEN E. SHAMBAN,<br>CHAPTER 7 TRUSTEE,<br>      Plaintiff,<br>VS.<br><br>STEPHEN L. BENOIT,<br>      Defendant. | ADVERSARY PROCEEDING<br>NO.<br><br><br><br>**COMPLAINT** |

## INTRODUCTION

This is a Complaint filed by the Chapter 7 Trustee objecting to the discharge of the Debtor, Stephen L. Benoit pursuant to 11 U.S.C. Sec. 727.

## PARTIES

1.  The Plaintiff, Stephen E. Shamban is the duly appointed Chapter 7 Trustee (the "Trustee") with a usual place of business at 639 Granite Street, P.O. Box 850973, Braintree, Massachusetts 02185-0973.

2.  The Defendant, Stephen L. Benoit is the Debtor (the "Debtor") who filed a voluntary Chapter 7 bankruptcy petition on January 7, 2003 and resides at 8 Linden Road, East Sandwich, Massachusetts 02537.

## JURISDICTION

3.  This Court has jurisdiction over the subject matter of this Complaint and it is a core proceeding pursuant to the provisions of 28 U.S.C. Section 1334 and Section 157(b)(2)(A) and (J).

1

## FACTS

4.    On or about May 1, 1996, the Debtor and Donald J. Morin ("Morin") established a trust
      known as the B&M Realty Trust (the "Trust") established under a Declaration of Trust
      dated May 1, 1996 and recorded at the Norfolk County Registry of Deeds on May 2,
      1996 in Book 11336, Page 535. Annexed hereto and marked Exhibit "A" is a true and
      correct copy of said Declaration of Trust establishing the B&M Realty Trust.

5.    The purpose of the Trust was to create a joint venture between the Debtor and Morin for
      the development of real estate into subdivisions to be sold to developers and others
      interested in building residential homes on the subdivision lots.

6.    Although there was no written joint venture agreement, it was agreed and/or understood
      by the Debtor and Morin that the Debtor would essentially develop the land and Morin
      would provide the financing to do so.

7.    According to the Trust Schedule of Beneficiaries, Morin's wife, Barbara Morin would be
      a 50% beneficiary and the Linden Realty Trust would be the other 50% beneficiary.
      Annexed hereto and marked Exhibit "B" is a copy of the Schedule of Beneficiaries.

8.    Through information and/or belief, it is believed that the Debtor is a Trustee of the
      Linden Realty Trust. Through information and/or belief, the beneficiaries of said trust
      are the Debtor's children.

9.    From approximately the inception of the Trust in May, 1996 up until sometime in the
      year 1999, the Debtor and Morin developed several subdivisions.

10.   On or about May 26, 1999, the Debtor resigned as Trustee of the Trust. Annexed hereto
      and marked Exhibit "C" is a copy of the resignation of Trustee executed by the Debtor
      and dated May 26, 1999 and recorded at the Norfolk County Registry of Deeds on June 2,
      1999 in Book 13491, Page 176.

2

11.    Sometime during the year 1999, the Trust became a party to at least two collection law suits or claims for debts owed by the Debtor through an entity in which the Debtor did business known as Superior Builders prior to his joint venture with Morin.

12.    The Trust settled a claim brought by National Lumber Company on behalf of the Debtor by paying National Lumber Company the sum of $100,000.00 and the Trust settled another claim brought by Wickes Lumber on behalf of the Debtor by paying Wickes Lumber the sum of $51,000.00.

13.    On or about December 18, 1998, the Trust paid Rockland Trust Company the sum of $26,243.71 to pay off a motor vehicle loan owed by the Debtor and which Morin co-signed. Annexed hereto and marked Exhibit "D" is a copy of a check dated December 18, 1998 on an account with the Trust paying Rockland Trust Company the sum of $26,243.71.

14.    On or about May 1, 1996, the Debtor borrowed the sum of $5,000.00 from an entity known as S.M. Engineering Co., Inc. payable in six (6) months. Morin is an officer and/or shareholder of S.M. Engineering Co. Inc. Annexed hereto and marked Exhibit "E" is a copy of the promissory note executed by the Debtor dated May 1, 1996. Annexed hereto and marked Exhibit "F" is a copy of a check from S.M. Engineering Co., Inc. payable to the Debtor dated May 1, 1996 in the sum of $5,000.00

15.    On or about July 8, 1996, the Debtor borrowed the sum of $9,000.00 from S.M. Engineering Co., Inc. and promised to repay said sum on July 29, 1996. Annexed hereto and marked Exhibit "G" is a copy of the promissory note executed by the Debtor dated July 8, 1996. Annexed hereto marked Exhibit "H" is a copy of a check from S.M. Engineering Co., Inc. to the Debtor in the sum of $9,000.00 dated July 8, 1996.

16.    Despite owing significant sums of money and debts to Morin, the Trust and S.M. Engineering Co., Inc., the Debtor failed to list Morin, the Trust and S.M. Engineering as creditors in his bankruptcy petition.

17.   On or about June 19, 2002, the Trust transferred all of its right, title and interest and sold to the Debtor the following equipment in consideration of $1.00:

a.     One Caterpillar 416C Cap Backhoe Loader, Serial Number 1WR03762 (the "backhoe")

b.     One Caterpillar D5C 111 Track-Type Bulldozer, Serial Number 9DL00573 (the "bulldozer")

Annexed hereto and marked Exhibit "I" is a copy of an undated and unnotarized Bill of Sale signed by the Debtor and Morin as Trustees of the Trust transferring title to the backhoe and bulldozer to the Debtor

18.   Also in 1999, the Trust transferred and delivered to the Debtor a Komatsu Excavator Model #PC220LC-3, Serial # 23094 (the "excavator").

19.   On or about June 19, 2002, the Debtor executed three promissory notes in which he promised to pay Morin the sum of $30,843.71, $14,000.00, and $18,300.00 respectively. Each note states that "[t]his Note is secured by One Caterpillar 416C Cat Backhoe Loader, Serial Number 1WR03762 and one Caterpillar D5C 111 Track-Type Bulldozer."

20.   In connection with the three promissory notes, the Debtor executed a UCC Financing Statement in favor of Morin securing the Debtor's promise to pay Morin the sums indicated in the three (3) promissory notes dated June 19, 2002. Annexed hereto and marked Exhibit "J" are the three promissory notes dated June 19, 2002 and annexed hereto and marked Exhibit "K" is a copy of the UCC Financing Statement.

21.   The backhoe was subsequently repossessed by Morin in the latter part of 2002 and was subsequently sold for the sum of $15,000.00. Annexed hereto and marked Exhibit "L" is a Bill of Sale from the Trust to Everett Savino along with a check dated April 22, 2003 from Savino Construction to the Trust in the sum of $10,000.00 representing a portion of the payment made for the Backhoe.

4

22.    Despite owing debts to Morin as reflected by the June 19, 2002 promissory notes, and despite granting Morin a security interest in the backhoe and bulldozer, the Debtor did not list those debts in his bankruptcy petition either as unsecured debts in Schedule F or secured debts in Schedule D.

23.    The repossession of the backhoe by Morin occurred within one year of the Debtor's bankruptcy petition.

24.    The Debtor failed to describe or note Morin's repossession of the backhoe in response to Question 5 of the Statement of Affairs.

25.    The Debtor failed to list as assets in Schedule B of his petition the bulldozer, the backhoe and the excavator.

26.    The Debtor's Section 341a hearing was originally held on March 7, 2003 and, by continuance, was conducted at length on two other occasions.

27.    At his creditors' meetings, the Debtor was examined under oath and was questioned by the Trustee regarding his assets and liabilities.

28.    The Trustee requested the Debtor to produce certain documents which the Debtor has failed to produce.

29.    Furthermore, the Debtor has failed to truthfully answer; failed to adequately answer; and failed to adequately explain his assets and liabilities.

30.    The Debtor has also failed to provide the Trustee with the location of certain assets belonging to him, including the bulldozer, the backhoe and the excavator and has provided a false address and location of the excavator.

<u>COUNT I</u>
[Objection to Discharge Pursuant to
11 U.S.C. Sec. 727(a)(2)(A) and/or (B)]

31.    The Trustee repeats and realleges the allegations in paragraphs one through thirty above.

32.    he Debtor should be denied his discharge pursuant to 11 U.S.C. Sec. 727(a)(2)(A) and/or
(B) since the Debtor, with intent to hinder, delay or defraud a creditor or an officer of the
estate charged with custody of property under this title, has transferred, removed,
destroyed, mutilated, or concealed, or has permitted to be transferred, removed,
destroyed, mutilated, or concealed property of the Debtor within one year before the date
of the filing of the petition or property of the estate, and/or after the date of the filing of
the petition.

<u>COUNT II</u>
[Objection to Discharge Pursuant to 11 U.S.C. Sec. 727(a)(3)]

33.    The Trustee repeats and realleges the allegations in paragraphs one through thirty two.

34.    The Debtor should be denied his discharge pursuant to 11 U.S.C. Sec. 727(a)(3) since he
has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded
information, including books, documents, records, and papers, from which the Debtor's
financial condition or business transactions might be ascertained, unless such act or
failure to act was justified under all of the circumstances of the case.

