UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB 22 P 3:43

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| STEVEN BENOIT, | ) |
|  | ) |
| Plaintiff | ) |
|  | ) |
| v. | ) Civil Action No. 04-12718-RCL |
|  | ) |
| CHARLES J. WEIS and | ) |
| MAURA WEIS, | ) |
|  | ) |
| Defendants | ) |

PLAINTIFF'S MOTION TO EXTEND THE TIME TO FILE A RESPONSE TO THE
DEFENDANTS' MOTION TO DISMISS AND
FOR SANCTIONS

Now comes the Plaintiff, pursuant to Fed.R.Civ.P. 6(b), and hereby requests that this Honorable Court extend the time to file a response to the Defendants' Motion to Dismiss and For Sanctions ("Defendants' Motion to Dismiss") from Wednesday, February 23, 2005 until seven (7) days after the Bankruptcy Court (Hillman, J.) acts on the Chapter 7 Trustee's Application to Employ Ronald W. Dunbar, Jr., Esq. and Dunbar & Rodman LLP as Special Counsel to the Chapter 7 Trustee ("Motion to Employ Counsel"). As grounds for his motion, the Plaintiff states the following:

       Court approval to hire the undersigned, as special counsel to the Trustee, to pursue the claims against the Defendants since the claims are an asset of the Plaintiff's bankruptcy estate. Counsel to the Chapter 7 Trustee also advised Defendants' counsel that the Chapter 7 Trustee, once special counsel was appointed, intended to amend the complaint in the above-captioned case to substitute the Chapter 7 Trustee as plaintiff so as to eliminate any standing issue. See letter dated February 4, 2005 attached hereto as Exhibit "1."

5. Nevertheless, the Defendants (only three days later) filed a motion to dismiss and for sanctions based on the Plaintiff's lack of standing. This Court denied the Defendants' motion to dismiss on February 9, 2005 because the Defendants failed to comply with Local Rule 7.1.

6. On February 10, 2005, the Defendants re-filed their Motion to Dismiss.

7. The sole ground for the Defendants' Motion to Dismiss is that the Plaintiff lacks standing to bring the claims asserted in the above-captioned case because the claims are an asset of the

bankruptcy estate. The Chapter 7 Trustee, however, has standing to bring the claims against the Defendants and he intends to do so once the Bankruptcy Court appoints special counsel.

8. To that end, on February 11, 2005, the Chapter 7 Trustee filed his Motion to Employ Counsel in the Bankruptcy Court. The Chapter 7 Trustee also filed a Motion For Expedited Determination of his Motion to Employ Counsel given that the Defendants' Motion to Dismiss is presently pending before this Court. The Defendants filed a <u>188</u> <u>page</u> <u>opposition</u> (including exhibits) to the Trustee's Motion to Employ Counsel.

9. The Chapter 7 Trustee--once special counsel is appointed to represent him--intends to file an amended complaint in the above-captioned case. The Chapter 7 Trustee has the right, as a matter of course pursuant to Fed.R.Civ.P. 15(a), to file an amended complaint since the Defendants have not filed a responsive pleading. See <u>Leonard v. Parry</u>, 219 F.3d 25, 30 (1st. Cir.2000)(a motion to dismiss does not qualify as a responsive pleading for Rule 15(a) purposes). The amended complaint will substitute the Chapter 7 Trustee as

4

plaintiff and thereby eliminate entirely the standing issue raised in the Defendants' Motion to Dismiss. Consequently, the Defendants' Motion to Dismiss will become moot upon the filing of the amended complaint.

WHEREFORE, the Plaintiff requests that this Honorable Court extend the time to file a response to the Defendants' Motion to Dismiss and For Sanctions from Wednesday, February 23, 2005 until seven (7) days after the Bankruptcy Court (Hillman, J.) acts on the Trustee's Motion to Employ Counsel and to grant such other and further relief as this Court deems just.

## LOCAL RULE 7.1 (A)(2) CERTIFICATION

Shortly after the Defendants filed their original motion to dismiss (with the deficient Rule 7.1 certification), counsel to the Chapter 7 Trustee (Attorney Fred Watson) spoke with Defendants' counsel, Stephen Izzi, and requested an extension of time to respond to the Defendants' Motion to Dismiss. Attorney Izzi informed Attorney Watson that he needed to speak with another attorney from his office, William Devereaux, before he could agree to an extension. Attorney Izzi promised to call Attorney Watson back regarding the extension.

Attorney Izzi, however, has never called Attorney Watson back.

