UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 MAR 11  P 12: 35

U.S. DISTRICT COURT
DISTRICT OF MASS

|  |  |
|---|---|
| STEVEN BENOIT ) | |
| Plaintiff ) | |
| v. ) | Civil Action No. 04-12718-RCL |
| CHARLES J. WEIS and ) MAURA WEIS ) | |
| Defendants ) | |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND TIME TO FILE A RESPONSE TO DEFENDANTS' MOTION TO DISMISS AND FOR SANCTIONS

### I. INTRODUCTION

In their Motion to Dismiss and For Sanctions, Defendants demonstrated that any claim Benoit may have against the Weises are the property of his Chapter 7 bankruptcy estate and that standing to bring the claims rests exclusively with the Trustee. Plaintiff has responded to the motion by moving for an enlargement of time to submit its substantive response thereto, on the basis that the Trustee is seeking Bankruptcy Court approval to appoint plaintiff's counsel in this action as special counsel to the Trustee to pursue the present claims. Plaintiff's motion to enlarge time to respond to Defendants' motion should be denied because Benoit has failed to meet his burden for obtaining relief under Federal Rule of Civil Procedure 17(a), and the doctrine of judicial estoppel bars him or the Trustee from pursuing claims against the Weises.

## II. ARGUMENT

### A.  Plaintiff Cannot Substitute the Trustee as the Real Party in Interest.

While plaintiff does not cite authority for his proposed relief, it is evident he is effectively seeking to rely on Rule 17(a) of the Federal Rules of Civil Procedure, which provides, *inter alia*, for substitution of the real party in interest. That attempt is unavailing, however, because plaintiff has not, and cannot, satisfy the requisites for invoking Rule 17(a) to save his claims.

#### 1.  Applicable Law.

Rule 17(a) provides, in pertinent part:

> Every action shall be prosecuted in the name of the real party in interest.... No action shall be dismissed on th[is] ground ... until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest[.]

Fed. R. Civ. P. 17(a).

According to the Advisory Committee's Notes, the last sentence was added "simply in the interests of justice" and "is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." Fed. R. Civ. P. 17(a) Advisory Committee Notes, 1966 Amendment.

In accordance with the Advisory Committee's note, courts have interpreted the last sentence of Rule 17(a) as being applicable only when the plaintiff brought the action in her own name as the result of an understandable mistake, because the determination of the correct party to bring the action is difficult. *See, e.g., Wieburg v. GTE Southwest, Inc.*, 272 F.3d 302, 308 (5th Cir. 2001) (instructing that this last sentence is "applicable only when the plaintiff brought the action in her own name as the result of an understandable mistake," as opposed to calculation or neglect); *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997) (holding district court retains discretion to dismiss action where there was no reasonable basis for

naming incorrect party); *Feist v. Consolidated Freightways Corp.*, 100 F. Supp. 2d 273, 276 (E.D. Pa. 1999) ("Rule 17(a) should not be applied blindly to permit substitution of the real party in interest in every case. In order to substitute the trustee as the real party in interest, Plaintiff must first establish that when he brought this action in his own name, he did so as the result of an honest and understandable mistake."), *aff'd*, 216 F.3d 1075 (3d Cir. 2000), *cert. denied*, 532 U.S. 920 (2001); *Lans v. Gateway 2000, Inc.*, 84 F. Supp. 2d 112, 120 (D.D.C. 1999) ("[I]t is appropriate to liberally grant leave to substitute a real party in interest when there has been an honest mistake in choosing the nominal plaintiff, meaning that determination of the proper party was somehow difficult at the time of the filing of the suit, or that the mistake is otherwise understandable."), *aff'd*, 252 F.3d 1320 (Fed. Cir. 2001); 6A Charles A. Wright et al., *Federal Practice & Procedure* § 155, at 415-16 (2d ed. 1990) (explaining that only plaintiffs whose pleading error resulted from understandable mistake should receive a reasonable time to correct the error).

