UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN BENOIT,<br><br>         Plaintiff<br><br><br>CHARLES J. WEIS and<br>MAURA WEIS,<br><br>         Defendants | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.<br>) 04-12718-RCL<br>)<br>)<br>)<br>)<br>) |

MOTION OF STEPHEN E. SHAMBAN, AS CHAPTER 7 TRUSTEE OF THE
ESTATE OF STEVEN BENOIT, TO SUBSTITUTE THE CHAPTER 7
TRUSTEE AS THE REAL PARTY IN INTEREST
PURSUANT TO FED.R.CIV. P. 17(a)

Now comes Stephen E. Shamban, as Chapter 7 Trustee of
the Estate of Steven Benoit ("Chapter 7 Trustee"), pursuant
to Fed.R.Civ.P. 17(a) and hereby requests that this
Honorable Court substitute the Chapter 7 Trustee, as
Plaintiff and the real party in interest, in the above-
captioned case.  As grounds for his motion, the Chapter 7
Trustee states the following:

### BACKGROUND

1.    On December 29, 2004, the Plaintiff, Steven
Benoit, filed his Complaint in the above-captioned case.

2.    On January 5, 2005, the Chapter 7 Trustee
contacted Mr. Benoit's counsel to inform him that the

Plaintiff, on January 7, 2003, had filed a Chapter 7 petition and that Attorney Shamban was appointed Chapter 7 Trustee of the Plaintiff's bankruptcy case.   The Chapter 7 Trustee further explained that the Plaintiff's Chapter 7 case was still open and that the claims asserted in the above-captioned case are an asset of the bankruptcy estate and not an asset of the Plaintiff personally.

3.   January 5, 2005 was the first time that Mr. Benoit's counsel learned that the Plaintiff had ever filed a Chapter 7 petition and that his Chapter 7 case was still open.  On January 13, 2005, Mr. Benoit's counsel met with the Chapter 7 Trustee and his counsel to discuss the Plaintiff's claims in the above-captioned case.

4.   On February 4, 2005, counsel to the Chapter 7 Trustee advised Defendants' counsel that the Chapter 7 Trustee intended to seek Bankruptcy Court approval to hire the undersigned, as special counsel to the Chapter 7 Trustee, to pursue the claims against the Defendants since the claims are an asset of the Plaintiff's bankruptcy estate.   Counsel to the Chapter 7 Trustee also advised Defendants' counsel that the Chapter 7 Trustee, once special counsel was appointed, intended to amend the complaint in the above-captioned case to substitute the

2

Chapter 7 Trustee as plaintiff so as to eliminate any standing issue.

5.   To that end, on February 11, 2005, the Chapter 7 Trustee filed his Motion to Employ Counsel in the Bankruptcy Court.

6.   The Chapter 7 Trustee also filed a Motion For Expedited Determination of his Motion to Employ Counsel given that the Defendants' Motion to Dismiss is presently pending before this Court.  The Defendants filed a 188 page opposition (including exhibits) to the Trustee's Motion to Employ Counsel.

7.   On March 11, 2005, the United States Bankruptcy Court for the District of Massachusetts (Hillman, J.), granted the Chapter 7 Trustee's application to employ the undersigned as special counsel with respect to the instant matter.  See Judge Hillman's Order attached hereto as Exhibit "1."

**ARGUMENT**

A.   Standard Under Fed.R.Civ.P. 17(a)

8.   Rule 17 of the Federal Rules of Civil Procedure provides in pertinent part as follows:

> (a)   Real Party in Interest. Every action shall be prosecuted in the name of the real party in interest. *No action shall be dismissed on the ground that it is not prosecuted in the name of*

3

> *the real party in interest until a*
> *reasonable time has been*
> *allowed…for…substitution of, the real*
> *party in interest; and such…substitution*
> *shall have the same effect as if the*
> *action had been commenced in the name of*
> *the real party in interest.*

B.  Based on the liberal interpretation of Fed.R.Civ.P 17(a), allowing for the substitution of a Chapter 7 Trustee when a former debtor has filed a lawsuit to pursue a claim that is an asset of the debtor's bankruptcy estate, this Court should substitute the Chapter 7 Trustee as the real party in interest.

