UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN BENOIT,<br><br>      Plaintiff<br><br>v.<br><br>CHARLES J. WEIS and<br>MAURA WEIS,<br><br>      Defendants | Civil Action No. 04-12718-RCL |

OPPOSITION OF STEPEHN E. SHAMBAN, AS CHAPTER 7 TRUSTEE OF THE
ESTATE OF STEVEN BENOIT, TO DEFENDANTS'
MOTION TO DISMISS AND FOR SANCTIONS

Stephen E. Shamban, as Chapter 7 Trustee of the Estate of Steven Benoit ("Chapter 7 Trustee") respectfully submits this Opposition To Defendants' Motion To Dismiss And For Sanctions.[1] As will be demonstrated herein, the Defendants, Charles J. Weis and Maura Weis, are not entitled to a dismissal of the Complaint and, instead, as more fully set-forth in the accompanying motion to substitute Stephen E. Shamban, as Trustee of the Estate of Steven Benoit, the appropriate remedy is to allow the Chapter 7 Trustee to be substituted as the real party in interest. As

---

[1] Presently pending before this Court is the Plaintiff's motion to extend the time to file a response to the Defendants' Motion to Dismiss and For Sanctions. This Opposition is filed within the time requested within the motion to extend.

ground for his motion, the Chapter 7 Trustee states the following.

1. *Defendants' Motion To Dismiss And For Sanctions* is based on their position that the Plaintiff, Steven Benoit, does not have standing to bring his claims against them.

2. In support of his *Opposition To Defendants' Motion To Dismiss And For Sanctions*, Mr. Benoit hereby incorporates the Chapter 7 Trustee's motion to substitute which demonstrates that Attorney Shamban, as the Chapter 7 Trustee of Mr. Benoit's bankruptcy estate, is the real party in interest and that he does have standing to pursue Mr. Benoit's claims against the Defendants.

3. With respect to the Defendants prayer for sanctions against Mr. Benoit and his counsel, Mr. Benoit respectfully submits that there is no basis for such an award. Dunbar & Rodman LLP had absolutely no knowledge of Mr. Benoit's bankruptcy filing until after it filed the above-captioned complaint. Dunbar & Rodman LLP was notified on January 5, 2005 of the bankruptcy filing by the Chapter 7 Trustee. January 5, 2005 was the first time that Dunbar & Rodman LLP learned that the Plaintiff had ever filed a Chapter 7 petition and that his Chapter 7 case was still open. On January 13, 2005, Attorney Dunbar met with the Chapter 7 Trustee and his counsel to discuss the Plaintiff's claims in the above-captioned case.

4. Moreover, Defendants' counsel has advised Plaintiff's counsel that he would withdraw the Defendants' request for sanctions against Dunbar & Rodman LLP and Attorney Dunbar. See Letter dated March 14, 2005 confirming such agreement at Exhibit "1".

5. With respect to Mr. Benoit, Mr. Benoit did not believe that his bankruptcy petition was still pending and, in fact, he thought it was dismissed because he had received notice that his discharge was denied and that his creditors could still pursue him. As a layman, Mr. Benoit honestly believed that his bankruptcy case had been dismissed. The language contained in the Bankruptcy Court's order would lead a layman to that conclusion. See Bankruptcy Court order denying discharge attached as Exhibit "2."

6. Indeed, Mr. Benoit has continued to pay his creditors after receiving the Bankruptcy Court's order denying his discharge.

7. Based on the foregoing, the Court should deny the *Defendants' Motion To Dismiss And For Sanctions*.

Wherefore, the Plaintiff, Steven Benoit, prays that this Court:

A. Deny *Defendants' Motion To Dismiss And For Sanctions*; and

B. Grant such other relief as the Court deems just.

                                                               Respectfully submitted,

                                                               The Chapter 7 Trustee,
                                                               By his attorney,

Dated:    March 18, 2005

                                                               Ronald W. Dunbar, Jr., BBO#567023
                                                               William R. Bagley Jr., BBO#644575
                                                               DUNBAR & RODMAN LLP
                                                               One Gateway Center  -  Suite 405
                                                               Newton, MA 02458
                                                               (617)244-3550

CERTIFICATE OF SERVICE
I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail by hand

Dated: 3/18/05

Ronald W. Dunbar, Jr.

