UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEVEN BENOIT,
    Plaintiff

v.       C.A. No. 04-12718 RCL

CHARLES J. WEIS and
MAURA WEIS
    Defendants

## AMENDED ANSWER AND COUNTERCLAIM

Now comes the defendants, Charles J. Weis and Maura Weis by and through their counsel and answer the plaintiff's complaint as follows:[1]

Introductory Paragraph:

This is an introductory paragraph which describes the nature of the cause of action and, therefore, no response is required. If the Court should determine that a response is required, the Defendants, Charles J. Weis and Maura Weis (hereinafter the "Weises "), enter a general denial.

1. The Weises admit the allegations contained in paragraphs 1, 2 and 3 of the plaintiff's complaint.

2. The Weises admit the allegations contained in paragraph 4 of the plaintiff's complaint.

3. The Weises deny the allegations contained in paragraphs 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 23, 24, 25, 27, 28, 29, 30, 32, 33, 34, and 35 of the plaintiff's complaint.

---

[1] Pursuant to an Order entered April 12, 2005, the Court granted the Motion of Stephen E. Shamban, as Chapter 7 Trustee of the Estate of Steven Beniot, to Substitute the Chapter 7 Trustee as the Real Party in Interest. As of the date of filing this pleading, the Chapter 7 Trustee has not amended the complaint to substitute the Chapter 7 Trustee as plaintiff.

## AFFIRMATIVE DEFENSES

The Weises hereby assert the following affirmative defenses:

### First Affirmative Defense

### (Abstention)

The same matter is pending in the Rhode Island Superior Court for the County of Providence and this Court should stay any action until that action is finally resolved.

### Second Affirmative Defense

### (Estoppel)

The Weises are not in privity of contract with the Plaintiff. All of the labor and building supplies were provided by the third parties to Riverton Development Corp. and not to the Plaintiff individually.

### Third Affirmative Defense

### (Fraud)

The Weises were induced to pay certain funds to Riverton Development Corp. by representations made by Riverton and/or Steven Benoit that the funds would be used to pay, among other sub-contractors, including General Builders Supply. General Builders Supply was not paid by Riverton and/or Steven Benoit, but instead, sued the Weises, who were forced to pay to obtain a release of a mechanic's lien on the Weis' property.

### Fourth Affirmative Defense

### (Payment)

The Weises made payments to Riverton for materials which General Builders Supply and others did not receive payment.

### Fifth Affirmative Defense

### (Statute of Frauds)

There is no written agreement between Benoit and the Weises; nor was there any written contract between the Weises and Riverton Development Corp. The only signed document between the Weises and Riverton, signed by Steven Benoit as President of Riverton, warranted to the Weises that all sub-contractors and suppliers had been paid as of October 12, 2000.

### Sixth Affirmative Defense

### (No Personal Jurisdiction)

This Honorable Court lacks personal jurisdiction over each of the Weises.

WHEREFORE, the Weises request this Court to enter judgment in their favor, against the Plaintiff, and to award them their attorney's fees in defending this action, costs of suit and any other relief allowed by law and equity.

### COUNTERCLAIM OF CHARLES J. WEIS AND MAURA WEIS AGAINST STEPHEN E. SHAMBAN, AS CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF STEVEN BENOIT

### COUNT ONE

### (Breach of Contract)

1.  Steven L. Benoit filed a voluntary petition in the Bankruptcy Court for the District of Massachusetts, under Chapter 7 of the U.S. Bankruptcy Code, on January 7, 2003. Stephen E. Shamban is the duly appointed Trustee of the bankruptcy estate of Steven L. Benoit.

2.  Pursuant to an Order entered April 12, 2005, the Court granted the Motion of Stephen E. Shamban, as Chapter 7 Trustee of the bankruptcy estate of Steven Beniot, to Substitute the Chapter 7 Trustee as the Real Party in Interest.

3.   Charles J. Weis and Maura Weis, prior to August, 2000 were residents of the State of New Jersey. Due to Mr. Weis's acceptance of employment with the New England Patriots, he moved to New England in approximately February of 2000. Mrs. Weis and the couple's two children remained in New Jersey until approximately August 17, 2000.

4.   On or about February, 2000, Charles Weis located a buildable lot in the Town of Cumberland on Avalon Place. Weis purchased the lot in April, 2000, and then negotiated with Steven L. Benoit, who represented that he was the President and Owner of Riverton Development Corp. ("Riverton"), to build a home on the lot.

5.   During April of 2000, Benoit agreed with Charles Weis that he would build a home on the subject lot.

6.   Benoit warranted to Weis that the home would be completed before the end of the New England Patriots' summer camp, to wit, the end of August, 2000.

7.   At the end of the Patriots training camp in August of 2000, Benoit had not completed the home and the Weises were then forced to take up residence at a hotel in Foxboro, Massachusetts. Maura Weis drove the couple's two children to school in Cumberland, Rhode Island during this time.