<u>COUNT III</u>
[Objection to Discharge Pursuant to 11 U.S.C. Sec. 727(a)(4)(A) and/or (D)]

35.    The Trustee repeats and realleges the allegations contained in paragraphs one through
thirty four above.

6

36. The Debtor should be denied his discharge pursuant to 11 U.S.C. Sec. 727(a)(4)(A) as he has made a false oath or account in connection with his bankruptcy and/or pursuant to 11 U.S.C. Sec. 727(a)(4)(D) since the Debtor has withheld from an officer of the estate entitled to possession under this Title, any recorded information, including books, documents, records, and papers relating to the Debtor's property or financial affairs.

## COUNT IV
[Objection to Discharge Pursuant to 11 U.S.C. Sec. 727(a)(5)]

37. The Trustee repeats and realleges the allegations in paragraphs one through thirty six above.

38. The Debtor should be denied his discharge because he has failed to explain satisfactorily, before determination of denial of discharge, any loss of assets or deficiency of assets to meet the Debtor's liabilities.

WHEREFORE, Stephen E. Shamban, the duly appointed Chapter 7 Trustee respectfully requests that this Honorable Court grant the following relief:

1. Enter an appropriate judgment or order denying the Debtor's discharge pursuant to 11 U.S.C. Sec. 727(a)(2)(A) and/or (B);

2. Enter an appropriate judgment or order denying the Debtor's discharge pursuant to 11 U.S.C. Sec. 727(a)(3);

3. Enter an appropriate judgment or order denying the Debtor's discharge pursuant to 11 U.S.C. Sec. 727(a)(4)(A) and/or (D);

4. Enter an appropriate judgment or order denying the Debtor's discharge pursuant to 11 U.S.C. Sec. 727(a)(5); and

7

5.    Grant such other and further relief as this court deems appropriate and just.



STEPHEN E. SHAMBAN, CHAPTER 7 TRUSTEE
By his Attorneys,
STEPHEN E. SHAMBAN LAW OFFICES, P.C.

By:_____
      FREDERICK J. WATSON (BBO 517670)
      P.O. BOX 850973
      639 GRANITE STREET
      BRAINTREE, MA  02185-0973
      (781) 849-1136

jm:benoit.11.13.03

EXHIBIT "A"

BK11336PG535

13

45996

### DECLARATION OF TRUST
### ESTABLISHING THE
# B & M REALTY TRUST

RECORDED
NORFOLK COUNTY REGISTRY OF DEEDS
DEDHAM, MA

CERTIFY

BARRY T. HANNON, REGISTER

We, Stephen L. Benoit of Sandwich, Barnstable County, Massachusetts, and **Donald J.**

**Morin** of Plainville, Norfolk County, Massachusetts, hereby declare that we and our successors in

trust hereunder will hold any property and interests in property that may be acquired by us as

Trustees hereunder for the sole benefit of the Beneficiaries for the time being hereunder upon the

terms herein set forth.  The term "Trustee" wherever used herein shall include such person or

persons who hereafter are serving as Trustee or Trustees hereunder, and the rights, powers,

authority and privileges granted hereunder to the Trustee may be exercised by such person or

persons.

    1.     The Trust hereby established may be referred to as the **B & M REALTY**

**TRUST.**

    2.     The original Beneficiaries of this Trust are the persons listed as Beneficiaries in the

Schedule of Beneficiaries this day executed by them and the Trustees and filed with the Trustees;

and the interests of the Beneficiaries are as stated in said Schedule.

    3.     The Beneficial Interest in this Trust is not assignable or transferable and any

attempted assignment or transfer of said Beneficial Interest, in whole or in part, shall be without

legal effect.  Any Trustee may without impropriety be or become a Beneficiary and exercise all

rights of a Beneficiary with the same effect as though he or she were not a Trustee.

JOHN P. POLLIS & ASSOCIATES
ATTORNEYS AT LAW
555 ELM STREET
NORTH ATTLEBOROUGH, MASSACHUSETTS 02760
(508) 695-4446



BK11336PG536

4.    The Trustees shall hold the property conveyed to them as Trustees and receive all the gains and profits therefrom for the benefit of the Beneficiaries, and shall make all distributions pursuant to the directions of the Beneficiaries.

5.    The Trustees shall have full power and authority to sell, mortgage, assign, transfer, pledge, borrow, lend, liquidate and otherwise deal with or dispense all or any part or parts of the Trust Property; and to execute and deliver deeds, leases, mortgages, subleases, agreements and other instruments with respect to the Trust Property; any or all of which may extend beyond the date of the termination of the Trust; and to borrow money (with or without security), and execute and deliver notes and other evidences of such borrowings; and to grant to or acquire rights or easements with respect to the Trust Property; and to give releases, discharges and extensions; provided that the Trustees shall not be required to take any action so directed which will in the opinion of the Trustees involve **Stephen L. Benoit and Donald J. Morin** in any personal liability unless first indemnified to the reasonable satisfaction of the Trustees. These provisions shall not affect or impair the rights of persons relying upon the public record as provided in Paragraph 8 hereof.

6.    The Trustees for the time being hereunder shall not be liable for any error of judgment nor for any loss arising out of any act or omissions in the execution of the Trust so long as he acts in good faith, but shall be responsible only for his own willful breach of trust. No leave or license of court shall be requisite to the validity of any transaction entered into by the Trustees. The Trustees and each agent, employee or representative of the Trustees shall be entitled to reimbursement out of the Trust Property for his or their reasonable expenses and outlays and shall be indemnified and reimbursed for any personal loss, costs, liability, expenses or damage by them or any of them incurred or suffered in the administration of the Trust Property or in conducting

- 2 -

BK 11336 PG 537

any business or performing any act authorized or permitted by this Trust, but such indemnity or reimbursement shall be limited to the Trust Property, and no Beneficiary shall be personally or individually liable therefor to any extent.

7.    No purchaser, transferee, pledgee, mortgagee or other lender shall be under any responsibility or liability to see to the application of any purchase money, or of any money loaned, or property loaned or delivered to the Trustees or to see that the terms and conditions of this Trust have been complied with or performed.

8.    Every agreement, mortgage, pledge, note, assignment, transfer, check, extension, release, discharge and other writing, document or instrument signed by the persons appearing from the records in the **Norfolk County Registry of Deeds** and/or the **Norfolk County Land Court Records**, to be the Trustees hereunder, shall be conclusive evidence in favor of every person relying thereon or claiming thereunder, that at the time of the execution and delivery thereof this Trust was in full force and effect, and that such instrument is valid, binding, effective and legally enforceable.

9.    Any person dealing with the Trust Property or the Trustees may always rely on a certificate signed by any person appearing from the records of the Registry to be the Trustees hereunder as to who is a Trustee, or who are the Beneficiaries hereunder, or as to the existence or non-existence of any fact or facts which constitute conditions precedent to acts by the Trustee or in any other manner germane to the affairs of the Trust.

10.    The Trustees may open, maintain and, at will, close out any checking and saving accounts and safe deposit boxes in any bank, trust company, lending or other financial institutions; and the Trustees may deposit funds and other assets of the Trust in such institutions and such safe

- 3 -

BK I I 336 PG 538

deposit boxes, and may disburse such funds on checks signed by the Trustees or any person or persons authorized, in writing, by the Trustees so to do, and may withdraw such funds and other assets on instruments or withdrawals signed by the Trustees or any person or persons authorized, in writing, by the Trustees so to do. Each such institution shall honor all checks and other instruments signed by such person or persons authorized by the Trustees to so sign, and permit such person or persons to have access to such safe deposit boxes; and such institutions may rely fully on the Trustee's signed authorizations so to do, as filed by the Trustees with such institution.

11.    Any Trustee hereunder may resign by written instrument signed and acknowledged by such Trustee and recorded in said Registry. In the event of any vacancy occurring in the office of a Trustee as a result of death, resignation, or inability of a Trustee to serve or otherwise, such vacancy shall be filled by a successor elected by the majority of the Beneficiaries, and successor Trustee shall assume such office only upon the recording in said Registry of an instrument signed and acknowledged by him setting forth the fact of the vacancy in the office of Trustee and his acceptance of said office. Any Trustee may be removed and any successor Trustee, other than the successor above named, may be appointed by an instrument or instruments signed by all of the Beneficiaries. However, no such removal or appointment by the Beneficiaries shall be effective until a certificate signed and acknowledged by the Trustee of record (in said Registry) shall have been recorded in said Registry, setting forth the fact of such removal or appointment and the acceptance in writing by any successor or additional Trustee or Trustees so appointed shall have been similarly recorded. The title to the Trust Estate shall vest in any such succeeding Trustee, without the necessity of any sale, transfer, assignment or conveyance. Any succeeding or additional Trustee shall have all the powers, rights, authority and privileges as if named as original Trustee hereunder. No Trustee shall be required to furnish bond.