On February 18, 2005, the Chapter 7 Trustee himself conferred via e-mail with Attorney Izzi and requested an extension of time to respond to the Defendants' Motion to Dismiss. Attorney Izzi has not responded to the Chapter 7 Trustee's e-mail. A copy of the Chapter 7 Trustee's e-mail is attached as Exhibit "2."

                         Respectfully submitted,
                         The Plaintiff,
                         By his attorney,

                         Ronald W. Dunbar, Jr., BBO# 567023
                         William R. Bagley Jr., BBO#644575
                         DUNBAR & RODMAN LLP
                         One Gateway Center - Suite 405
                         Newton, MA 02458
                         (617)244-3550

Dated: February 22, 2005

**CERTIFICATE OF SERVICE**

  I, Ronald W. Dunbar, Jr., hereby certify that on February 22, 2005 I served the Plaintiff's Motion to Extend the Time to File a Response to the Defendants' Motion To Dismiss And For Sanctions first class mail, postage prepaid, to:

Stephen A. Izzi
Holland & Knight
One Financial Plaza, Suite 1800
Providence, R.I. 02865

Robert J. Crohan, Jr.
Holland & Knight
One Financial Plaza, Suite 1800
Providence, R.I. 02865

William P. Devereaux
Holland & Knight
One Financial Plaza, Suite 1800
Providence, R.I. 02865

Frederick J. Watson
Stephen E. Shamban Law Offices, P.C.
222 Forbes Road, Suite 208
P.O. Box 850973
Braintree, MA 02185-0973

_____
Ronald W. Dunbar, Jr.

# STEPHEN E. SHAMBAN LAW OFFICES, P.C.

COUNSELLORS AT LAW

222 FORBES ROAD
P.O BOX 850973
BRAINTREE, MASSACHUSETTS 02185-0973

STEPHEN E. SHAMBAN
ANN BRENNAN
FREDERICK J. WATSON, III

TELEPHONE
(781) 849-1136

FACSIMILE
(781) 848-9055

**By facsimile (410)553-6850 and mail**

February 4, 2005

Stephen A. Izzi, Esq.
Holland & Knight, LLP
One Financial Plaza, Suite 1800
Providence, RI 02903

RE: STEVEN L. BENOIT VS. CHARLES J. WEIS AND MAURA WEIS
U.S.D.C. M. Ml. 04-12718-RCL

Dear Attorney Izzi:

As you already know, this law firm represents Stephen E. Shamban who is the duly appointed Trustee in the pending Chapter 7 bankruptcy proceeding of Steven Benoit (Docket No. 03-10140-WCH).

I understand that the Trustee has already spoken to you regarding the above referenced lawsuit now pending in the United States District Court for the District of Massachusetts. We intend to petition the court to appoint Attorney Ronald W. Dunbar, Jr. and the Law Firm of Dunbar & Rodman, LLP for the purpose of representing the Trustee and the bankruptcy estate in prosecuting this lawsuit.

You will of course be added to the service list for purposes of notice of these pleadings to be filed with the Bankruptcy Court. In reference to your letter dated January 31, 2005 to Attorney Dunbar in which you request that Attorney Dunbar immediately dismiss this action, with prejudice, please be advised that no such dismissal will be filed. Instead, upon the court's approval of the appointment of Attorney Dunbar and his law firm as Special Counsel to the Trustee, an appropriate Motion to Amend the pleadings substituting the Trustee for Mr. Benoit will be filed.

PAGE TWO
FEBRUARY 4, 2005


If you have any questions or concerns, please do not hesitate to contact me. Thank you.

Very truly yours,


FREDERICK J. WATSON

FJW:mr
cc: Ronald W. Dunbar, Jr., Esq.
2.2.05

**Ronald W. Dunbar, Jr.**

**From:** sshamban@shambanlaw.com
**Sent:** Friday, February 18, 2005 10:14 AM
**To:** stephen.izzi@hklaw.com
**Subject:** Benoit

Stephen: In view of your opposition, Judge Hillman will undoubtedly be scheduling a hearing regarding the motion to appoint Ron Dunbar as special counsel to me as the c.7 Trustee. In the meantime, it is my information that an opposition is due by 2/23 at the USDC to your motion to dismsiss. In light of your opposition to my motion to appoint Dunbar it is unlikely that he will be appointed in time to file a timely opposition. This will undoubtedly lead to the allowance of your motion to dismiss. Would you kindly extend the courtesy of agreeing that the time for filing an opposition to your motion to dismiss will be extended to 7 days following the bkrptcy court's action on the mtn to appt spcl cnsl? Pls advise. Steve Shamban

1