Thus, in order to invoke Rule 17(a) to allow the Trustee to pursue his claims, Benoit must first establish, *inter alia*, that he brought this action in his own name as the result of an honest and understandable mistake, as opposed to calculation or neglect.

### 2. Benoit Has Failed to Satisfy His Burden Under Rule 17(a).

Benoit has made no attempt to meet his burden for obtaining relief under Rule 17(a). Nor could he meet this standard, given his history with the Bankruptcy Court and prior acknowledgement that his claims against the Weises were property of his bankruptcy estate.

As explained in the recitation of facts included in Defendants' Motion to Dismiss, Benoit is no stranger to proceedings and procedures in the Bankruptcy Court. Prior to his January 7, 2003 filing of the voluntary petition under Chapter 7 at issue in the present case, Benoit had filed

two bankruptcy petitions. In 1994, he filed a voluntary Chapter 13 petition (bankruptcy petition no. 94-11997). A creditor objected to the confirmation of Benoit's 1994 plan, the Chapter 13 Trustee moved to dismiss the case, and the Trustee's motion to dismiss was granted, with prejudice, pursuant to 11 U.S.C. § 109(g). Then, in August of 2002 Benoit filed a voluntary Chapter 7 petition (bankruptcy petition no. 02-15676). In that 2002 petition, Benoit listed the Weises as potential creditors of the estate. Benoit also listed his purported claim against them as a potential asset of the estate under category 15, accounts receivable. Benoit noted that he had an alleged claim for $165,000, described as "Charles Weis renovation." The 2002 petition was dismissed by the Bankruptcy Court in September of 2002 for failure to file a matrix.

Three months later, Benoit filed the January 2003 bankruptcy petition. In November of 2003, the Trustee for Benoit's bankruptcy estate sought an order from the Bankruptcy Court denying Benoit's discharge because Benoit had failed to list creditors in his bankruptcy petition; failed to list debts in his bankruptcy petition; failed to describe or note a repossession of assets in his Statement of Affairs; failed to list assets in Schedule B of his petition; and failed to truthfully answer and adequately explain his assets and liabilities at his 341(a) hearing. In March of 2004, the Bankruptcy Court entered an Order denying Benoit's discharge. The trustee has also brought an adversary proceeding against one of Benoit's partners in a real estate trust in Massachusetts for pre- and post-petition transfers of estate assets.

Despite having the Court deny a discharge of his debts for his failure to completely and truthfully schedule and disclose all of his assets and liabilities, on December 28, 2004, Benoit filed this claim against the Weised. Benoit did not inform his counsel that he had a pending Chapter 7 case. Plaintiff's motion to enlarge time reflects that Benoit's lawyer only found out about the Chapter 7 petition when he was contacted by the Chapter 7 Trustee on January 5,

4

2005. No immediate action was taken, however, to substitute the Trustee as the real party in interest. And Defense counsel was not notified of the state of affairs until approximately a month later. Only after the Weises moved to dismiss his Complaint has Benoit now taken some action to substitute the Trustee as the real party in interest.

In *Feist, supra*, the plaintiff filed a personal injury suit after failing to disclose the claim in his bankruptcy case. The defendant moved for judgment on the pleading after it discovered this fact. In response, the plaintiff moved to substitute the Trustee as the real party in interest. The court explained that in order to substitute the Trustee under Rule 17(a), it was the plaintiff's burden to prove that when he filed suit in his own name, "he did so as the result of an honest and understandable mistake." 100 F. Supp. 2d at 276. Based on the timing of events and the fact that the plaintiff's explanations were inconsistent and contradicted by the record, the court concluded that Feist had failed to sustain his burden. *See id.* at 280. The court explained that "[t]o allow a substitution where a plaintiff cannot establish that he was acting as the result of an honest mistake would contravene the purpose of Rule 17(a)." *Id.* The court rejected the Trustee's argument that the failure to allow substitution would unfairly harm the plaintiff's creditors. It explained that "the interest of Plaintiff's creditors in recovering some of the debts owed to them is not sufficient to justify substitution of the bankruptcy trustee as the real party in interest" under the facts of the case. *Id.*