9.  "A Rule 17(a) substitution of plaintiffs should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2nd Cir.1997). Indeed, federal courts routinely allow for the substitution of a bankruptcy trustee-- as the real party in interest-- when a former debtor has filed a lawsuit to recover property that belongs to the debtor's bankruptcy estate. *See Rousseau v. Diemer*, 24 F. Supp. 2d 137, 143 (D. Mass. 1998); *see also Nagle v. Commercial Credit Business Loans, Inc.*, 102 F.R.D. 27, 31 (E.D. Pa. 1983); *Kohlbrenner v. Victor Belata Belting Co., Inc.*, 1998 WL 328639, *2 (W.D.N.Y. 1998); *Wolfe v. Gilmour Manufacturing Co.*, 143 F.3d

4

1122, 1126-1127 (8th Cir.1998); *Mele  v. First Colony Life Ins. Co.,* 127 B.R. 82, 87 (D.D.C.1991); *Bickford v. Ponce de Leon Care Center,* 918 F.Supp. 377, 378 (M.D.1996).

10.  In *Rousseau,* 24 F.Supp.2d 137, 143 (D. Mass. 1998), a case that is factually similar to the instant case, this Court stated that "[w]here a former debtor commences an action and asserts claims that belong to [his/her] bankruptcy estate, the usual remedy is to substitute as the real party in interest the trustee of the bankruptcy estate in the place and stead of the former debtor." *Id.,* quoting *Kohlbrenner v. Victor Belata Belting Co., Inc.,* No. 94-CV- 0915E(H), 1998 WL 328639 (W.D.N.Y.1998); *see also Tate v. Snap-On Tools Corp.,* 1997 WL 106275, *4 n, 5 (N.D. Ill. Feb. 11, 1997), *cited in Rousseau*, 24 F. Supp. 2d at 143 (where debtor has filed action that is property of the bankruptcy estate, the appropriate remedy is for the trustee to be substituted as real party in interest).

11.  Importantly, in *Rousseau*, as in the instant case, there was evidence demonstrating that the original plaintiff/Chapter 7 debtor (1) had failed to list the claim before the Bankruptcy Court as an asset of his bankruptcy estate, and (2) had failed to put the bankruptcy trustee on

notice of said claims.  *See id.* at 143-44.  Nonetheless,
the Court observed that if it denied the Trustee's motion
to substitute, the creditors of the Debtor's estate would
be left without a remedy.  *See id.* at 144.  Thus, the Court
concluded that "the axiom that substitution of the real
party in interest to avoid injustice favor[ed] allowing the
Trustee's motion in [that] case."  *See id.*[1]

12.  Applying these principles to the instant case, it
is clear that the Chapter 7 Trustee should be substituted
as the real part in interest.

13.  Moreover, not allowing the Chapter 7 Trustee to
be substituted as Plaintiff in the instant matter would
prejudice Mr. Benoit's creditors, who are entitled to the
damages flowing from Mr. Benoit's claims against the
Defendants.[2]

---

[1] The Court also addressed whether the Defendants would suffer prejudice
as a result of the substitution of the Chapter 7 Trustee as the real
party in interest because the Chapter 7 Trustee waited sixteen (16)
months to file the motion to substitute.  The Court found no prejudice.
Such an analysis is unnecessary in this case because the Chapter 7
Trustee has been vigorously pursuing the claims against the Defendants
once he was notified of this lawsuit and he is filing his motion to
substitute only three months after the Complaint was filed and only
seven (7) days after special counsel was appointed to represent him.
[2] It should be noted that the voluminous documentation that the
Defendants have filed with the Court to date, which points to case law
from other jurisdictions while callously ignoring this Court's
precedents as well as those of the First Circuit, demonstrates that
their objective is to avoid this litigation at all costs, and to obtain
a windfall for themselves at the expense of Mr. Benoit's creditors.

C.   The Defendants' argument that the Chapter 7 Trustee
cannot be substituted as the real party in interest and is,
in fact, judicially estopped from pursuing the claims
against the Defendants because the Debtor did not list his
claims in his bankruptcy schedules is completely meritless.