4

# DUNBAR & RODMAN LLP

ONE GATEWAY CENTER • SUITE 405
NEWTON, MASSACHUSETTS 02458
TEL: (617) 244-3550
FAX: (617) 244-6363
WEB: WWW.DR-LLP.COM

March 14, 2005

**VIA FACSIMILE (401) 553-6850 AND FIRST CLASS MAIL**

William P. Devereaux, Esquire
HOLLAND & KNIGHT LLP
One Financial Plaza, Suite 1800
Providence, R.I. 02865

Re: Benoit v. Weis and Weis, United District Court For the District of Massachusetts
C.A. No. 04-12718-RCL

Dear Attorney Devereaux:

It was a pleasure to meet you on Friday after the hearing in the Bankruptcy Court on the Cape.

This letter is to confirm that you are withdrawing from the Defendants' Motion to Dismiss and For Sanctions ("Motion to Dismiss") your request for sanctions against me and my firm based on my representation to you that I had no knowledge whatsoever of Mr. Benoit's bankruptcy filing at the time I filed the above-captioned case and that I did not become aware of Mr. Benoit's bankruptcy filing until the Chapter 7 Trustee contacted me on January 5, 2005.

After the District Court rules on your Motion to Dismiss (assuming that it will be denied once I remedy the standing issue) I think it would be worthwhile for you and me to discuss Mr. Benoit's claims and your clients' position after I have had an opportunity to review the documents that you have included with your court submissions. In the meantime, would you please fax a copy of the deed to me relative to your clients' purchase of a second home in Cumberland, Rhode Island while Mr. Benoit was finishing their home at 6 Avalon Place?

If you have any questions, please call me.

Sincerely,

Ronald W. Dunbar, Jr.
Cc: Frederick Watson, Esquire (via facsimile)

BOSTON OFFICE
294 WASHINGTON STREET • 4TH FLOOR
BOSTON, MASSACHUSETTS 02108
TEL: (617) 542-7744 • FAX: (617) 542-0526

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: Stephen L. Benoit<br>Debtor, | Chapter: 7<br>Case No: 03–10140<br>Judge William C. Hillman |

## NOTICE OF DENIAL OF DISCHARGE

TO ALL CREDITORS OF Stephen L. Benoit :

By order entered on **MARCH 10, 2004** in Adversary Proceeding No. 03 –1476 , this Court has ordered and declared that the debts of the Debtor, **Stephen L. Benoit** shall not be discharged in the Debtor's bankruptcy case. Therefore, despite the Debtor's bankruptcy filing, creditors are now free to enforce, or to resume enforcing, their claims against the Debtor outside of this bankruptcy case. Creditors' claims against the Debtor are as valid and enforceable as they would have been if the Debtor had not filed a bankruptcy petition. However, be aware that

1. the automatic stay continues to stay acts against property of the bankruptcy estate until either the bankruptcy case is closed or the asset at issue is abandoned, so creditors may not enforce their rights against an asset of the bankruptcy estate until the bankruptcy case is closed, the Chapter 7 Trustee abandons the assets (see 11 U.S.C. § 362(c) and 554), or a creditor seeks and obtains relief from the automatic stay to proceed against the asset; and
2. except for debts of the kinds listed in 11 U.S.C. § 522(c)(1),(2), and (3), creditors may not enforce their claims against assets that the Debtor has exempted under 11 U.S.C. § 522 in the bankruptcy case.

Date:3/10/04

James M. Lynch
Clerk, U.S. Bankruptcy Court

By the Court,

Joan M. Dwyer
Deputy Clerk
(617) 565– 5916