8.   Benoit then repeatedly indicated to Charles Weis that the home would be completed shortly but the home was, in fact, not completed.

9.   Riverton, in September of 2000, indicated to the Weises that he would finish the basement area of the house and the Weises could move into the basement and he then would shortly finish the remainder of the house.

10. The Weises agreed to this and moved into the basement area of the house in reliance upon Benoit's representation that the house would be completed within a very short period of time.

11. After living in the basement for approximately a month, it became clear to the Weises that Benoit was making no good faith effort to complete the house.

12. On or about October 12, 2000, Benoit signed a document, attached hereto as Exhibit A, and warranted that all sub-contractors and suppliers had been paid for their materials and/or labor up to that date and no liens had been filed against the property. Further, Benoit agreed to either finish the house by November 11, 2000 or to purchase the house, outright, from the Weises, at the latest or November 30, 2000, for the amount of $501,467. Benoit further agreed that if he did not finish the house or purchase the house by December 1, 2000, that nothing was owed by the Weises for any labor or materials.

13. On November 30, 2000, the home had not been completed and, in fact, very little work had taken place on the home to bring it to completion. The Weises had since moved out of the basement and were forced to purchase another residence in the Town of Cumberland. To date, the house has still not been completed; Benoit has not purchased the house; and the Weises have learned that General Builders had purportedly filed a lien against the property prior to October 12, 2000, the day Benoit signed a document indicating that no monies were presently due and owing to any party, including Riverton nor had any liens been filed against the property in connection with the construction of the premises.

14. Therefore, the warranties made by Benoit that all sub-contractors and suppliers had been paid by October 12, 2000 and that no lien had been filed against the property were false.

15. Benoit knew that the representations were false when made, or he made them with reckless disregard of whether they were true or false.

16. The Weises reasonably relied upon Benoit's representations.

17. The Weises have further suffered damages in that they were forced to occupy a hotel room in Foxboro, Massachusetts for approximately four weeks; they were forced to purchase another home in Cumberland and to make mortgage payments on the home in Cumberland as well as carrying payments on the construction loan on the unfinished home on Avalon Court.

18. Steven Benoit breached the contract with the Weises to build a home on 6 Avalon Place and have it finished by November 11, 2000.

19. Benoit also breached the agreement of October 12, 2000 by failing to purchase the house from the Weises by, at the latest, November 30, 2000.

20. Benoit also breached the warranties and agreements made with the Weises on October 12, 2000 that all sub-contractors and suppliers had been paid; that no monies were owed to any parties; and that no liens had been filed against the premises.

WHEREFORE, the Weises request the following relief from this Court:

- that Steven E. Shamban as the duly appointed Trustee of the bankruptcy estate of Steven L. Benoit make an accounting to the Court for all funds paid to him by Benjamin Franklin Savings Bank, the Weises and any others, for labor and materials for the house at 6 Avalon Place; and account for any sums paid by him to any sub-contractors and suppliers;

- that the Weises be awarded monetary damages for hotel and commuting expenses for the period of time they were forced to live in a hotel in Foxboro, Massachusetts;

- that the Weises be awarded monetary damages for having to purchase a new home in Cumberland which included the cost of a mortgage application, closing costs, and the extra mortgage payments incurred by the Weises while waiting for the completion and sale of the premises at Avalon Place;
- any other further relief allowed pursuant to law and/or equity.

## COUNT TWO

### (Fraud: Intentional Misrepresentation)

21.     The Weises hereby incorporate paragraphs 1 through 20 of Count One as if fully set forth in this Count Two.

22.     The Weises reasonably relied upon the representations made by Benoit that the home would be completed by the end of August, 2000; thereafter, that the home would be completed within a short period of time; that the home would be completed by November 11, 2000; that Benoit and/or Riverton would purchase the home no later than November 30, 2000; that as of October 12, 2000, no monies were presently due and owing to any party, including Riverton, in connection with the construction of the premises; that Riverton would not place or cause to be place or allowed to be placed any mechanic's lien or materialsmen's lien against the premises; and that Riverton would be solely responsible for any costs associated with completing the construction of the premises.

23.     The Weises reasonably relied upon these representations when made. The representations when made were false and Benoit knew the representations were false at the time they were made.

24.     As a proximate result of the false representations of Benoit, the Weises suffered damages.

WHEREFORE, the Weises request the following relief from this Court:

- that Steven E. Shamban as the duly appointed Trustee of the bankruptcy estate of Steven L. Benoit make an accounting to the Court for all funds paid to him by Benjamin Franklin Savings Bank, the Weises and any others, for labor and materials for the house at 6 Avalon Place; and account for any sums paid by him to any sub-contractors and suppliers;

- that the Weises be awarded monetary damages for hotel and commuting expenses for the period of time they were forced to live in a hotel in Foxboro, Massachusetts;

- that the Weises be awarded monetary damages for having to purchase a new home in Cumberland which included the cost of a mortgage application, closing costs, and the extra mortgage payments incurred by the Weises while waiting for the completion and sale of the premises at Avalon Place;

- any other further relief allowed pursuant to law and/or equity.