- 4 -

BK 1 1 3 3 6 PG 5 3 9

12.    In every written contract made by the Trustees, reference shall be had to this instrument, and any person contracting or dealing with the Trustees shall look to the Trust Corpus and not to the Trustees individually, nor to the Beneficiaries, for the payment of any debt, note, mortgage, judgment or decree or any other obligation, or of any money that may otherwise become due and payable by reason of the failure on the part of the Trustees to perform such contract in whole or in part, or for any other cause or reason.

13.    The duration of this Trust shall be for twenty (20) years from this date.  In case of termination, the Trustees shall set over, assign, transfer and convey the entire Trust Property and Estate, subject to any leases, mortgages, contracts or other encumbrances on the Trust Estate, to the Beneficiaries as tenants in common in proportion to their respective interests, and free of all trusts.

14.    This Declaration of Trust may be amended, altered or revoked by an instrument in writing signed by all the then Trustees serving hereunder and authorized by the Beneficiaries and acknowledged by such Trustees or Beneficiaries and recorded with said Registry.

15.    No Trustee serving at any time hereunder shall be required to give any bond or other security for faithful performance of such Trustee's duties in any jurisdiction whatsoever, or if any such bond shall be required, no surety shall be required thereon.

16.    Except as otherwise herein provided, every act or thing done and every power exercised or obligation incurred by a Trustee in the administration of this Trust or in connection with any business property or concerns of this Trust, whether ostensibly in his own name or in his capacity as Trustee, shall be done, exercised or incurred by him as a Trustee and not as an individual; and every person contracting or dealing with a Trustee or any of them or having any debt, claim or judgment against them shall look only to the funds and property of the Trust for

- 5 -

BK1133PG540

payment or satisfaction; and no Trustee, Beneficiary or agent of the Trust shall be personally liable for or on account of any contract, debt, tort, claim, damage, judgment or decree arising out of or in connection with the Trust Property or the conduct of the business of the Trust. A stipulation or notice to this effect may be inserted in any contract or instrument executed by the Trustees or their agents, but the omission thereof shall not be construed as a waiver of the foregoing provision and shall not render the Trustees personally liable. Notwithstanding the foregoing, however, the restrictions contained within this Paragraph shall not apply to any agreement or obligation, provided the same is in writing, and further provided the signature of the Trustee involved appears immediately above or next to the word "individually".

17.    The interest of any beneficiary in any share or part of the Trust Property, both principal and income, shall not be alienable, assignable, attachable or transferable or paid by way of anticipation or in compliance with any order, assignment or conveyance and shall not be applied to or held liable for any of their just debts or obligations, either in law or in equity, and shall not in any event pass to the Trustees or their assignee or trustee under any assignment or under any insolvency or bankruptcy law, and shall not be subject to the interference or control of creditors, spouses or others.

18.    All references to the Trustee or Trustees shall apply to Trustees for the time being and also substitute, successor or additional Trustees, where the context so permits; words in the singular number shall include the plural for and vice versa and words denoting males shall include females and vice versa; words denoting persons include firms, associations, corporations and the like unless a contrary intention is to be inferred from the subject matter or context. All of the terms and provisions herein contained shall take effect and be construed according to the laws of the Commonwealth of Massachusetts.

- 6 -

BK11336PG541

**IN WITNESS WHEREOF**, the undersigned have hereunto set their hands and seals on this 1st day of _May_____, 1996, and in doing so do hereby accept this Trust and signify their assents to the instrument as Trustees.

_Stephen L. Benoit_
Stephen L. Benoit

_Donald J. Morin_
Donald J. Morin

**COMMONWEALTH OF MASSACHUSETTS**

_May 1_, 1996

BRISTOL, SS

Then personally appeared Stephen L. Benoit and Donald J. Morin, Trustees, and acknowledged the foregoing instrument to be their free act and deed as Trustee, before me,

Notary Public
My commission expires: _____

JOHN P. POLLIS - NOTARY PUBLIC
My Commission Expires September 30, 1999

- 7 -

EXHIBIT "B"

## B & M REALTY TRUST
## SCHEDULE OF BENEFICIARIES

NAME:                                          AMOUNT:

1.    Barbara Morin                            50%

2.    Linden Realty Trust                      50%



EXHIBIT "C"

BK 13491 PG 476

## RESIGNATION OF TRUSTEE
### MAY 26, 1999

I, Stephen L. Benoit of Sandwich, Barnstable County, Massachusetts being a Trustee of B & M Realty Trust dated May 1, 1996 and recorded with Norfolk County Registry of Deeds in Book 11336, Page 535, do hereby resign as Trustee of B & M Realty Trust effective May 26, 1999.

Stephen L. Benoit

## COMMONWEALTH OF MASSACHUSETTS

BRISTOL COUNTY, ss                                    May 26, 1999

        Then personally appeared the above named Stephen L. Benoit, and acknowledged the foregoing instrument to be his free act and deed, before me,

Notary Public
My commission expires:

MICHAEL J. DUGGAN
Notary Public
My Commission Expires June 5, 2003

RECEIVED AND RECORDED
NORFOLK COUNTY
REGISTRY OF DEEDS
DEDHAM, MA
CERTIFY

BARRY T. HANNON, REGISTER

EXHIBIT "D"

**B & M REALTY**
83 CHESTNUT STREET
P.O. BOX 948
NORTH ATTLEBORO, MA 02760

1587

5-39/110 281

12-18 19 98

PAY TO THE
ORDER OF   ROCKLAND TRUST                                    $ 26,243 ²⁄₁₀₀

EXACT   AMOUNT                                    DOLLARS

BANK OF BOSTON                                    TWO SIGNATURES REQUIRED

THE FIRST NATIONAL BANK OF BOSTON

FOR  STEVE TRUCK

⑈001587⑈  ⑆011000390⑆  560 91443⑈

B & M PAID OFF STEVE BENOIT CAR OUT OF
MONEY OWED TO DONALD J. MORIN

EXHIBIT "E"

$ 5,000.00                          MAY 1                          19 96

(6)  SIX MONTHS                    after date I promise to pay

to the order of    S M ENGINEERING CO INC

                   FIVE THOUSAND DOLLARS                          Dollars

at   NORTH ATTLEBORO  MA  02760

Value received

No  60    Due  11-1-96                  STEPHEN  BENOIT



EXHIBIT "G"

$ 9,000.00                JULY 8                        19 96

(3) WEEKS                    afterdate I promise to pay

to the order of    S M ENGINEERING CO INC

NINE THOUSAND DOLLARS                        Dollars

at    NORTH ATTLEBORO MA    02760

Value received

No. 61    Due   7-29-96

EXHIBIT "H"





EXHIBIT "1"

Date:_____                    BILL OF SALE
                                   (Motor Vehicle or Trailer)

For $1.00 One Dollar, receipt of which is hereby acknowledged. We, Stephen Benoit and Donald Morin, Trustees of B&M Realty Trust, under Declaration of Trust dated _____, hereby sell, assign, and transfer to Stephen Benoit, individually, of Sandwich, Massachusetts, all rights title and interest in one Caterpillar 416C Cat Backhoe Loader, Serial Number 1WR03762 and one Caterpillar D5C 111 Track-Type Bulldozer, Serial Number 9DL00573, and we, Trustees, certify that it is the personal property of B&M Realty Trust, and that we Stephen Benoit and Donald Morin, as Trustees of B&M Realty Trust have the legal right to dispose of same and that said Caterpillar 416C Cat Backhoe Loader and Caterpillar D5C 111 Track Type Bulldozer is free from all claims or liens whatsoever.

_____                    _____
Witness                                    Stephen Benoit, Trustee
                                           B&M Realty Trust

                                           _____
_____                    Donald Morin, Trustee
Witness                                     B&M Realty Trust

## COMMONWEALTH OF MASSACHUSETTS

Bristol, SS                                _____

Then personally appeared the above named Stephen Benoit and Donald Morin Trustees of B&M Realty Trust and acknowledged the foregoing act to be their and it's free act and deed before me,

                                           _____
                                           Notary Public

                                           _____
                                           My Commission Expires

EXHIBIT "J"

$14,000.00                                                              June 19, 2002

**FOR VALUE RECEIVED,** I, Stephen Benoit promise to pay to Donald Morin or

his order, the sum of $30,843.71 Thirty Thousand Eight Hundred Forty Three dollars and 71/100,

in ten months from this date with out interest during said term, and for such further time as said

principal sum or any part thereof shall remain unpaid.

Signed in the presence of                    )
                                             )    _____
                                             )        Stephen Benoit
                                             )
                                             )

This Note is secured by One Caterpillar 416C Cat Backhoe Loader, Serial Number 1WR03762
and one Caterpillar D5C 111 Track Type Bulldozer.

JOHN P. POLLIS & ASSOCIATES
ATTORNEYS AT LAW
555 ELM STREET
NORTH ATTLEBOROUGH, MASSACHUSETTS 02760
(508) 695-4446



$14,000.00                                                                      June 19, 2002

**FOR VALUE RECEIVED,** I, Stephen Benoit promise to pay to Donald Morin or

his order, the sum of $18,300.00 Eighteen Thousand Three Hundred dollars, due and payable as

follows;

$5000.00        by July 19, 2002

$5,000.00       by August 19, 2002

$5,000.00       by September 19, 2002; and the final payment of

$3,300.00       by October 19, 2002.

with out interest during said term, and for such further time as said principal sum or any part

thereof shall remain unpaid.