In the present case, Benoit previously identified his claims against the Weises as property of his bankruptcy estate in 2002. When he again filed for bankruptcy in 2003, he omitted these claims from his disclosures. Then, after it was publicized in late 2004 that Charlie Weis had obtained a lucrative contract to become the head football coach at the University of Notra Dame, Benoit saw fit to initiate the present litigation against the Weises on December 28, 2004. It is

manifest that Benoit initiated a lawsuit which he knew (if it had any merit) was legally owned by the bankruptcy estate and which he had a legal duty to disclose to the Trustee and the Court. He cannot credibly maintain that bringing this action in his own name was the result of an "honest and understandable mistake." *Feist*, 100 F. Supp. 2d at 276. *See also Lans*, 84 F. Supp. 2d at 122 (denying plaintiff's motion to amend based on Rule 17(a) where failure to sue in the name of the real party in interest was the result of a claimed oversight -- not "an honest and understandable mistake.").

**B.   Judicial Estoppel Bars the Trustee From Pursuing These Claims.**

Even in the event the Court were to allow Benoit to invoke Rule 17(a) to substitute the Trustee as the plaintiff,[1] the claims would nevertheless be barred by the doctrine of judicial estoppel.

**1.   Applicable Law.**

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). *See also In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999), *cert. denied*, 528 U.S. 1117 (2000). The purpose of the doctrine is "to protect the integrity of the judicial process," by "prevent[ing] parties from playing fast and loose with the courts to suit the exigencies of self interest." *Id. See also Reynolds v. Commissioner of Internal Revenue*, 861 F.2d 469, 472-73 (6th Cir. 1988) ("Courts have used a variety of metaphors to describe the doctrine, characterizing it as a rule against playing fast and loose with the courts, blowing hot and cold as the occasion

---

[1] "A substituted party steps into the same position of the original party." *M'Knight v. Craig's, Adm'r*, 10 U.S. (6 Cranch) 183, 187 (1810).

6

demands, or having one's cake and eating it too. Emerson's dictum that a foolish consistency is the hobgoblin of little minds cuts no ice in this context."). "Because the doctrine is intended to protect the judicial system, *rather than the litigants,* detrimental reliance by the opponent of the party against whom the doctrine is applied is not necessary .... The doctrine is generally applied where intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice." *In re Coastal Plains, Inc.*, 179 F.3d at 205 (quotations and citations omitted)

"In the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Hamilton*, 270 F.3d at 783; *see also In re Coastal Plains*, 179 F.3d at 208 (holding that a debtor is barred from bringing claims not disclosed in its bankruptcy schedules); *Payless Wholesale Distrib., Inc. v. Alberto Culver (P.R.) Inc.*, 989 F.2d 571 (1st Cir. 1993) (holding that debtor who obtained relief on the representation that no claims existed cannot resurrect such claims and obtain relief on the opposite basis); *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 419 (3d Cir.) (debtor's failure to list potential claims against a creditor "worked in opposition to preservation of the integrity of the system which the doctrine of judicial estoppel seeks to protect," and debtor is estopped by reason of such failure to disclose), *cert. denied*, 488 U.S. 967 (1988). In cases involving the omission of assets in a bankruptcy case, deliberate or intentional manipulation can be inferred from the record. In *In re Coastal Plains, supra*, the Fifth Circuit concluded that, "the debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *In re Coastal Plains*, 179 F.3d at 210.