14.   Based on the arguments set forth in the
*Defendants' Opposition To Extend Time To File A Response To
Defendants' Motion To Dismiss And For Sanctions*, the
Chapter 7 Trustee anticipates that the Defendants will
attempt to avoid the import of this Court's opinion in
*Rousseau* by arguing the merits of opinions from other
jurisdictions.   (*See Defendants' Opposition To Extend Time
To File A Response To Defendants' Motion To Dismiss And For
Sanctions*, pp. 2-3.)

1.   The Debtor's failure to list the claims against
the Defendants in his bankruptcy schedules does not
prevent this Court from substituting the Chapter 7
Trustee as the real party in interest.

15.   Although the opinions relied upon therein are not
controlling before this Court, the Chapter 7 Trustee
respectfully submits that, even if they were controlling,
this Court would still be required to grant the Chapter 7
Trustee's Rule 17(a) motion.

16.   Ignoring this Court's opinion in *Rousseau*, the
Defendants instead rely on opinions from other
jurisdictions.   The Defendants only cite one case (from the
Eastern District of Pennsylvania) where a court refused to

allow a Chapter 7 Trustee to be substituted as the real party in interest because the debtor failed to list the claim in his bankruptcy schedules. *See Feist v. Consolidated Freightways Corp.*, 100 F. Supp. 2d 273, 276 (E.D. Pa. 1999). Obviously, this Court is not required to follow the *Feist* case. None of the other cases cited involve the situation where, as here, an innocent trustee is attempting to substitute himself in order to pursue an asset of the bankruptcy estate in order to recover funds for the bankruptcy estate's creditors. In such a situation, federal courts in the First Circuit, and elsewhere, allow the substitution of the Chapter 7 Trustee notwithstanding that the debtor failed to list the claims in his bankruptcy schedules. *See i.e. Rousseau v. Diemer*, 24 F. Supp. 2d at 143 (D. Mass. 1998); *see also Nagle v. Commercial Credit Business Loans, Inc.*, 102 F.R.D. at 31 (E.D. Pa. 1983); *Kohlbrenner v. Victor Belata Belting Co., Inc.*, 1998 WL 328639, *2 (W.D.N.Y. 1998); *Wolfe v. Gilmour Manufacturing Co.*, 143 F.3d at 1126-1127 (8th Cir.1998); *Mele v. First Colony Life Ins. Co.*, 127 B.R. at 87 (D.D.C.1991); *Bickford v. Ponce de Leon Care Center*, 918 F.Supp. at 378 (M.D.1996).

17. Based on the foregoing, it is clear that the Mr. Benoit's failure to list the claims against the Defendants

8

in his bankruptcy schedules does not taint the Chapter 7
Trustee and he should be substituted as the real party in
interest.

> 2.  The Chapter 7 Trustee is not judicially estopped
>     from pursuing the Debtor's claims against the
>     Defendants because of the Debtor's failure to list
>     the claims in his bankruptcy schedules.

18.   In addition to arguing that it would be
inappropriate to substitute the Chapter 7 Trustee as the
real party in interest, the Defendants argue on pages six
(6) through nine (9) of *Defendants' Opposition To Extend
Time To File A Response To Defendants' Motion To Dismiss
And For Sanctions* that the Chapter 7 Trustee's claims are
barred by "judicial estoppel."

19.   As with their argument with respect to the
standard for substitution pursuant to Rule 17(a), the
Defendants once again ignore First Circuit precedent and
instead rely on the opinions of other jurisdictions, which
are clearly more favorable to their position.[3]

---

[3] Apparently dissatisfied with the First Circuit's standard with respect
to judicial estoppel, the Defendants simply ignore it and instead cite
to the standards set forth in the Eleventh Circuit, *Hamilton v. State
Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001), and the Fifth
Circuit, *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999).
One would assume that the Defendants' counsel understands their
obligation to present to the District Court controlling precedents,
even if said precedents are unfavorable to their clients' position.