## COUNT THREE

### (Fraud/Negligent Misrepresentation)

25.  The Weises hereby incorporate paragraphs 1 through 24 of Counts One and Two as if fully set forth in this Count Three.

26.  Benoit made these representations to the Weises with reckless disregard of whether they were true or false.

27.  The Weises reasonably relied upon the representations made by Benoit.

28.  As a proximate result of the misrepresentations made to the Weises, the Weises have suffered monetary damages.

WHEREFORE, the Weises request the following relief from this Court:

- that Steven E. Shamban as the duly appointed Trustee of the bankruptcy estate of Steven L. Benoit make an accounting to the Court for all funds paid to him by Benjamin Franklin Savings Bank, the Weises and any others, for labor and materials for the house at 6 Avalon Place; and account for any sums paid by him to any sub-contractors and suppliers;

- that the Weises be awarded monetary damages for hotel and commuting expenses for the period of time they were forced to live in a hotel in Foxboro, Massachusetts;

- that the Weises be awarded monetary damages for having to purchase a new home in Cumberland which included the cost of a mortgage application, closing costs, and the extra mortgage payments incurred by the Weises while waiting for the completion and sale of the premises at Avalon Place;

- any other further relief allowed pursuant to law and/or equity.

## COUNT FOUR

### (Violation of Mass. Gen. L. c. 93A, §§ 2, 11)

29.    The Weises reallege and reassert paragraphs 1 through 28 of Counts One, Two, and Three as if fully set forth in this Count Four.

30.    At all times relevant hereto, the plaintiff was engaged in trade or commerce. Benoit's unjustified refusal to honor its contractual obligations under the contract constitutes a violation of Massachusetts law. Furthermore, these actions constitute unfair or deceptive acts or practices within the meaning of Mass. Gen. L. c. 93A, § 2.

31.    Benoit's actions described herein were performed willfully and knowingly. As a result of the above-described unfair or deceptive acts or practices, the Weises sustained injury.

WHEREFORE, the Weises request the following relief from this Court:

- Enter judgment for the Weises against Steven E. Shamban as the duly appointed Trustee of the bankruptcy estate of Steven L. Benoit;

- Award damages to the Weises in an amount to be determined by the Court;

- Award multiple damages to the Weises pursuant Mass. Gen. L. c. 93A;

- Award interest, costs, and attorneys' fees to the Weises; and

- Award such other relief as this Court deems just and proper.

Respectfully submitted,

Charles J. Weis and Maura Weis,

By Their Attorneys,

HOLLAND & KNIGHT LLP

_____
William P. Devereaux, Esquire (# 122220)
Stephen A. Izzi, Esquire (#547488)
Robert J. Crohan Jr., Esquire (#652965)
One Financial Plaza, Suite 1800
Providence, Rhode Island 02903
Telephone: (401) 751-8500
Facsimile: (401) 553-6850

### CERTIFICATION

The undersigned hereby certifies that a true copy of the within document was forwarded via first class mail, postage prepaid, to Ronald W. Dunbar, Jr., Esquire, Dunbar & Rodman, LLP, One Gateway Center, Suite 405, Newton, Massachusetts 02458 on this 27th day of September, 2005.

_____

# 3255660_v2

10

## Addendum to Purchase and Sale Agreement
## Dated October 12, 2000 Between
## Riverton Development Corporation and Charles Weis

1. Riverton Development Corporation ("Riverton") is in the process of completing the construction of a single family dwelling at 6 Avalon Place, Cumberland, Rhode Island (the "Premises"). Riverton agrees with and warrants to Charles Weis that no monies are presently due and owing to any party, including Riverton, in connection with the construction of the Premises. Riverton will complete the construction of the Premises in a timely and workmanlike manner utilizing the same construction techniques and quality of materials previously used in the construction. Riverton agrees with and warrants to Charles Weis that Riverton will complete the construction of the Premises at no cost to Charles Weis. Riverton agrees with and warrants to Charles Weis that it will not place, cause to be placed or allow to be placed, any mechanics lien or materialmen's lien on or against the Premises. Riverton agrees with and warrants to Charles Weis that it will be solely responsible for any costs associated with completing the construction of the Premises.

2. Time is of the essence in this transaction. In the event that the closing described in Paragraph 8 of the Purchase and Sale Agreement does not take place on November 11, 2000, then the closing must take place on or before December 1, 2000. In the event the closing does not take place on or before December 1, 2000, the Purchase and Sale Agreement shall be null and void, except for the representations contained in Paragraph 1 above.

3. The Buyer acknowledges that the Buyer has not been influenced to enter into this transaction nor has he relied upon any warranties or representations not set forth or incorporated in this agreement or previously made in writing by the Seller.

Dated: October 12, 2000

Riverton Development Corporation

_____
Steven Benoit
President
~~Seller~~ Buyer

_____
Charles Weis
~~Buyer~~ Seller