Signed in the presence of                    )
                                             )
                                             )    _____
                                             )           Stephen Benoit
                                             )

This Note is secured by One Caterpillar 416C Cat Backhoe Loader, Serial Number 1WR03762
and one Caterpillar D5C 111 Track-Type Bulldozer.



$14,000.00                                                                June 19, 2002

**FOR VALUE RECEIVED,** I, Stephen Benoit promise to pay to Donald Morin or

his order, the sum of $14,000.00, Fourteen Thousand dollars, in four months from this date with

out interest during said term, and for such further time as said principal sum or any part thereof

shall remain unpaid.


Signed in the presence of                    )
                                             )
                                             )
                                             )
                                                  _____
                                                  Stephen Benoit


This Note is secured by One Caterpillar 416C Cat Backhoe Loader, Serial Number 1WR03762
and one Caterpillar D5C 111 Track-Type Bulldozer.


JOHN P. POLLIS & ASSOCIATES
ATTORNEYS AT LAW
555 ELM STREET
NORTH ATTLEBOROUGH, MASSACHUSETTS 02760
(508) 695-4446

76113

EXHIBIT "K"

IMPORTANT — READ INSTRUCTIONS ON BACK BEFORE FILLING OUT FORM — DO NOT DETACH STUB

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

John P. Pollis
555 Elm Street
North Attleborough, MA 02760

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| Benoit | Stephen | | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 8 Linden Road | Sandwich | MA | 02563 | USA |

1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | ☐ NONE

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| | | | | |

2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | ☐ NONE

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| Morin | Donald | | |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| P.O. Box 948 | North Attleborough | MA | 02760 | USA |

4. This FINANCING STATEMENT covers the following collateral:

Caterpillar 416C Cat Backhoe Loader, Serial Number 1WR03762

Caterpillar D5C 111 Track-Type Bulldozer, Serial Number 9DL00573



5. ALTERNATIVE DESIGNATION [if applicable]: | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING

6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | All Debtors | Debtor 1 | Debtor 2

8. OPTIONAL FILER REFERENCE DATA

EXHIBIT "L"

D&M REALTY TRUST
83 CHESTNUT ST
NO ATTLEBORO, MA 02761
508 6994484

SOLD AS IS WHEREIS (1) ONE

CATTERPILLAR 416C IT BACK HOE LOADER

SERIAL NO. 1WR03362 — 1510 HRS.

TO EVERETT SAVINO

For 15,000.00

Donald J Morin TRUSTEE

DONALD J MORIN TRUSTEE



SAVINO CONSTRUCTION

1106

DATE 4-22-03

PAY TO THE ORDER OF  B And M Realty trust            $ 10,000

ten thousand                                    DOLLARS

Crescent Credit Union

MEMO  416 BACKhoe

⑆2⑈38⑈437⑆⑈40C0 2040⑈ 1106

⑆5447⑈6 095 ⑆⑈6505⑈5034⑈ 2⑈⑈5⑆

B & M REALTY

BankBoston

PAID 4-22-3

EXHIBIT "D"

B & M REALTY                                                    1587
83 CHESTNUT STREET                                          5-39/110-281
P.O. BOX 948
NORTH ATTLEBORO, MA 02760

PAY
TO THE
ORDER OF _ROCKLAND  TRUST_                          | $ _26,243 ⁴⁴_

EXACT  AMOUNT                              DOLLARS

BANK OF BOSTON                             TWO SIGNATURES REQUIRED

THE FIRST NATIONAL BANK OF BOSTON

FOR _STEVE TRUCK_

⑈⑈0015871⑈ ⑆011000390⑆ 560 91443⑈

BZM PAID OFF STEVE BENOIT CAR OUT OF
MONEY OWED TO DONALD J. MORIN

EXHIBIT "E"

$ 5,000.00 _____        MAY 1 _____        19 96

(6)  SIX MONTHS _____  *after date* I  *promise to pay*

*to the order of*   S M ENGINEERING CO INC

FIVE THOUSAND DOLLARS                     *Dollars*

*at*   NORTH ATTLEBORO  MA  02760

*Value received*

*No.* 60    *Due* 11-1-96 _____

STEPHEN  BENOIT



EXHIBIT "G"

| | | |
|---|---|---|
| $ 9,000.00 | JULY 8 | 19 96 |

(3) WEEKS *after date* *promise to pay*

to the order of ___ S M ENGINEERING CO INC

NINE THOUSAND DOLLARS *Dollars*

at ___ NORTH ATTLEBORO MA    02760

*Value received*

No. 61 ___ *Due* 7-29-96 ___

EXHIBIT "H"



EXHIBIT "I"

Date:_____                BILL OF SALE
                                (Motor Vehicle or Trailer)

    For $1.00 One Dollar, receipt of which is hereby acknowledged, We, Stephen Benoit and Donald Morin, Trustees of B&M Realty Trust, under Declaration of Trust dated _____, hereby sell, assign, and transfer to Stephen Benoit, individually, of Sandwich, Massachusetts, all rights title and interest in one Caterpillar 416C Cat Backhoe Loader, Serial Number 1WR03762 and one Caterpillar D5C 111 Track-Type Bulldozer, Serial Number 9DL00573, and we, Trustees, certify that it is the personal property of B&M Realty Trust, and that we Stephen Benoit and Donald Morin, as Trustees of B&M Realty Trust have the legal right to dispose of same and that said Caterpillar 416C Cat Backhoe Loader and Caterpillar D5C 111 Track Type Bulldozer is free from all claims or liens whatsoever.

_____              _____
Witness                                  Stephen Benoit, Trustee
                                         B&M Realty Trust

                                         _____
_____              Donald Morin, Trustee
Witness                                  B&M Realty Trust

## COMMONWEALTH OF MASSACHUSETTS

Bristol, SS                              _____

    Then personally appeared the above named Stephen Benoit and Donald Morin Trustees of B&M Realty Trust and acknowledged the foregoing act to be their and it's free act and deed before me,

                        _____
                        Notary Public

                        _____
                        My Commission Expires

EXHIBIT "J"

$14,000.00                                                                June 19, 2002

**FOR VALUE RECEIVED,** I, Stephen Benoit promise to pay to Donald Morin or

his order, the sum of $30,843.71 Thirty Thousand Eight Hundred Forty Three dollars and 71/100,

in ten months from this date with out interest during said term, and for such further time as said

principal sum or any part thereof shall remain unpaid.

Signed in the presence of                    )
                                             )    _____
                                             )       Stephen Benoit
                                             )
                                             )

This Note is secured by One Caterpillar 416C Cat Backhoe Loader, Serial Number 1WR03762
and one Caterpillar D5C 111 Track-Type Bulldozer.

JOHN P. POLLIS & ASSOCIATES
ATTORNEYS AT LAW
555 ELM STREET
NORTH ATTLEBOROUGH, MASSACHUSETTS 02760
(508) 695-4446



$14,000.00                                                                    June 19, 2002

**FOR VALUE RECEIVED**, I, Stephen Benoit promise to pay to Donald Morin or

his order, the sum of $18,300.00 Eighteen Thousand Three Hundred dollars, due and payable as

follows;

$5000.00         by July 19, 2002

$5,000.00        by August 19, 2002

$5,000.00        by September 19, 2002, and the final payment of

$3,300.00        by October 19, 2002.

with out interest during said term, and for such further time as said principal sum or any part

thereof shall remain unpaid.

Signed in the presence of                )
                                         )
                                         )    _____
                                         )         Stephen Benoit
                                         )

This Note is secured by One Caterpillar 416C Cat Backhoe Loader, Serial Number 1WR03762
and one Caterpillar D5C 111 Track-Type Bulldozer.

$14,000.00                                                               June 19, 2002

**FOR VALUE RECEIVED,** I, Stephen Benoit promise to pay to Donald Morin or

his order, the sum of $14,000.00, Fourteen Thousand dollars, in four months from this date with

out interest during said term, and for such further time as said principal sum or any part thereof

shall remain unpaid.


Signed in the presence of              )
                                       )
                                       )  _____
                                       )  Stephen Benoit


This Note is secured by One Caterpillar 416C Cat Backhoe Loader, Serial Number 1WR03762
and one Caterpillar D5C 111 Track-Type Bulldozer.