### 2. Judicial Estoppel Applies to Bar the Present Claims.

It is undisputed that Benoit failed to disclose his claims against the Weises in his pending bankruptcy proceeding, which was filed more than two years ago. Having represented to the bankruptcy court that he had no claims against the Weises, Benoit then proceeded to commence the present action in December of 2004. Benoit clearly asserted one position in the bankruptcy court and has asserted another clearly inconsistent position in this court. This is precisely the type of situation the doctrine of judicial estoppel was meant to prevent. The facts are more than sufficient to infer intentional manipulation of the judicial process by Benoit. He is attempting to play fast and lose with the Court by seeking a discharge on the basis that he has no claims against the Weises, and then seeking to gain a personal advantage by later suing on the same claims.

Any argument by Benoit that the doctrine should not be invoked because he will be seeking, or has already sought, to amend his bankruptcy filings should be rejected. Courts have rejected the idea that a party can avoid judicial estoppel by trying to cure their omissions once they are brought to light by an opponent. For example, in *Scoggins v. Arrow Trucking Co.*, 92 F. Supp. 2d 1372, 1376 (S.D. Ga. 2000), the plaintiff failed to disclose a pre-petition claim. Only after the defendant in the civil action discovered the bankruptcy and moved for summary judgment on the basis of judicial estoppel did Scoggins move to amend his bankruptcy filings to disclose the claim. In opposition to the defendant's motion, the plaintiff argued that since his failure to disclose was curable, he should be permitted to proceed with his claim. The court rejected this argument, holding that Scoggins' efforts were "too late because he is only disclosing this claim when forced by his adversary to do so." *Id.* at 1376. "Scoggins should not be permitted to duck his bankruptcy court disclosure obligation, then 'fess up' without consequence

once exposed by his adversary. He knew of the facts giving rise to his inconsistent positions, and he had a motive to conceal this claim. That is enough." *Id.* In reaching its holding, the *Scoggins* court emphasized that:

> Society's core message, as expressed in over 100 false statement statutes, in its bankruptcy concealment and tax fraud laws, and in its statutory prohibition against deceiving government agencies, is clear: those who actively or passively (by failing to disclose material facts) deceive the government--especially the judicial branch, which so heavily depends upon truthful disclosures under oath--should, at a minimum, reap no advantage from doing so. That message would be disserved by giving Scoggins a free pass here.

*Id.* (footnotes omitted).

Similarly, in *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282 (11th Cir. 2002), the court rejected the plaintiff's argument that he should be allowed to re-open his bankruptcy case to amend his filings and include the lawsuit he failed to previously disclose. The court explained:

> The success of our bankruptcy laws requires a debtor's full and honest disclosure. Allowing [the plaintiff] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them. This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtors' assets.

*Id.* at 1288.

Application of the foregoing principles leads to the conclusion that judicial estoppel should be applied to bar the claims against the Weises. By his silence in the bankruptcy court, Benoit assumed the position that he had no claim against the Weises. In diametric opposition to his representations in the bankruptcy court, he then proceeded to sue the Weises in the preset action. Through his conduct, it appears Benoit hoped to be the sole beneficiary of any judgment against the Defendants, to the exclusion of his creditors. The doctrine of judicial estoppel properly is applied where a party with a motive to do so has taken inconsistent position in legal proceedings.

## III. CONCLUSION

For the reasons stated above, Plaintiff's motion for enlargement of time to respond to Defendants' Motion to Dismiss and For Sanctions should be denied.

Respectfully submitted,

DEFENDANTS,
By their attorneys,

HOLLAND & KNIGHT LLP

_____
William P. Devereaux, Esq. (BBO No. 122220)
Stephen A. Izzi, Esq. (BBO No. 547488)
Robert J. Crohan Jr., Esq. (BBO No. 652965)
One Financial Plaza, Suite 1800
Providence, RI 02865
(401) 751-8500
(401) 553-6850 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of March, 2005, a true copy of the above document was served by first class mail, postage pre-paid, upon the following:

Ronald W. Dunbar, Jr., Esq.
William R. Bagley Jr., Esq.
DUNBAR & RODMAN LLP
One Gateway Center – Suite 405
Newton, MA 02458

_____
Stephen A. Izzi

# 2667006_v2

10