20.    The United States Court of Appeals For the First
Circuit has established the standard for judicial estoppel
as follows:

> The contours of the doctrine are hazy, and
> there is no mechanical test for determining
> its applicability. . . .  Each case tends to
> turn on its own facts. It is, however,
> widely agreed that, at a minimum, two
> conditions must be satisfied before judicial
> estoppel can attach. . . .  First, the
> estopping position and the estopped position
> must be directly inconsistent, that is,
> mutually exclusive. . . .  **Second, the**
> **responsible party must have succeeded in**
> **persuading a court to accept its prior**
> **position.**

*Alternative System Concepts, Inc. v. Synopsys, Inc.,*
374 F.3d 23, 31 (1st Cir. 2004) (emphasis added)
(internal citations omitted).

21.    Clearly, the record before the Court demonstrates
that Mr. Benoit, regardless of the reasons for the omission
from his bankruptcy schedules of his claims against the
Defendants, he was not successful in obtaining a discharge
from the Bankruptcy Court.  To the contrary, Mr. Benoit's
discharge was denied and his bankruptcy case remains open.
Moreover, the Chapter 7 Trustee cannot, under any stretch
of the imagination, be considered the "responsible party"
with respect to the omission as he made no
misrepresentations to the Bankruptcy Court as to the
existence of Mr. Benoit's claims against the Defendants.

10

22.   On pages Seven (7) through Nine (9) of
*Defendants' Opposition To Extend Time To File A Response To
Defendants' Motion To Dismiss And For Sanctions*, the
Defendants mistakenly rely on a line of cases which provide
that a **plaintiff/debtor** may be judicially estopped from
pursuing claims after failing to disclose those claims in
his bankruptcy schedules.   The Defendants ignore completely
that the Chapter 7 Trustee, and not the Debtor, is pursuing
these claims against the Defendants.

23.   In an opinion that actually contains facts that
are analogous to the instant case, *see Parker v. Wendy's
Intern., Inc.*, 365 F.3d 1268, 1271-72 (11th Cir. 2004), the
bankruptcy trustee conceded that the plaintiff/debtor took
inconsistent positions in bankruptcy court and district
court.   There, the bankruptcy trustee argued that the
plaintiff/debtor's inconsistent statements should not be
attributed to him and that, even if judicial estoppel would
bar the plaintiff/debtor, it should not bar the bankruptcy
trustee from pursuing the claim on behalf of the
plaintiff/debtor's creditors.   *See id.* at 1272.   The
bankruptcy trustee argued that judicial estoppel should not
apply to him because he did not know of the claim during
the bankruptcy proceedings and, therefore, did not take
inconsistent positions in the courts.   *See id.*   Moreover,

11

the bankruptcy trustee argued that applying judicial

estoppel to him would not serve the policy of encouraging

honest disclosure to the courts because the bankruptcy

trustee was never dishonest with the courts.  *See id.*

24.  The *Parker* Court concluded that the correct

analysis compelled the conclusion that judicial estoppel

should not be applied at all.  *Parker*, 365 F.3d at 1272.

Moreover, based on its analysis, the court questioned

whether judicial estoppel was correctly applied in an

earlier case, *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282

(11th Cir. 2002).[4]  *See Parker*, 365 F.3d at 1272.

25.  In its analysis, the *Parker* Court observed that a

pre-petition cause of action is the property of the Chapter

7 bankruptcy estate, and only the trustee in bankruptcy has

standing to pursue it because Section 541 of the Bankruptcy

Code provides that virtually all of a debtor's assets, both

tangible and intangible, vest in the bankruptcy estate upon

the filing of a bankruptcy petition. *See id.* (citing 11

U.S.C. § 541(a)(1) (providing that the bankruptcy estate

includes "all legal or equitable interest of the debtor in

---

[4] Apparently, the Defendants, who rely on the Eleventh Circuit's opinion
in *Burnes* in support of *Defendants' Opposition To Extend Time To File A
Response To Defendants' Motion To Dismiss And For Sanctions*, did not
come across the Eleventh Circuit's later opinion in *Parker,* which
clearly calls into doubt the validity of the court's analysis in *Burnes*
by stating that the more appropriate defense in the *Burnes* case was

12

property as of the commencement of the case")). *See*
*Parker*, 365 F.3d at 1272.  Such property includes causes of
action belonging to the debtor at the commencement of the
bankruptcy case.  *See id.*  Thus, the *Parker* Court concluded
that "a trustee, as the representative of the bankruptcy
estate, is the proper party in interest, and is the only
party with standing to prosecute causes of action belonging
to the estate."  *Id.*

26.  The *Parker* Court found that because the
bankruptcy trustee (1) had never abandoned the
plaintiff/debtor's claim and (2) had never took an
inconsistent position under oath with regard to the claim,
the bankruptcy trustee could not be judicially estopped
from pursuing it.  *See Parker*, 365 F.3d at 1272.