JOHN P. POLLIS & ASSOCIATES
ATTORNEYS AT LAW
555 ELM STREET
NORTH ATTLEBOROUGH, MASSACHUSETTS 02760
(508) 695-4446



EXHIBIT "K"

76113    IMPORTANT — READ INSTRUCTIONS ON BACK BEFORE FILLING OUT FORM — DO NOT DETACH STUB

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER (optional)

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

John P. Pollis
555 Elm Street
North Attleborough, MA 02760

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| | 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | Benoit | Stephen | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 8 Linden Road | Sandwich | MA | 02563 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| | 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| | 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | Morin | Donald | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| P.O. Box 948 | North Attleborough | MA | 02760 | USA |

4. This FINANCING STATEMENT covers the following collateral:

Caterpillar 416C Cat Backhoe Loader, Serial Number 1WR03762

Caterpillar D5C 111 Track-Type Bulldozer, Serial Number 9DL00573



| 5. ALTERNATIVE DESIGNATION (if applicable): | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.  Attach Addendum [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | | ☐ All Debtors | ☐ Debtor 1 | ☐ Debtor 2 |
| 8. OPTIONAL FILER REFERENCE DATA | | | | | | |

EXHIBIT "L"

B&M REALTY TRUST
83 CHESTNUT ST
No ATTLEBORO, MA 02761
508 699 4484

SOLD AS IS WHEREIS (1) ONE
CATTERPILLAR 416C IT BACK HOE LOADER
SERIAL NO. 1WR03362 — 1510 HRS.
TO EVERETT SAVINO

For 15,000.00

Donald J Morin Trustee
DONALD J MORIN TRUSTEE



MORIN
#26
10/15/03    LLS

SAVINO CONSTRUCTION

50-8145/2113
40003040

1106

DATE 4-22-03

PAY TO THE
ORDER OF B And M ReaLty trust        $ 10,000

ten thousand        DOLLARS

Crescent
Credit Union

MEMO 416 BACK st

⑆211381437⑆40003040⑈ 1106

⑆F5556 095 ⑆6505⑈2115⑆

B & M REALTY

BankBoston.

4-22-03

15,000.00

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

IN RE:                                          CHAPTER 7
                                                CASE NO. 03-10140-WCH

         STEPHEN L. BENOIT,

             Debtor.


STEPHEN E. SHAMBAN, CHAPTER 7
TRUSTEE,
             Plaintiff,

VS.                                             ADVERSARY
                                                PROCEEDING NO. 03-1476
STEPHEN L. BENOIT,
             Defendant.


## JUDGMENT

This matter having come before this Court upon the Plaintiff's Motion for Entry of Default and Plaintiff's Motion for Entry of Default Judgment, and after service of the Summons and Adversary Complaint upon the Defendant, and in view of the Defendant's failure to file and serve an Answer to the Adversary Complaint by the deadline set forth in the Summons, and after Notice to said Defendant the following Judgment shall enter:

The Debtor, Stephen L. Benoit's discharge is hereby denied pursuant to 11 U.S.C. Sec. 727. A Notice shall issue to the Defendant, all creditors and to all interested parties and to all persons who have filed an appearance in this case advising that the Debtor's discharge has been denied.

Entered this 10 day of March, 2004.


                              WILLIAM C. HILLMAN,
                              U.S. BANKRUPTCY COURT JUDGE

mr:3.3.04

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

In Re:    Stephen L. Benoit
          Debtor,

Chapter: 7
Case No: 03–10140
Judge William C. Hillman

## NOTICE OF DENIAL OF DISCHARGE

TO ALL CREDITORS OF Stephen L. Benoit :


By order entered on **MARCH 10, 2004** in Adversary Proceeding No. **03 –1476** , this Court has ordered and declared that the debts of the Debtor, **Stephen L. Benoit** shall not be discharged in the Debtor's bankruptcy case. Therefore, despite the Debtor's bankruptcy filing, creditors are now free to enforce, or to resume enforcing, their claims against the Debtor outside of this bankruptcy case. Creditors' claims against the Debtor are as valid and enforceable as they would have been if the Debtor had not filed a bankruptcy petition. However, be aware that


1.    the automatic stay continues to stay acts against property of the bankruptcy estate until either the bankruptcy case is closed or the asset at issue is abandoned, so creditors may not enforce their rights against an asset of the bankruptcy estate until the bankruptcy case is closed, the Chapter 7 Trustee abandons the assets (see 11 U.S.C. § 362(c) and 554), or a creditor seeks and obtains relief from the automatic stay to proceed against the asset; and

2.    except for debts of the kinds listed in 11 U.S.C. § 522(c)(1),(2), and (3), creditors may not enforce their claims against assets that the Debtor has exempted under 11 U.S.C. § 522 in the bankruptcy case.


Date:3/10/04

James M. Lynch
Clerk, U.S. Bankruptcy Court


By the Court,

Joan M. Dwyer
Deputy Clerk
(617) 565– 5916

MAR 11 '04 AM 10:40 USB

| SB104 (Rev. 2/92) | **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| STEPHEN E. SHAMBAN, CHAPTER 7 TRUSTEE | DONALD J. MORIN, INDIVIDUALLY AND AS TRUSTEE OF B&M REALTY TRUST |

| ATTORNEYS (Firm Name, Address, and Telephone No.) FREDERICK J. WATSON, ESQ. (BBO 517670) P.O. BOX 850973, 639 GRANITE STREET BRAINTREE, MA 02185-0973 (781) 849-1136 | ATTORNEYS (If Known) |
|---|---|

**PARTY** (Check one box only)    ☐ 1 U.S. PLAINTIFF    ☐ 2 U.S. DEFENDANT    ☒ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

THIS IS AN ADVERSARY COMPLAINT FILED BY THE CHAPTER 7 TRUSTEE SEEKING TO OVERTURN THE DEBTOR'S GRANTING OF A SECURITY INTEREST TO THE DEFENDANT IN CERTAIN EQUIPMENT THAT THE CHAPTER 7 TRUSTEE ALLEGES IS A PREFERENCE PURSUANT TO 11 U.S.C. SEC. 547.   THIS COMPLAINT ALSO SEEKS TURNOVER OF CERTAIN FUNDS FROM THE DEFENDANT RECEIVED PURSUANT TO AN UNAUTHORIZED POST-PETITION REPOSSESSION AND SALE OF CERTAIN COLLATERAL CONSISTING OF A CATERPILLAR 416C CAT BACKHOE LOADER, SERIAL NUMBER 1WR03362.

**NATURE OF SUIT**
(Check the one most appropriate box only.)

| | |
|---|---|
| ☒ 454  To recover money or property | ☐ 455  To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan |
| ☐ 435  To determine validity, priority, or extent of a lien or other interest in property | ☐ 426  To determine the dischargeability of a debt 11 U.S.C. § 523 |
| ☐ 458  To obtain approval for the sale of both the interest of the estate and of a co-owner in property | ☐ 434  To obtain an injunction or other equitable relief |
| ☐ 424  To object or to revoke a discharge 11 U.S.C. § 727 | ☐ 457  To subordinate any allowed claim or interest except where such subordination is provided in a plan |

☐ 456  To obtain a declaratory judgment relating to any of the foregoing causes of action

☐ 459  To determine a claim or cause of action removed to a bankruptcy court

☐ 498  Other (specify)

| ORIGIN OF PROCEEDINGS (Check one box only.) | ☒ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| DEMAND | NEAREST THOUSAND $ 15,000.00 | OTHER RELIEF SOUGHT AVOID PREFERENTIAL TRANSFER OF SECURITY | INTEREST | ☐ JURY DEMAND |
|---|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR STEPHEN L. BENOIT | BANKRUPTCY CASE NO. 03-10140 | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING MASSACHUSETTS | DIVISIONAL OFFICE BOSTON | NAME OF JUDGE HILLMAN |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| FILING FEE    (Check one box only.) | ☐ FEE ATTACHED | ☐ FEE NOT REQUIRED | ☒ FEE IS DEFERRED |
|---|---|---|---|

| DATE 3/5/04 | PRINT NAME FREDERICK J. WATSON, ESQ. | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|---|---|

MAR 11 '04 AM 10:40 USB

United States Bankruptcy Court

District of Massachusetts

IN RE:
    STEPHEN L. BENOIT

CASE NO.  03-10140-WCH

DEBTOR

---

STEPHEN E. SHAMBAN,
CHAPTER 7 TRUSTEE
       PLAINTIFF

VS

DONALD J. MORIN, INDIVIDUALLY
AND AS TRUSTEE OF B&M REALTY TRUST
    DEFENDANT

ADVERSARY PROCEEDING

NO. _____

---

TRUSTEE'S APPLICATION TO DEFER
PAYMENT OF FILING FEE

THE UNDERSIGNED TRUSTEE OF THE ABOVE-NAMED DEBTOR HEREBY
REPRESENTS THAT:

1. HE IS FILING HEREWITH A COMPLAINT WITH THE CLERK OF
THIS COURT AND THAT THERE ARE INSUFFICIENT FUNDS IN THE ESTATE
TO PAY THE REQUIRED FILING FEE OF $150.00
2. THE AMOUNT OF MONEY ON DEPOSIT FOR THE DEBTOR'S ESTATE
IS PRESENTLY LESS THAN THE REQUIRED FILING FEE;
3. THE FILING OF THIS COMPLAINT IS IN THE BEST INTEREST
OF THE ESTATE.

WHEREFORE, THE TRUSTEE PRAYS FOR THE ENTRY OF AN ORDER
ALLOWING THE FILING OF THE ABOVE-ENTITLED COMPLAINT WITHOUT
PREPAYMENT OF THE FILING FEE, AND THAT SAID FILING FEE BE DEFERRED
UNTIL CONCLUSION OF THE ABOVE CASE AND THE DETERMINATION AS
TO WHETHER THERE IS MONEY IN THE ESTATE.