27.  In the instant case, the Chapter 7 Trustee has
never abandoned Mr. Benoit's claim against the Defendants
nor has he ever made any inconsistent statement with regard
to the claims.

28.  As such, he cannot be judicially estopped from
pursuing it on behalf of the bankruptcy estate.

---

(footnote 4 continued) that the plaintiff/debtor lacked standing.  *See*
*Parker*, 365 F.3d at 1272.

29. Based on the foregoing, the Plaintiff's Rule 17(a) motion to substitute the Chapter 7 Trustee as the real party in interest should be granted.

WHEREFORE, the Chapter 7 Trustee requests that this Honorable Court:

a. Grant *Plaintiff's Motion Pursuant To Rule 17(A) Of The Federal Rules Of Civil Procedure To Substitute As Plaintiff, Stephen E. Shamban, Esquire, Trustee Of Bankruptcy Estate Of Steven Benoit, As The Trustee Is The Real Party At Interest;*

b. Grant the Chapter 7 Trustee 20 days to file an Amended Complaint; and

c. Grant such other and further relief as this Court deems just.

## LOCAL RULE 7.1 (A)(2) CERTIFICATION

Shortly after the Defendants filed their original motion to dismiss (with the deficient Rule 7.1 certification), the Chapter 7 Trustee and his counsel requested the Defendants' assent to cure the standing issue in this case by substituting the Chapter 7 Trustee as plaintiff. Defendants' counsel never responded to the Chapter 7 Trustee's or his counsel's requests and, instead, has consistently opposed any of the Chapter 7 Trustee's attempts to cure the standing issue in this case.

Respectfully submitted,

Chapter 7 Trustee,
By his attorney,

Dated:  March 18, 2005

_____
Ronald W. Dunbar, Jr., BBO# 567023
William R. Bagley Jr., BBO#644575
DUNBAR & RODMAN LLP
One Gateway Center  -  Suite 405
Newton, MA 02458
(617)244-3550

CERTIFICATE OF SERVICE
I hereby certify that on this day
a true copy of the above document
was served upon the attorney of
record for each party by mail/by hand

Dated: 2/18/05

Ronald W. Dunbar, Jr.

15

UNITED STATES BANKRUPTCY COURT, DISTRICT OF MASSACHUSETTS
Proceeding Memorandum/Order of Court

In re: Stephen L. Benoit

Case#: 03-10140    Ch: 7

MOVANT/APPLICATNT/PARTIES:
#35 Application By Trustee to employ Special Counsel
#39 Objection by Charles and Maura Weis
#45 Response to Objection
F. Watson, D. Sobol

OUTCOME:

☐ By Agreement of the Parties

_35_ Granted _____ Approved _____ Sustained
_____ Denied _____ Denied without prejudice _____ Withdrawn in open court _____ Overrulled
_____ OSC enforced/released

_____ Continued to: _____ For: _____

_____ Formal order/stipulation to be submitted by: _____
_____ Findings and conclusions dictated at close of hearing incorporated by reference. _____ Date due: _____

_____ Taken under advisement:  Brief(s) due _____ From _____
_____ Fees allowed in the amount of: $ _____ Response(s) due _____ From _____
                                                                                            Expenses of: $ _____

_____ No appearance/response by: _____

_____ DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS:

IT IS SO NOTED:

IT IS SO ORDERED:

_____
Courtroom Deputy

_____ Dated: 03/11/2005
William C. Hillman, U.S. Bankruptcy Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CLERK'S NOTICE

This document can not be scanned due to its size, or the way in which it was bound.

The original is available for viewing in the Clerk's Office.