_____
TRUSTEE

ORDER

IT IS HEREBY ORDERED THAT THE TRUSTEE BE AND HEREBY IS
ALLOWED TO FILE THE ABOVE-ENTITLED COMPLAINT WITHOUT PREPAYMENT
OF THE FILING FEE; AND IT IS FURTHER ORDERED THAT THE DEFERRED
FILING FEE BE COLLECTED FROM THE ESTATE, IF ANY, AT THE CONCLUSION
OF THE CASE UNLESS OTHERWISE ORDERED BY THE COURT.

BY THE COURT,

DATED: _____

_____
DEPUTY CLERK

OE-10

MAR11'04 AM10:41 USB

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>STEPHEN L. BENOIT,<br><br>Debtor. | CHAPTER 7<br>CASE NO.  03-10140-WCH |
| STEPHEN E. SHAMBAN,<br>CHAPTER 7 TRUSTEE,<br>Plaintiff, | ADVERSARY PROCEEDING<br>NO. |
| VS.<br><br>DONALD J. MORIN, INDIVIDUALLY<br>AND AS TRUSTEE OF B&M<br>REALTY TRUST,<br>Defendant. | **COMPLAINT** |

### INTRODUCTION

This is an Adversary Complaint filed by the Chapter 7 Trustee seeking to overturn the Debtor's granting of a security interest to the Defendants in certain equipment that the Chapter 7 Trustee alleges is a preference pursuant to 11 U.S.C. Sec. 547. This Complaint also seeks turnover of certain funds from the Defendants they received pursuant to an unauthorized post-petition repossession and sale of certain collateral consisting of a Caterpillar 416C Cat backhoe loader, Serial Number 1WR03362.

### PARTIES

1.     The Plaintiff, Stephen E. Shamban is a duly appointed Chapter 7 Trustee (the "Trustee") with a usual place of business at 639 Granite Street, P.O. Box 850973, Braintree, MA  02185-0973.

2.     The Defendant, Donald J. Morin ("Morin") is an individual and is Trustee of B&M Realty Trust who resides at 7 Azeria Drive, Plainville, Massachusetts  02760.  Morin and the Trust are believed to have a mailing address of P.O. Box 948, North Attleboro, MA  02760.

### JURISDICTION

3.     The Court has jurisdiction over the subject matter of this Complaint and is a core proceeding pursuant to the provisions of 28 U.S.C. Sec. 1334 and 28 U.S.C. Sec. 157(b)(2)(A), (F) and (O).

## FACTS

4.      On or about May 1, 1996, the Debtor and Donald J. Morin ("Morin") established a trust known as the B&M Realty Trust (the "Trust") established under a Declaration of Trust dated May 1, 1996 and recorded at the Norfolk County Registry of Deeds on May 2, 1996 in Book 11366, Page 535.  Annexed hereto and marked Exhibit "A" is a true and correct copy of said Declaration of Trust establishing the B&M Realty Trust.

5.      The purpose of the Trust was to create a joint venture and/or partnership between the Debtor Stephen Benoit (the "Debtor") and Morin for the development of real estate into subdivisions or house lots to be sold to developers and others interested in building residential homes on the lots.

6.      Although there was no written joint venture and/or partnership agreement, it was agreed and/or understood by the Debtor and Morin that the Debtor would essentially develop the land and Morin would provide the financing to do so.

7.      According to the Trust Schedule of Beneficiaries, Morin's wife, Barbara Morin would be a 50% beneficiary and the Linden Realty Trust would be the other 50% beneficiary.  Annexed hereto and marked Exhibit "B" is a copy of the Schedule of Beneficiaries.

8.      Through information and/or belief, it is believed that the Debtor is a Trustee of the Linden Realty Trust.  Through information and/or belief, the beneficiaries of said trust are the Debtor's children.

9.      From approximately the inception of the Trust in May, 1996 up until sometime in the year 1999, the Debtor and Morin developed several subdivisions.

10.     On or about May 26, 1999, the Debtor resigned as Trustee of the Trust.  Annexed hereto and marked Exhibit "C" is a copy of the resignation of Trustee executed by the Debtor and dated May 26, 1999 and recorded at the Norfolk County Registry of Deeds on June 2, 1999 in Book 13491, Page 176.

11.     Although Benoit resigned as Trustee of the Trust, he continued to provide services on behalf of the partnership by finishing up work on the development of certain real estate after he resigned.

12.     Furthermore, after his resignation from the Trust, the Linden Realty Trust continued as a beneficiary under the Trust and at all relevant times herein, has been a 50% beneficiary of the Trust.

13.     The partnership relationship between Benoit and Morin did not end until June 19, 2002 whereby Benoit executed a certain agreement dated June 19, 2002 in which he agreed that he would not hereafter charge any amounts or make any guarantees resulting in the binding of the Trust to any debt or obligation of Benoit's.  Annexed hereto and marked Exhibit "D" is a copy of same Agreement.

14.    On or about June 19, 2002, Benoit, as Trustee of the Trust sold, assigned and transferred to Benoit all right, title and interest in a Caterpillar 416C Cat Backhoe Loader, Serial Number 1WR033362 and a Caterpillar D5C 111 Track-Type Bulldozer, Serial Number 9DL00J73. Annexed hereto and marked Exhibit "E" is an undated Bill of Sale[1] regarding the transaction.

15.    On or about June 19, 2002, Benoit executed and delivered to Morin three separate promissory notes in favor of Morin in the total sum of $63,143.71 for money already owed by Benoit to Morin. Annexed hereto and marked Exhibit "F" are the three promissory notes.

16.    To secure the repayment of the sum of $63,143.71, Benoit executed a Uniform Commercial Code Financing Statement in favor of Morin, **individually** as the secured party securing collateral consisting of a Caterpillar 416C Cat Backhoe Loader, Serial Number 1WRO33362 and a Caterpillar D5C 111 Track-Type Bulldozer, Serial Number 9DL00573. Annexed hereto and marked Exhibit "G" is a copy of the Uniform Commercial Code Financing Statement.

17.    In the latter part of 2002 after the Debtor filed his voluntary bankruptcy petition, Morin repossessed the backhoe.

18.    After repossessing the backhoe, Morin, **as Trustee of the Trust** sold the backhoe to Everett Savino for the sum of $15,000.00. Annexed hereto and marked Exhibit "H" is a copy of a Bill of Sale from Morin to Savino regarding the backhoe along with a copy of a check from Savino Construction payable to B&M Realty Trust dated April 22, 2003 in the sum of $10,000.00 representing partial payment.

COUNT I
[Avoidance of Preference Pursuant to 11 U.S.C. Sec. 547(b)(B)]

19.    The Trustee repeats and realleges the allegations in paragraphs 1 through 18 above.

20.    The Debtor's granting of the security interest in the backhoe and bulldozer was a transfer of an interest of the Debtor in property.

21.    Such transfer was to or for the benefit of a creditor, Morin, individually and/or as Trustee of the Trust.

22.    Such transfer was for or on account of an antecedent debt owed by the Debtor before transfer was made.

23.    Said transfer was made while the Debtor was insolvent.

24.    Said transfer was made between 90 days and one year before the date of the filing of the petition, and such creditor or creditors (Morin and/or B&M Realty Trust) at the time of such transfer was an insider and/or were insiders.

---

[1] Morin testified under oath at an examination conducted under Bankruptcy Rule 2004 that the Bill of Sale was "most likely" executed on June 19, 2002.

MAR11'04 AM10:41 USB

## COUNT II
### [Conversion of Estate Property and Turnover of Proceeds of Sale and Any Other Amounts Representing the Value of the Repossessed Backhoe]

25. The Trustee repeats and realleges the allegations in paragraphs 1 through 24 above.

26. Morin's and/or the Trust's repossession of the backhoe was undertaken and completed post-petition and was without Bankruptcy Court approval.

27. As a direct and proximate result thereof, Morin and/or the Trust converted a potential asset of the bankruptcy estate.

28. In the event this Honorable Court avoids the Debtor's granting of the Security Interest in the backhoe as a preference, then the Trustee should be entitled to damages for conversion of the backhoe.

29. Such damages should include not only the $15,000.00 received by Morin and/or the Trust pursuant to the repossession and sale of the backhoe, but any other additional damages representing the value of the backhoe over and above the $15,000.00 sale price.

## PRAYERS FOR RELIEF

WHEREFORE, the Chapter 7 Trustee respectfully requests that this Honorable Court grant the following relief:

1. Enter judgment on behalf of the Chapter 7 Trustee under Count I avoiding the transfer of the Security Interest by the Debtor, Stephen Benoit to Donald J. Morin in the Caterpillar 416C Cat Backhoe Loader, Serial Number 1WR03362, Caterpillar 416C Cat Backhoe Loader, Serial Number 1 WRO33362 and a Caterpillar D5C 111 Track- Type Bulldozer, Serial Number 9DL00J73 as a preference pursuant to 11 U.S.C. Sec. 547(b)(B);

2. Enter judgment against Donald J. Morin both individually and as Trustee of the B&M Realty Trust in favor of the Chapter 7 Trustee for damages in an amount to be determined by this Honorable Court but for no less that $15,000.00, plus interest from April 22, 2003; and

3. Grant such other and further relief as this Court deems proper and just.

STEPHEN E. SHAMBAN, CHAPTER 7 TRUSTEE
By his Attorneys,
STEPHEN E. SHAMBAN LAW OFFICES, P.C.

By:_____

FREDERICK J. WATSON (BBO 517670)
P.O. BOX 850973
639 GRANITE STREET
BRAINTREE, MA  02185-0973
(781) 849-1136

jm:benoit.3.4.04

EXHIBIT "A"

BK 1 1 336 PG 535

*13*

**45996**

### DECLARATION OF TRUST
### ESTABLISHING THE
# B & M REALTY TRUST

RECORDED
NORFOLK COUNTY REGISTRY OF DEEDS
DEDHAM, MA

CERTIFY

BARRY T. HANNON, REGISTER

We, **Stephen L. Benoit** of Sandwich, Barnstable County, Massachusetts, and **Donald J.**

**Morin** of Plainville, Norfolk County, Massachusetts, hereby declare that we and our successors in

trust hereunder will hold any property and interests in property that may be acquired by us as

Trustees hereunder for the sole benefit of the Beneficiaries for the time being hereunder upon the

terms herein set forth. The term "Trustee" wherever used herein shall include such person or

persons who hereafter are serving as Trustee or Trustees hereunder, and the rights, powers,

authority and privileges granted hereunder to the Trustee may be exercised by such person or

persons.

1.    The Trust hereby established may be referred to as the **B & M REALTY**

**TRUST.**

2.    The original Beneficiaries of this Trust are the persons listed as Beneficiaries in the

Schedule of Beneficiaries this day executed by them and the Trustees and filed with the Trustees;

and the interests of the Beneficiaries are as stated in said Schedule.

3.    The Beneficial Interest in this Trust is not assignable or transferable and any

attempted assignment or transfer of said Beneficial Interest, in whole or in part, shall be without

legal effect. Any Trustee may without impropriety be or become a Beneficiary and exercise all

rights of a Beneficiary with the same effect as though he or she were not a Trustee.

JOHN P. POLLIS & ASSOCIATES
ATTORNEYS AT LAW
555 ELM STREET
NORTH ATTLEBOROUGH, MASSACHUSETTS 02760
(508) 695-4446

RECEIVED
NORFOLK COUNTY

RECORDED

96 MAY -2 AM 10: 54



BK 1 1 3 3 6 PG 5 3 6

4.     The Trustees shall hold the property conveyed to them as Trustees and receive all the gains and profits therefrom for the benefit of the Beneficiaries, and shall make all distributions pursuant to the directions of the Beneficiaries.

5.     The Trustees shall have full power and authority to sell, mortgage, assign, transfer, pledge, borrow, lend, liquidate and otherwise deal with or dispense all or any part or parts of the Trust Property; and to execute and deliver deeds, leases, mortgages, subleases, agreements and other instruments with respect to the Trust Property; any or all of which may extend beyond the date of the termination of the Trust; and to borrow money (with or without security), and execute and deliver notes and other evidences of such borrowings; and to grant to or acquire rights or easements with respect to the Trust Property; and to give releases, discharges and extensions; provided that the Trustees shall not be required to take any action so directed which will in the opinion of the Trustees involve **Stephen L. Benoit and Donald J. Morin** in any personal liability unless first indemnified to the reasonable satisfaction of the Trustees. These provisions shall not affect or impair the rights of persons relying upon the public record as provided in Paragraph 8 hereof.

6.     The Trustees for the time being hereunder shall not be liable for any error of judgment nor for any loss arising out of any act or omissions in the execution of the Trust so long as he acts in good faith, but shall be responsible only for his own willful breach of trust. No leave or license of court shall be requisite to the validity of any transaction entered into by the Trustees. The Trustees and each agent, employee or representative of the Trustees shall be entitled to reimbursement out of the Trust Property for his or their reasonable expenses and outlays and shall be indemnified and reimbursed for any personal loss, costs, liability, expenses or damage by them or any of them incurred or suffered in the administration of the Trust Property or in conducting

- 2 -

BK 11336PG537

any business or performing any act authorized or permitted by this Trust, but such indemnity or reimbursement shall be limited to the Trust Property, and no Beneficiary shall be personally or individually liable therefor to any extent.

7.    No purchaser, transferee, pledgee, mortgagee or other lender shall be under any responsibility or liability to see to the application of any purchase money, or of any money loaned, or property loaned or delivered to the Trustees or to see that the terms and conditions of this Trust have been complied with or performed.

8.    Every agreement, mortgage, pledge, note, assignment, transfer, check, extension, release, discharge and other writing, document or instrument signed by the persons appearing from the records in the **Norfolk County Registry of Deeds** and/or the **Norfolk County Land Court Records**, to be the Trustees hereunder, shall be conclusive evidence in favor of every person relying thereon or claiming thereunder, that at the time of the execution and delivery thereof this Trust was in full force and effect, and that such instrument is valid, binding, effective and legally enforceable.

9.    Any person dealing with the Trust Property or the Trustees may always rely on a certificate signed by any person appearing from the records of the Registry to be the Trustees hereunder as to who is a Trustee, or who are the Beneficiaries hereunder, or as to the existence or non-existence of any fact or facts which constitute conditions precedent to acts by the Trustee or in any other manner germane to the affairs of the Trust.

10.    The Trustees may open, maintain and, at will, close out any checking and saving accounts and safe deposit boxes in any bank, trust company, lending or other financial institutions; and the Trustees may deposit funds and other assets of the Trust in such institutions and such safe

- 3 -

BK I I 3 3 6 FG 5 3 8

deposit boxes, and may disburse such funds on checks signed by the Trustees or any person or persons authorized, in writing, by the Trustees so to do, and may withdraw such funds and other assets on instruments or withdrawals signed by the Trustees or any person or persons authorized, in writing, by the Trustees so to do. Each such institution shall honor all checks and other instruments signed by such person or persons authorized by the Trustees to so sign, and permit such person or persons to have access to such safe deposit boxes; and such institutions may rely fully on the Trustee's signed authorizations so to do, as filed by the Trustees with such institution.

11.    Any Trustee hereunder may resign by written instrument signed and acknowledged by such Trustee and recorded in said Registry. In the event of any vacancy occurring in the office of a Trustee as a result of death, resignation, or inability of a Trustee to serve or otherwise, such vacancy shall be filled by a successor elected by the majority of the Beneficiaries, and successor Trustee shall assume such office only upon the recording in said Registry of an instrument signed and acknowledged by him setting forth the fact of the vacancy in the office of Trustee and his acceptance of said office. Any Trustee may be removed and any successor Trustee, other than the successor above named, may be appointed by an instrument or instruments signed by all of the Beneficiaries. However, no such removal or appointment by the Beneficiaries shall be effective until a certificate signed and acknowledged by the Trustee of record (in said Registry) shall have been recorded in said Registry, setting forth the fact of such removal or appointment and the acceptance in writing by any successor or additional Trustee or Trustees so appointed shall have been similarly recorded. The title to the Trust Estate shall vest in any such succeeding Trustee, without the necessity of any sale, transfer, assignment or conveyance. Any succeeding or additional Trustee shall have all the powers, rights, authority and privileges as if named as original Trustee hereunder. No Trustee shall be required to furnish bond.

- 4 -

BK 1 1 3 3 6 PG 5 3 9

12.    In every written contract made by the Trustees, reference shall be had to this instrument, and any person contracting or dealing with the Trustees shall look to the Trust Corpus and not to the Trustees individually, nor to the Beneficiaries, for the payment of any debt, note, mortgage, judgment or decree or any other obligation, or of any money that may otherwise become due and payable by reason of the failure on the part of the Trustees to perform such contract in whole or in part, or for any other cause or reason.

13.    The duration of this Trust shall be for twenty (20) years from this date. In case of termination, the Trustees shall set over, assign, transfer and convey the entire Trust Property and Estate, subject to any leases, mortgages, contracts or other encumbrances on the Trust Estate, to the Beneficiaries as tenants in common in proportion to their respective interests, and free of all trusts.

14.    This Declaration of Trust may be amended, altered or revoked by an instrument in writing signed by all the then Trustees serving hereunder and authorized by the Beneficiaries and acknowledged by such Trustees or Beneficiaries and recorded with said Registry.

15.    No Trustee serving at any time hereunder shall be required to give any bond or other security for faithful performance of such Trustee's duties in any jurisdiction whatsoever, or if any such bond shall be required, no surety shall be required thereon.

16.    Except as otherwise herein provided, every act or thing done and every power exercised or obligation incurred by a Trustee in the administration of this Trust or in connection with any business property or concerns of this Trust, whether ostensibly in his own name or in his capacity as Trustee, shall be done, exercised or incurred by him as a Trustee and not as an individual; and every person contracting or dealing with a Trustee or any of them or having any debt, claim or judgment against them shall look only to the funds and property of the Trust for

- 5 -

BK 11336 PG 540

payment or satisfaction; and no Trustee, Beneficiary or agent of the Trust shall be personally liable for or on account of any contract, debt, tort, claim, damage, judgment or decree arising out of or in connection with the Trust Property or the conduct of the business of the Trust. A stipulation or notice to this effect may be inserted in any contract or instrument executed by the Trustees or their agents, but the omission thereof shall not be construed as a waiver of the foregoing provision and shall not render the Trustees personally liable. Notwithstanding the foregoing, however, the restrictions contained within this Paragraph shall not apply to any agreement or obligation, provided the same is in writing, and further provided the signature of the Trustee involved appears immediately above or next to the word "individually".

17.    The interest of any beneficiary in any share or part of the Trust Property, both principal and income, shall not be alienable, assignable, attachable or transferable or paid by way of anticipation or in compliance with any order, assignment or conveyance and shall not be applied to or held liable for any of their just debts or obligations, either in law or in equity, and shall not in any event pass to the Trustees or their assignee or trustee under any assignment or under any insolvency or bankruptcy law, and shall not be subject to the interference or control of creditors, spouses or others.

18.    All references to the Trustee or Trustees shall apply to Trustees for the time being and also substitute, successor or additional Trustees, where the context so permits; words in the singular number shall include the plural for and vice versa and words denoting males shall include females and vice versa; words denoting persons include firms, associations, corporations and the like unless a contrary intention is to be inferred from the subject matter or context. All of the terms and provisions herein contained shall take effect and be construed according to the laws of the Commonwealth of Massachusetts.

- 6 -

BK11336PG541

**IN WITNESS WHEREOF**, the undersigned have hereunto set their hands and

seals on this _1st_ day of _May_____, 1996, and in doing so do hereby accept this

Trust and signify their assents to the instrument as Trustees.

_Stephen L. Benoit_____
Stephen L. Benoit

_Donald J. Morin_____
Donald J. Morin


**COMMONWEALTH OF MASSACHUSETTS**

BRISTOL, SS                                  _May 1_, 1996

     Then personally appeared Stephen L. Benoit and Donald J. Morin, Trustees, and

acknowledged the foregoing instrument to be their free act and deed as Trustee, before me,

_____
Notary Public
My commission expires:

JOHN P. POLLIS - NOTARY PUBLIC
My Commission Expires September 30, 1999

- 7 -

EXHIBIT "B"

**B & M REALTY TRUST**
**SCHEDULE OF BENEFICIARIES**

|  | **NAME:** | **AMOUNT:** |
|---|---|---|
| 1. | Barbara Morin | 50% |
| 2. | Linden Realty Trust | 50% |

- 8 -



EXHIBIT "C"

### RESIGNATION OF TRUSTEE
### MAY 26, 1999

I, Stephen L. Benoit of Sandwich, Barnstable County, Massachusetts being a Trustee of

B & M Realty Trust dated May 1, 1996 and recorded with Norfolk County Registry of

Deeds in Book 11336, Page 535, do hereby resign as Trustee of B & M Realty Trust

effective May 26, 1999.

Stephen L. Benoit

### COMMONWEALTH OF MASSACHUSETTS

BRISTOL COUNTY, ss                                          May 26, 1999

    Then personally appeared the above named Stephen L. Benoit, and acknowledged
the foregoing instrument to be his free act and deed, before me,

Notary Public
My commission expires:

MICHAEL J. DUGGAN
Notary Public
My Commission Expires June 5, 2003

EXHIBIT "D"

## AGREEMENT

I, Stephen Benoit, do hereby agree and swear hereto that I, personally, will not hereafter charge any amounts nor make any guarantees resulting in the binding of B&M Realty Trust to any debt or obligation which is personal to me and not a debt or responsibility or guarantee of B& M Realty Trust.

Date: June 19, 2002

_____
Stephen Benoit

## COMMONWEALTH OF MASSACHUSETTS

Bristol,                                                            June 19, 2002

Then personally appeared Stephen Benoit and acknowledged the foregoing instrument to be his free act and deed before me,

_____
Notary Public

Julie MacPhee
NOTARY PUBLIC
My Commission Expires Oct. 15, 2004



EXHIBIT "E"

Date:_____

**BILL OF SALE**
(Motor Vehicle or Trailer)

For $1.00 One Dollar, receipt of which is hereby acknowledged, We, Stephen Benoit and

Donald Morin, Trustees of B&M Realty Trust, under Declaration of Trust dated _____,

hereby sell, assign, and transfer to Stephen Benoit, individually, of Sandwich, Massachusetts, all

rights title and interest in one Caterpillar 416C Cat Backhoe Loader, Serial Number 1WR03762

and one Caterpillar D5C 111 Track-Type Bulldozer, Serial Number 9DL00573, and we,

Trustees, certify that it is the personal property of B&M Realty Trust, and that we Stephen Benoit

and Donald Morin, as Trustees of B&M Realty Trust  have the legal right to dispose of same and

that said Caterpillar 416C Cat Backhoe Loader and Caterpillar D5C 111 Track Type Bulldozer is

free from all claims or liens whatsoever.

_____
Witness

_____
Witness

_____
Stephen Benoit, Trustee
B&M Realty Trust

_____
Donald Morin, Trustee
B&M Realty Trust

**COMMONWEALTH OF MASSACHUSETTS**

Bristol, SS                                               _____

Then personally appeared the above named Stephen Benoit and Donald Morin Trustees of
B&M Realty Trust and acknowledged the foregoing act to be their and it's free act and deed
before me,

_____
Notary Public

_____
My Commission Expires

EXHIBIT "F"

$14,000.00                                                                                    June 19, 2002

**FOR VALUE RECEIVED,** I, Stephen Benoit promise to pay to Donald Morin or

his order, the sum of $30,843.71 Thirty Thousand Eight Hundred Forty Three dollars and 71/100,

in ten months from this date with out interest during said term, and for such further time as said

principal sum or any part thereof shall remain unpaid.


Signed in the presence of                    )
                                             )
                                             )        _____
                                             )        Stephen Benoit
                                             )


This Note is secured by One Caterpillar 416C Cat Backhoe Loader, Serial Number 1WR03762
and one Caterpillar D5C 111 Track-Type Bulldozer.


JOHN P. POLLIS & ASSOCIATES
ATTORNEYS AT LAW
555 ELM STREET
NORTH ATTLEBOROUGH, MASSACHUSETTS 02760
(508) 695-4446



$14,000.00                                                     June 19, 2002

**FOR VALUE RECEIVED,** I, Stephen Benoit promise to pay to Donald Morin or

his order, the sum of $14,000.00, Fourteen Thousand dollars, in four months from this date with

out interest during said term, and for such further time as said principal sum or any part thereof

shall remain unpaid.

Signed in the presence of                        )
                                                 )        _____
                                                 )            Stephen Benoit
                                                 )
                                                 )

This Note is secured by One Caterpillar 416C Cat Backhoe Loader, Serial Number 1WR03762
and one Caterpillar D5C 111 Track-Type Bulldozer.

JOHN P. POLLIS & ASSOCIATES
ATTORNEYS AT LAW
555 ELM STREET
NORTH ATTLEBOROUGH, MASSACHUSETTS 02760
(508) 695-4446

76113    IMPORTANT — READ INSTRUCTIONS ON BACK BEFORE FILLING OUT FORM — DO NOT DETACH STUB

EXHIBIT "G"

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO:  (Name and Address)

John P. Pollis
555 Elm Street
North Attleborough, MA 02760

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| Benoit | Stephen | | | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 8 Linden Road | Sandwich | MA | 02563 | USA |
| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
| | | | | ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
| | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| Morin | Donald | | | |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| P.O. Box 948 | North Attleborough | MA | 02760 | USA |

4. This FINANCING STATEMENT covers the following collateral:

Caterpillar 416C Cat Backhoe Loader, Serial Number 1WR03762

Caterpillar D5C 111 Track-Type Bulldozer, Serial Number 9DL00573



| 5. ALTERNATIVE DESIGNATION [if applicable]: | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | | All Debtors | Debtor 1 | Debtor 2 |
| 8. OPTIONAL FILER REFERENCE DATA | | | | | | |

EXHIBIT "H"

B & M REALTY TRUST
83 CHESTNUT ST
NO ATTLEBORO, MA 02761
508 6994484


SOLD AS IS WHEREIS (1) ONE
CATTERPILLAR 416 C IT BACK HOE LOADER
SERIAL NO. 1WR03362 — 1510 HRS.
TO EVERETT SAVINO

For 15,000.00                    _____ Trustee
                                 DONALD J MORIN Trustee



MORIN
#26
10/15/03    US

SAVINO CONSTRUCTION

53-8143/2113
40002040

1106

DATE 4-22-03

PAY TO THE
ORDER OF  B And M Reclty trust                    $ 10,000

ten thousand           00/100                    DOLLARS

Crescent
Credit Union

MEMO  416  BackLot

⑇2113814371⑈40002040⑈ 1106

⑈E4416 095 ⑈16E05⑈2115⑈

B & M REALTY

DEPOSIT TICKET

BankBoston.

4-22-03

10,000.00

5000.00

15,000.00